LAW OFFICES OF MALLISON & MARTINEZ
Stan S. Mallison  (SBN 184191)
   stanm@mallisonlaw.com
Hector R. Martinez  (SBN 206336)
   hectorm@mallisonlaw.com
1042 Brown Avenue
Lafayette,  CA 94549
Telephone: (925) 283-3842
Facsimile:  (925) 283-3426

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
David A. Rosenfeld (SBN 058163)
   drosenfeld@unioncounsel.net
William A. Sokol (SBN 72740)
   bsokol@unioncounsel.net
1001 Marina Village Parkway, Suite 200
Alameda, CA 94501-1091
Telephone: (510) 337-1001
Facsimile:  (510) 337-1023

MILBERG LLP
Jeff S. Westerman  (SBN 94559)
   jwesterman@milberg.com
Sabrina Kim  (SBN 186242)
   skim@milberg.com
One California Plaza
300 South Grand Ave., Suite 3900
Los Angeles, CA 90071
Telephone: (213) 617-1200
Facsimile:  (213) 617-1975

Attorneys for Plaintiffs
SILVESTRE SOTO and OLGA GALVAN

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| SILVESTRE SOTO and OLGA GALVAN, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> CASTLEROCK FARMING and TRANSPORT, INC., and DOES 1-20, <br><br> Defendants. | Case No. <br><br> CLASS ACTION COMPLAINT FOR: <br> 1.   Violation of the Agricultural Workers Protection Act, 29 USC § 1801 *et seq*.; <br> 2.   Failure to Pay Wages; <br> 3.   Failure to Pay Reporting Time Wages; <br> 4.   Failure to Provide Rest Periods and Meal Periods; <br> 5.   Failure to Pay Wages of Terminated or Resigned Employees; <br> 6.   Knowing and Intentional Failure to Comply with Itemized Employee Wage Statement Provisions; <br> 7.   Labor Code § 2699 *et seq*.; <br> 8.   Breach of Contract; and <br> 9.   Violation of Unfair Competition Law <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiffs SILVESTRE SOTO and OLGA GALVAN bring this action against CASTLEROCK FARMING and TRANSPORT, INC., and DOES 1-20 (collectively "Defendants"), on behalf of themselves, all others similarly situated, and the general public, and allege upon information and belief, which is based upon the investigation of their counsel, except as to the allegations concerning Plaintiffs, which are made upon Plaintiffs' personal knowledge, as follows:

## JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction based on federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1854, covering claims arising under the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"), 29 U.S.C. § 1801 *et seq.*

2.      This Court has supplemental jurisdiction over the California state law and contract claims under 28 U.S.C. § 1367, because these claims are so related to the federal claims that they form part of the same case and controversy under Article III of the U.S. Constitution.

3.      This Court is empowered to grant declaratory relief pursuant to 28 U.S.C. § 2201.

4.      Venue is proper in the Eastern District of California pursuant to 28 U.S.C. § 1391 because this District is the district in which the defendants reside and a district in which a substantial part of the events or omissions giving rise to the claims occurred.

## INTRADISTRICT ASSIGNMENT

5.      This case is properly assigned to the Fresno Division of this Court because the action arose in Tulare and Kern Counties, California.  Local Rule 3-120(d).

## PARTIES

### Plaintiffs

6.      Named Plaintiffs SILVESTRE SOTO and OLGA GALVAN are residents of Kern County, California.  Plaintiffs are or were agricultural workers, within the meaning of 29 U.S.C. § 1802(10), and are or were employed, within the meaning of 29 U.S.C. § 1802(3), by one or

- 1 -

CLASS ACTION COMPLAINT

Case No.
DOCS\469678v1

1   more of the Defendants to work in agricultural operations in or near Kern or Tulare Counties at

2   various times from 2001 to the present.

3        7.      Plaintiff SILVESTRE SOTO is a resident of Kern County, California.  At relevant

4   times herein, he has been employed by CASTLEROCK FARMING AND TRANSPORT, INC.

5   ("CASTLEROCK") as an employee on land owned, leased, and/or operated by CASTLEROCK

6   in and around Kern County, California, and has been employed by CASTLEROCK as a non-

7   exempt employee.   Plaintiff SILVESTRE SOTO was hired pursuant to oral contracts of

8   employment entered into within the counties covered by Intradistrict Venue in Fresno Division

9   of the Eastern District pursuant to Local Rule 3-120.   During the relevant time period

10  SILVESTRE SOTO worked for CASTLEROCK within the Intradistrict Venue of the Fresno

11  Division of the Eastern District, performing agricultural work at various times during the Class

12  Period through November 2003, punctuated by seasonal and other types of lay-offs at agreed-

13  upon hourly and/or piece wage rates that varied over his period of employment.

14       8.      Plaintiff OLGA GALVAN is a resident of Kern County, California.  At relevant

15  times herein, she has been employed by CASTLEROCK as an employee on land owned, leased,

16  and/or operated by CASTLEROCK in and around Kern County, California, and has been

17  employed by CASTLEROCK as a non-exempt employee.  Plaintiff OLGA GALVAN was hired

18  pursuant to oral contracts of employment entered into within the counties covered by Intradistrict

19  Venue in Fresno Division of the Eastern District pursuant to Local Rule 3-120.   During the

20  relevant time period, including during the summer of 2005, OLGA GALVAN worked for

21  CASTLEROCK within the Intradistrict Venue of the Fresno Division of the Eastern District,

22  performing agricultural work at various times during the Class Period through November 2003,

23  punctuated by seasonal and other types of lay-offs, at agreed-upon hourly and/or piece wage

24  rates that varied over her period of employment.

25       9.      Plaintiffs and the Class they seek to represent, as Defendants' employees, were

26  regularly subjected to, or had personal knowledge of the violations described in this Complaint.

27

28

- 2 -
CLASS ACTION COMPLAINT

Case No.
DOCS\469678v1

**Defendants**

10.    At all times relevant, Defendant CASTLEROCK has been a California corporation, which conducted and conducts business in Kern and Riverside Counties and maintains a business address of Route 2, Box 299, Delano, California 93215, California. CASTLEROCK's agent for service of process is Albert L. Good.   At all times relevant, CASTLEROCK owned, controlled, or operated a business or establishment that employed persons within the meaning of IWC Order No. 14, 8 Cal. Code of Regs. § 11140, and operated as an employer or joint employer of Class members in this case.  During all relevant times alleged herein, CASTLEROCK employed Plaintiffs SILVESTRE SOTO, OLGA GALVAN, and similarly situated persons as non-exempt employees and committed the acts complained of herein in California and in this District.

11.    Plaintiffs are informed and believe, and based thereon allege, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan, or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants.  "Defendants" herein means each of the defendants as well as all of them.

## FACTUAL BACKGROUND

12.    This is a Class Action pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 23 to vindicate rights afforded the class by the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"), 29 U.S.C. § 1801 *et seq.*, the California Labor Code, and California Business and Professions Code § 17200 *et seq.*  This action is brought on behalf of Plaintiffs and members of the Plaintiff Class comprising all non-exempt agricultural, packing shed, and storage cooler employees employed, or formerly employed, by each of the Defendants within the State of California.  The action seeks recovery for wages, compensation, and other relief due and owing to Plaintiffs and the Plaintiff Class members under federal and California laws for the maximum period allowed to the present (the "Class Period"), all as set out below.

- 3 -
CLASS ACTION COMPLAINT

Case No.
DOCS\469678v1

13.     The claims of this lawsuit spring from a pattern of employer misconduct and wrongdoing that has characterized the labor system in much of the table grape industry, where unpaid and improperly paid labor, as alleged herein, are commonplace and regular practices. The Defendants herein include some of the largest growers of table grapes in California.  The unlawful practices and policies alleged are widespread and entrenched in the industry.  The practices of the industry are uniform, or nearly uniform among many of the major grape growers, at least in part due to grower organizations that spread improper employment practices.  The following paragraphs detail specific violations of law comprising the wage-related claims.

14.     For at least four years prior to the filing of this action and through to the present CASTLEROCK consistently maintained and enforced against its non-exempt agricultural and/or packing shed/cooler employees, among others, the following unlawful practices and policies, in violation of California state wage and hour laws:

(a)     forcing employees to work pre-shift and post-shift "off the clock" time without compensation;

(b)     forcing employees to work a second shift of home-work without compensation and without split shift pay, or in the alternative, failing to pay for travel time and incurred expenses;

(c)     forcing employees to purchase tools from the employer or otherwise supply their own tools;

(d)     failing to pay minimum wages;

(e)     failing to pay double minimum wage to employees who provide or are required to purchase their own tools;

(f)     failing to provide non-exempt employees rest periods of at least (10) minutes per four (4) hours worked or major fraction thereof and failing to pay such employees one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided, as required by California state wage and hour laws;

- 4 -
CLASS ACTION COMPLAINT

Case No.
DOCS\469678v1

1    (g) requiring non-exempt employees to work at least five (5) hours without a
2 meal period and failing to pay such employees one (1) hour of pay at the employee's regular rate
3 of compensation for each workday that the meal period is not provided;

4    (h) requiring employees to report to work and if an employee did report for
5 work, but was not put to work or was furnished with less than half said employee's usual or
6 scheduled day's work, paid the employee less than half the usual or scheduled day's work at the
7 employee's regular rate of pay and/or less than the legal minimum;

8    (i) failing to provide employees with accurate itemized wage statements; and

9    (j) failing to maintain accurate time-keeping records.

10  15. Plaintiffs, on behalf of themselves and all other non-exempt employees employed
11 by, or formerly employed by Defendants (hereinafter referred to as "Class Members"), bring this
12 action pursuant to California Labor Code §§ 201, 202, 203, 204, 205.5, 214, 216, 218, 218.6,
13 221, 226, 226.7, 512, 1174, 1194, 1194.2, 1197, and 1199, 2802 and Business & Professions
14 Code §§ 17200 *et seq.* seeking unpaid wages, double minimum wages, unpaid rest and meal
15 period compensation, split shift pay, indemnification for employee expenses, statutory penalties,
16 liquidated damages, declaratory, injunctive and other equitable relief, reasonable attorneys' fees
17 and costs of suit, injunctive relief, declaratory relief, restitution, and disgorgement of all profits
18 or benefits retained by Defendants as a result of their failure to comply with the above laws.
19 Plaintiffs have followed the procedural requirements detailed in Labor Code § 2698 *et seq.* and,
20 therefore, also seek civil penalties on behalf of themselves and the State of California.

21  16. Plaintiffs, on behalf of themselves and all Class Members, pursuant to AWPA, 29
22 U.S.C. § 1801 *et seq.* seek declaratory relief, statutory damages, actual damages, interest, and
23 injunctive relief.

24  17. Plaintiffs allege that Defendants, and each of them, are employers with respect to
25 any Plaintiffs or Class Members for whom Defendants used the services of a farm labor
26 contractor.

27

28

- 5 -
CLASS ACTION COMPLAINT

Case No.
DOCS\469678v1

18.     On information and belief, Defendants were on notice of the improprieties alleged herein by their employees, Plaintiffs and the Class Members they seek to represent, and intentionally refused to rectify their unlawful policies.

19.     Defendants' requirement that non-exempt employees work "off the clock" and without compensation, work through meal and rest periods without paying legal compensation for failure to provide rest or meal periods, in addition to the other violations alleged above, during all relevant times herein was willful and deliberate.

20.     Defendants have made it difficult to account with precision for the unlawfully withheld wages due Defendants' non-exempt employees, including Plaintiffs, during all relevant times herein, because they have not implemented a record-keeping method to record all hours worked and wages earned by their employees as required for non-exempt employees by California Labor Code §§ 226 and 1174(d).

21.     Defendants have failed to comply with California Labor Code § 226(a) by itemizing in wage statements all wages earned and accurately reporting total hours worked by Plaintiffs and the Class Members of the proposed class.  Plaintiffs and Class Members are therefore entitled to statutory penalties not to exceed $4,000 for each employee pursuant to Labor Code § 226(e).

## **CLASS ACTION ALLEGATIONS**

22.     Plaintiffs bring this action on behalf of themselves and all others similarly situated as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.  Plaintiffs seek to represent the following Class, composed of, and defined, as follows:

> All persons who are employed or have been employed or jointly employed by CASTLEROCK in the State of California who, within four (4) years of the filing of the Complaint in this case, have worked as non-exempt hourly and/or piece-rate employees.

23.     Plaintiffs may amend the above class definitions as permitted or required by this Court.  This action has been brought and may properly be maintained as a class action under the

- 6 -
CLASS ACTION COMPLAINT

1  provisions of Rule 23 Federal Rules of Civil Procedure because there is a well-defined
2  community of interest in the litigation and the proposed Class is easily ascertainable.

3  **Numerosity**

4       24.     The potential members of the above class as defined are so numerous that joinder
5  of all the members of the Class is impracticable.  While the precise number of members of each
6  class has not been determined at this time, Plaintiffs are informed and believe that each class
7  consists of several hundred to several thousand employees, the vast majority of them in the State
8  of California, in positions as non-exempt employees dispersed throughout this Judicial District,
9  and who are or have been affected by the unlawful practices as alleged herein.

10      25.     Accounting for employee turnover during the relevant periods necessarily
11 increases this number substantially.  On information and belief, Plaintiffs allege the Defendants'
12 employment records will provide information as to the number and location of the members of
13 the Class.  Joinder of all members of the proposed Class is not practicable.

14 **Commonality**

15      26.     There are questions of law and fact common to the Class predominating over any
16 questions affecting only individual Class Members.  These common questions of law and fact
17 include, without limitation:

18           (a)     Whether Defendants violated California Labor Code and applicable wage
19 orders by not compensating non-exempt employees for all hours worked;

20           (b)     Whether Defendants violated California Labor Code and applicable wage
21 orders by compensating non-exempt employees at hourly wage rates below the minimum wage
22 rate;

23           (c)     Whether Defendants violated California Labor Code and applicable wage
24 orders by requiring non-exempt employees to report to work and when they did report for work,
25 but were not put to work or were furnished less than half their usual or scheduled day's work,
26 paying them less than half the usual or scheduled day's work at their regular rate of pay;

27

28
                                        - 7 -
                              CLASS ACTION COMPLAINT
Case No.
DOCS\469678v1

1          (d)      Whether Defendants violated California Labor Code and applicable wage

2  orders by failing to provide daily rest periods to non-exempt employees for every four hours or

3  major fraction thereof worked and failing to compensate said employees one hour's wages in lieu

4  of rest periods;

5          (e)      Whether Defendants violated California Labor Code and applicable wage

6  orders by failing to provide a meal period to non-exempt employees on days they worked work

7  periods in excess of five hours and failing to compensate said employees one hour's wages in

8  lieu of meal periods;

9          (f)      Whether Defendants violated California Labor Code and applicable wage

10  orders by failing to, among other violations, maintain accurate records of employees' earned

11  wages and work periods, itemize in wage statements all hours worked and wages earned, and

12  accurately maintain records pertaining to Plaintiffs and the Class they seek to represent;

13          (g)      Whether Defendants violated California Labor Code and applicable wage

14  orders by failing to pay all earned wages and/or premium wages due and owing at the time that

15  any Class member's employment with Defendants terminated;

16          (h)      Whether Defendants violated § 17200 *et seq.* of the California Business

17  and Professions Code by unlawfully deducting wages, failing to indemnify employees, or failing

18  to pay wages to non-exempt employees and converting same to Defendants' own use; unlawfully

19  requiring employees to work "off the clock" without compensation and converting same to

20  Defendants' own use; unlawfully requiring non-exempt employees to work at hourly wage rates

21  below the minimum wage and converting same to Defendants' own use; unlawfully requiring

22  non-exempt employees to report to work and when they did report for work, but were not put to

23  work or were furnished less than half their usual or scheduled day's work, paying them less than

24  half the usual or scheduled day's work at their regular rate of pay and converting same to

25  Defendants' own use; unlawfully requiring employees to work split shifts without paying non-

26  exempt employees one hour's pay at the minimum wage for each workday they work a split shift

27  and converting same to Defendants' own use; failing to provide rest and meal periods without

- 8 -

28

Case No.
DOCS\469678v1

compensating non-exempt employees one hour's pay for each instance such periods were not provided and converting same to Defendants' own use; failing to pay wages and compensation for denied rest and meal period compensation due and owing at the time a Class Member's employment with Defendants terminated; and failing to keep accurate records causing injury to employees;

(i)     Whether Defendants violated § 17200 *et seq*. of the Business and Professions Code by violating the fundamental public policy underlying the California Labor Code and applicable wage orders.

(j)     Whether Plaintiffs and the Class Members are entitled to declaratory, injunctive and other equitable relief pursuant to Business and Professions Code § 17200, *et seq*.; and

(k)     Whether Plaintiffs and the Class Members are entitled to damages, restitution, statutory penalties, declaratory, injunctive and declaratory relief, attorney's fees and costs, and other relief pursuant to the California Labor Code, the applicable wage orders, and Business and Professions Code § 17200, *et seq*.

**Typicality**

27.     The claims of the named Plaintiffs are typical of the claims of the Class. Plaintiffs and all members of the Class sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of California laws, regulations, and statutes as alleged herein.

**Adequacy of Representation**

28.     Plaintiffs will fairly and adequately represent and protect the interests of the members of the Class.  Counsel who represent Plaintiffs are competent and experienced in litigating large employment class actions.

**Superiority of Class Action**

29.     A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class Members is not practicable, and

- 9 -

1   questions of law and fact common to the Class predominate over any questions affecting only

2   individual members of the Class.  Each member of the proposed Class have been damaged and is

3   entitled to recovery by reason of Defendants' unlawful policy and/or practice of failing to

4   compensate Class Members for all wages earned and engaging in the unlawful practices herein

5   complained of, and denying Class Members rest and meal periods without legal compensation.

6          30.    No other litigation concerning this controversy has been commenced by or against

7   class members.

8          31.    Class action treatment will allow those similarly situated persons to litigate their

9   claims in the manner that is most efficient and economical for the parties and the judicial system.

10  It is unlikely that individual class members have any interest in individually controlling separate

11  actions in this case.   Class members' lack of knowledge of the legal system and limited

12  economic resources would deprive most class members of the practical opportunity to pursue

13  their claims were this class action not certified.

14         32.    Plaintiffs are unaware of any difficulties that are likely to be encountered in the

15  management of this action that would preclude its maintenance as a class action.  The benefits of

16  maintaining this action on a class basis far outweigh any administrative burden in managing the

17  class action.   Conducting the case as a class action would be far less burdensome than

18  prosecuting numerous individual actions.

19                              **CLAIMS FOR RELIEF**

20                              **FIRST CLAIM OF RELIEF**
21                              **Violation of AWPA**

22         33.    Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

23         34.    Defendants intentionally violated Plaintiffs' and the Class Members' rights under

24  AWPA by:

25                 (a)    providing false and misleading information regarding the terms and

26  conditions of employment of Plaintiffs, in violation of 29 U.S.C. § 1831(e);

27

28

- 10 -

CLASS ACTION COMPLAINT

(b) violating the terms of the working arrangement made with Plaintiffs in California, in violation of 29 U.S.C. § 1832(c); these working arrangements are contained in the IWC Wage Orders which are required to be and, actually are posted and communicated by Defendants to Plaintiffs as required by the IWC Wage Orders;

(c) failing to pay wages when due for unpaid off-the-clock time, for missed rest periods, for missed meal periods, for reporting time in violation of 29 U.S.C. § 1832(a); and

(d) failing to provide workers with accurate itemized written statements which include the correct number of hours worked; the correct total pay period earnings; and the correct net pay in violation of 29 U.S.C. § 1831(c).

35. Plaintiffs allege that Defendants communicated the terms of employment with the Class by posting IWC Wage Orders on the job site which enumerated specific obligations of the employer with regard to working conditions required by state law, and in particular with regard to: the payment of minimum wages; payment of reporting time pay; recording keeping requirements; provision of meal periods; provision of rest periods; and application of penalties. The Defendants also communicated a wage and piece rate to employees in a variety of ways including on wage statements.  This wage rate was not complied with  due to the underpayments described in this complaint.  These terms constituted the communicated working arrangement with these employees, which was systemically violated.

36. For each violation of AWPA, each Class Member is  entitled to recover his or her actual damages or up to $500 per violation in statutory damages.  29 U.S.C. § 1854.

## SECOND CLAIM OF RELIEF
### Failure to Pay Wages

37. Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

38. On information and belief, by their intentional policy of:

(a) requiring employees to work "off the clock" by, for example, arriving early for set up, attending trainings and other meetings, and requiring employees to clean their bandejas (trays) at home without compensation;

- 11 -

1         (b)     requiring employees to work at hourly wage or piece rates below

2 minimum wage;

3         (c)     requiring employees to report to work and when the employee does report

4 for work, but is not put to work or is furnished less than half said employee's usual or scheduled

5 day's work, paying the employee less than half the usual or scheduled day's work at the

6 employee's regular rate of pay or less than the legal minimum;

7         (d)     requiring employees to work split shifts without paying employees one

8 hour's pay at the minimum wage for each workday they work a split shift;

9         (e)     requiring employees to work without being provided a minimum ten (10) -

10 minute rest period for every four (4) hours or major fraction thereof worked and not being

11 compensated one (1) hour of pay at the employee's regular rate of compensation for each

12 workday that a rest period was not provided;

13         (f)     requiring employees to work in excess of five (5) hours per day without

14 being provided a meal period and not being compensated one (1) hour of pay at the regular rate

15 (or minimum wage) of compensation for each workday that a meal period was not provided;

16         (g)     failing to pay at least two times the minimum wage to employees whom

17 they required to provide and maintain hand tools;

18         (h)     failing to provide and maintain tools or equipment required by the

19 Defendants or necessary to the performance of the jobs performed;

20         (i)     requiring employees to purchase tools from the Defendants and/or

21 maintain tools and equipment; and

22         (j)     failing to pay all wages due at employee's voluntary or involuntary

23 termination.

24 Defendants willfully violated the provisions of the Labor Code, other California laws, and IWC

25 Wage Orders.

26

27

28

CLASS ACTION COMPLAINT

Case No.
DOCS\469678v1

39.     Defendants failed to pay minimum wage "for all hours worked."  In particular, Plaintiffs and the class were forced to work "off the clock" time without compensation by being forced to clock out and return to work through meal periods.

40.     California Labor Code § 1197, entitled "Pay of Less Than Minimum Wage" states:

> The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful.

41.     The applicable minimum wages fixed by the commission for agricultural workers is found in Wage Orders 8-2001, 13-2001 and 14-2001, which state:

> 4.  Minimum Wages.
>
> (A) Every employer shall pay to each employee wages not less than six dollars and twenty-five cents ($6.25) per hour for all hours worked, effective January 1, 2001, and not less than six dollars and seventy five cents ($6.75) per hour for all hours worked effective January 1, 2002, except:
>
> (1) LEARNERS: Employees during their first one-hundred and sixty (160) hours of employment in occupations in which they have no previous similar or related experience, may be paid not less than eighty-five (85) per cent of the minimum wage rounded to the nearest nickel.

42.     The minimum wage provisions of California Labor Code are enforceable by private civil action pursuant to California Labor Code § 1194(a) which states:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees and costs of suit.

43.     As described in California Labor Code § 1185 and § 1194.2, any such action incorporates the applicable wage order of the California Labor Commission.

- 13 -
CLASS ACTION COMPLAINT

44.     California Labor Code § 1194.2 also provides for the following remedies:

> (a) In any action under Section 1194 . . . to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

45.     As such, Plaintiffs, individually and on behalf of the Class, may bring this action for minimum wage and overtime, interest, costs of suit, and attorney's fees pursuant to § 1194(a), and Plaintiffs and the Class are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon pursuant to California Labor Code § 1194.2(a).

46.     The above violations constitute predicate acts for a failure to pay wages when due pursuant to AWPA.  Further as violations of the IWC Wage Orders communicated to employees, this cause of action constitutes a violation of the AWPA "working arrangement" provisions.

## THIRD CLAIM OF RELIEF

### Failure To Pay Reporting Time Wages
### (California Labor Code §§ 1197, 1194(a), 1194.2, IWC Wage Orders and others)

47.     Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

48.     Defendants failed to pay reporting time wages.  In particular, Plaintiffs and the Class Members were forced to comply with work schedules that required them to report to work and were furnished with less than half said employees' usual or scheduled day's work.

49.     California Labor Code § 1197, entitled "Pay of Less Than Minimum Wage" states:

> The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful.

50.     The applicable split shift minimum wages fixed by the commission for agricultural workers are found in Wage Orders 8-2001(5)(A) and (B), 13-2001(5)(A) and (B), and 14-2001(5)(A) and (B), which state:

- 14 -

Case No.
DOCS\469678v1

(A) Each workday an employee is required to report for work and does report, but is not put to work or is furnished less than half said employee's usual or scheduled day's work, the employee shall be paid for half the usual or scheduled day's work, but in no event for less than two hours nor more than four hours, at the employee's regular rate of pay, which shall not be less than the minimum wage.

(B) If an employee is required to report for work a second time in any one workday and is furnished less than two hours of work on the second reporting, said employee shall be paid for two hours at the employee's regular rate of pay, which shall not be less than the minimum wage.

51.     The definition of "shift" is defined in Wage Order 14-2001(2)(O), which states:

"Shift" means designated hours of work by an employee, with a designated beginning time and quitting time.

52.     The minimum wage provisions of California Labor Code are enforceable by private civil action pursuant to California Labor Code § 1194(a) which states:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees and costs of suit.

53.     As described, in California Labor Code § 1185 and § 1194.2, any such action incorporates the applicable wage order of the California Labor Commission.

54.     California Labor Code § 1194.2 also provides for the following remedies:

In any action under Section 1194 . . . to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

55.     As such, Plaintiffs, individually and on behalf of the Class, may bring this action for minimum wage and overtime, interest, costs of suit, and attorney's fees pursuant to § 1194(a), and Plaintiffs and the Class are entitled to recover liquidated damages in an amount

- 15 -

CLASS ACTION COMPLAINT

Case No.
DOCS\469678v1

1   equal to the wages unlawfully unpaid and interest thereon pursuant to California Labor Code

2   § 1194.2.

3       56.     A violation of the reporting time provisions constitutes a failure to pay "wages

4   due" and therefore constitutes an AWPA violation pursuant to California law.  Further, these

5   reporting time provisions were communicated to employees by posting of the IWC Wage Orders

6   on the worksite making the above violations a predicate violation of AWPA's "working

7   arrangement" provision.

8                              **FOURTH CLAIM OF RELIEF**
         **Failure to Provide Rest Periods and Meal Periods or Compensation**
9                  **in Lieu Thereof (Lab. Code, §§ 226.7, 512)**

10      57.     Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

11      58.     Plaintiffs allege that the class members worked for periods of more than five

12  hours without a meal period of 30 minutes and were not provided full statutory ten minute rest

13  periods while in the employ of Defendants.

14      59.     California Labor Code § 226.7 states:

15          (a) No employer shall require any employee to work during any meal
            or rest period mandated by an applicable order of the Industrial
16          Welfare Commission.

17          (b) If an employer fails to provide an employee a meal period or rest
            period in accordance with an applicable order of the Industrial Welfare
18          Commission, the employer shall pay the employee one additional hour
            of pay at the employee's regular rate of compensation for each work
19          day that the meal or rest period is not provided.

20

21      60.     The applicable wage orders issued by the Industrial Welfare Commission state

22  with regard to meal periods:

23          Every employer shall authorize and permit all employees after a work
            period of not more than five (5) hours to take a meal period of not less
24          than thirty (30) minutes, except that when a work period of not more
            than six (6) hours will complete the day's work, the meal period may
25          be waived by mutual consent of employer and employee.  Unless the
            employee is relieved of all duty during a 30 minute meal period, the
26          meal period shall be considered an "on duty" meal period and counted
            as time worked.  An "on duty" meal period shall be permitted only
27          when the nature of the work prevents an employee from being relieved

                                         - 16 -

28  ─────────────────────────────────────────────────
    Case No.                      CLASS ACTION COMPLAINT
    DOCS\469678v1

1   of all duty and when by written agreement between the parties an on-
    the-job paid meal period is agreed to.

2   A similar provision is contained at California Labor Code § 512.

3

4   61.    The applicable Wage Orders state in regard to breaks:

5          Every employer shall authorize and permit all employees to take rest
           periods, which insofar as practicable shall be in the middle of each
           work period. The authorized rest period time shall be based on the

6          total hours worked daily at the rate of ten (10) minutes net rest time
           per four (4) hours or major fraction thereof. However, a rest period

7          need not be authorized for employees whose total daily work time is
           less than three and one-half (3 1/2) hours.  Authorized rest period time

8          shall be counted as hours worked for which there shall be no deduction
           from wages.

9

10  62.    Therefore, Defendants violated California Labor Code § 226.7 by failing to

11  provide the meal and rest periods mandated by Labor Code § 226.7 and the applicable wage

12  orders, and by failing to provide one hour pay at the employees' regular rate of compensation for

13  each work day that the meal period was not provided and one hour pay at the employees' regular

14  rate of compensation for each work day that the rest period is not provided.

15  63.    On information and belief, Plaintiffs and the Class Members they seek to

16  represent did not voluntarily or willfully waive rest and/or meal periods.  Any express or implied

17  waivers obtained from Plaintiffs and/or Class Members were not willfully obtained, were not

18  voluntarily agreed to, were a condition of employment, or part of a contract of an unlawful

19  adhesion.  On information and belief, during the meal and rest period liability period, Defendants

20  did not permit or authorize Plaintiffs and Class Members to take meal and rest periods.

21  64.    By failing to keep adequate time records required by §§ 226(a) and 1174(d) of the

22  Labor Code, Defendants have injured Plaintiffs and Class Members and made it difficult to

23  calculate the unpaid rest and meal period compensation due Plaintiffs and members of the Class.

24  65.    As a result of the unlawful acts of Defendants' actions, Plaintiffs and the Class

25  they seek to represent have been deprived of premium wages in amounts to be determined at

26  trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys'

27  fees, and costs, under Labor Code §§ 203, 226, 226.7, and 1194.

- 17 -

28  _____
    CLASS ACTION COMPLAINT

    Case No.
    DOCS\469678v1

66.     A violation of the rest and meal period provisions of California law constitutes a failure to pay "wages due" and therefore constitutes a predicate AWPA violation.  Further, these rest and meal period provisions were communicated to employees by posting of the IWC Wage Orders on the worksite making the above violations a predicate violation of AWPA's "working arrangement" provision.

**FIFTH CLAIM OF RELIEF**
**Failure to Timely Pay Wages Due At Termination (Lab. Code, §§ 201, 202, 203)**

67.     Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

68.     California Labor Code Section 201 states:

(a)     If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately…

69.     California Labor Code Section 202(a) states:

> If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. . . .

70.     As described above, Defendants failed to timely pay Plaintiffs and the Class all of their wages due for work performed and this failure continued through the time in which Plaintiffs and Class Members quit or were discharged from their employment with Defendants. As a result, Defendants have violated California Labor Codes §§ 201 and 202.

71.     California Labor Code § 203 states:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.  An employee who secretes or absents himself or herself to avoid payment to him or her, or who refuses to receive the payment when fully tendered to him or her, including any penalty then accrued under this section, is not entitled to any benefit under this section for the time during which he or she so avoids payment.

- 18 -

1
2

> Suit may be filed for these penalties at any time before the expiration of the statute of limitations on an action for the wages from which the penalties arise.

3    72.    The statute of limitations for an action for the wages at issue is four years

4  pursuant to California Business and Professions Code § 17200.  Defendants violated California

5  Labor Code §§ 201 and 202 by failing to pay employees who quit or were discharged all of the

6  wages due pursuant to the timelines provided in those sections.  Defendants willfully failed to

7  pay all wages due as the failure to pay was not inadvertent or accidental.  As a result, Plaintiffs

8  are entitled to 30 days wages which is calculated pursuant to California case law as 30 working

9  days including overtime.

10    73.    Plaintiffs and the Class they seek to represent are entitled to compensation for all

11  forms of wages earned, including, but not limited to, compensation for unprovided rest periods

12  and unprovided meal periods, and compensation for work done "off the clock" and/or at hourly

13  rates below the minimum wage, but to date have not received such compensation therefore

14  entitling them to Labor Code § 203 penalties.

15    74.    More than 30 days have passed since affected Class Members have left

16  Defendants' employ, and on information and belief, have not received payment pursuant to

17  Labor Code § 203.  As a consequence of Defendants' willful conduct in not paying all earned

18  wages, Plaintiffs and certain Class Members who are no longer employed by Defendants are

19  entitled to 30 days' wages as a penalty under Labor Code § 203 for failure to pay legal wages,

20  together with interest thereon and attorneys' fees and costs.

21    75.    A failure to pay wages when due pursuant to §§ 201-203 is a predicate violation

22  of AWPA failure to pay wages due by definition.  Further, the requirement of the timely payment

23  of wages was communicated to employees by the posting of the IWC Wage Orders on the

24  worksite making the above violations a predicate violation of AWPA's "working arrangement"

25  provision.

26

27

28

- 19 -
CLASS ACTION COMPLAINT

Case No.
DOCS\469678v1

1

2

**SIXTH CLAIM OF RELIEF**
**Knowing and Intentional Failure to Comply With Itemized**
**Employee Wage Statement Provisions (Lab. Code §§ 226(b), 1174, 1175)**

3      76.      Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

4      77.      California Labor Code Section 226(a) states:

5
6
7
8
9

> Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing **(1) gross wages earned, (2) total hours worked by the employee, . . . (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis . . .(5) net wages earned, . . .**

10      78.      Defendants failed to provide "accurate itemized statements" to employees

11      because the wage statements:

12              (a)      Falsely understated Plaintiffs' and the Class Members' gross wages earned

13      by failing to pay for all hours worked;

14              (b)      Falsely understated the total hours worked by Plaintiffs and the Class

15      Members by ignoring the total of hours actually worked;

16              (c)      Falsely understated Plaintiffs' and Class Members' net wages earned by

17      failing to pay for all hours worked; and

18              (d)      Falsely understated Plaintiffs' and Class Members' "number of hours

19      worked at each hourly rate."

20
21      79.      California Labor Code §§ 226(e) and (g) provide for the remedy for the violations

22      described above:

23
24
25
26

> (e) An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

27

28

- 20 -

CLASS ACTION COMPLAINT

Case No.
DOCS\469678v1

(g) An employee may also bring an action for injunctive relief to ensure compliance with this section, and is entitled to an award of costs and reasonable attorney's fees.

80.     In addition, Section 1174(d) of the California Labor Code, and Section 7 of the applicable Wage Orders, require Defendants to maintain and preserve, in a centralized location, among other items, records showing the names and addresses of all employees employed, payroll records showing the hours worked daily by and the wages paid to its employees.  Defendants have created a uniform practice of knowingly and intentionally failing to comply with Labor Code § 1174.  Defendants', and each of their, failure to comply with Labor Code § 1174 is unlawful pursuant to Labor Code § 1175.  When an employer fails to keep such records, employees may establish the hours worked solely by their testimony and the burden of overcoming such testimony shifts to the employer.  *Hernandez v. Mendoza*, 199 Cal. App. 3d 721 (1988).

81.     By failing to keep adequate time records required by sections 226 and 1174 (d) of the Labor Code, Defendants have injured Plaintiffs and Class Members and made it difficult to calculate the unpaid rest and meal period compensation due Plaintiffs and Class Members and are entitled up to $4,000.00 per Class Member.

82.     Many of the above violations also constitute predicate acts for a failure to provide workers with accurate itemized written statements pursuant to AWPA.  In particular, the failure to provide accurate time and wage records pursuant to California Labor Code § 226 also constitutes violations of 29 USC § 1831(c) for failure to provide accurate number of hours worked and correct net pay.  Notably, the calculation of net pay and correct number of hours can only be adduced by reference to California law making these claims inextricably intertwined.

## SEVENTH CLAIM OF RELIEF
**(Labor Code §§ 2698, *et seq.*) (Labor Code Private Attorneys General Act)**

83.     Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

84.     Plaintiffs submit this Complaint to include allegations pursuant to Labor Code §§ 2699 *et seq*. (The Private Attorney General Act).  Labor Code § 2699.3(a)(2)(C) provides

- 21 -
CLASS ACTION COMPLAINT

1  that, notwithstanding any other provision of law, a plaintiff may as a matter of right amend an

2  existing complaint to add a cause of action arising under §§ 2699 *et seq*.

3      85.     Plaintiffs are aggrieved employees as defined in Labor Code § 2699(a).  They

4  bring this cause on behalf of themselves and other current or former employees affected by the

5  labor law violations alleged in this complaint.

6      86.     Labor Code § 2699(f) provides:

7           For all provisions of this code except those for which a civil penalty is
            specifically provided, there is established a civil penalty for a violation
8           of these provisions, as follows: . . . (2) If, at the time of the alleged
            violation, the person employs one or more employees, the civil penalty
9           is one hundred dollars ($100) for each aggrieved employee per pay
            period for the initial violation and two hundred dollars ($200) for each
10          aggrieved employee per pay period for each subsequent violation.

11

12      87.     To the extent that any violation alleged herein does not carry penalties under

13  Labor Code § 2699(a), Plaintiffs seek civil penalties pursuant to Labor Code § 2699(f) for

14  Plaintiffs and each class member for each pay period in which he or she was aggrieved, in the

15  amounts established by Labor Code § 2699(f).

16      88.     The pre-lawsuit notice requirements set forth in Labor Code § 2699.3 have been

17  satisfied by written notice by certified mail to Defendants and to the Labor and Workforce

18  Development Agency of the Labor Code and IWC Wage Order violations averred herein.  The

19  Agency notified Plaintiffs that it would not investigate these violations.

20      89.     Plaintiffs seek penalties on behalf of themselves, other aggrieved employees, and

21  the State, as provided by Labor Code § 2699(i).

22      90.     Defendants are liable to Plaintiffs, Class Members, and the State for the civil

23  penalties set forth in this Complaint, with interest thereon.  Plaintiffs are also entitled to an award

24  of attorneys' fees and costs as set forth below.

25      91.     Most of the predicate act violations which serve as the basis for this California

26  Labor Code Private Attorney General Act claim (rest and meal period violations, reporting time

27  violations, minimum wage and unpaid "off-the-clock") relate to the non-payment of wages or

- 22 -

28

1   violations of the IWC Wage Orders that were posted at the worksite.  As such, these claims also

2   constitute predicate violations of the payment of wages when due and "working arrangement"

3   provisions of AWPA.

4         92.    Plaintiffs, on behalf of themselves and similarly situated employees and former

5   employees of Defendants, request relief as described below.

6                                   **EIGHTH CLAIM OF RELIEF**

7                                     **Breach of Contract**

8         93.    Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

9         94.    The Defendants entered into employment contracts with the Plaintiffs and the

10   Class whereby Defendants would pay hourly rates of pay.  Evidence of this hourly rate is

11   contained on the wage statements for employees as required by California Labor Code § 226.

12   Pursuant to California Labor Code § 223, "[w]here any statute or contract requires an employer

13   to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while

14   purporting to pay the wage designated by statute or by contract."  Pursuant to California Labor

15   Code § 225, a violation of Labor Code § 223 constitutes an misdemeanor.  Pursuant to California

16   Labor Code § 206.5, any release required or executed regarding these wages is null and void and

17   would constitute a misdemeanor if imposed by Defendants.  Further, all applicable sections of

18   the California Labor Code and IWC Wage Orders are incorporated into said employment

19   contracts with Plaintiffs and the Class by operation of law.  The IWC Wage Orders were posted

20   at the job site and were therefore communicated to employees as part of their "working

21   arrangement" with Defendants.

22         95.    The Defendants breached the contracts of employment into which they entered

23   with the Plaintiffs and the Class by failing to comply with the promised terms and conditions of

24   employment.

25         96.    The Plaintiffs and the Class were at all times ready, willing, and able to, and did

26   in fact, comply with the terms of the employment contract.

27

28

CLASS ACTION COMPLAINT
Case No.
DOCS\469678v1

97.     As a direct consequence of Defendants' breach of the employment contract, Plaintiffs and the Class suffered substantial injury.

98.     The predicate act violations which serve as the basis for this Contract claim (rest and meal period violations, reporting time violations, minimum wage and unpaid "off-the-clock") relate to the non-payment of wages or violations of the IWC Wage Orders that were posted at the worksite.  As such, these claims also constitute predicate violations of the payment of wages when due and "working arrangement" provisions of AWPA.

99.     As a result, the Defendants are therefore liable to the Plaintiffs and the Class for actual, incidental, and consequential damages.

### NINTH CLAIM OF RELIEF
**Violation of Unfair Competition Law (Bus. & Prof. Code § 17200 *et seq.*)**

100.    Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

101.    As described above, Defendants have violated the following California laws:

(a)     violation of California Labor Code § 201 (relating to the failure to pay wages upon discharge);

(b)     violation of California Labor Code § 202 (relating to the failure to pay wages upon quitting);

(c)     violation of California Labor Code § 205.5 (relating to the failure to pay all wages owing twice during each calendar month);

(d)     violation of California Labor Code § 206 (relating to the failure to pay uncontested wages);

(e)     violation of California Labor Code § 223 (relating to the failure to pay contractual wages);

(f)     violation of California Labor Code § 226 (relating to providing correct wage statements and keeping correct records);

(g)     violation of California Labor Code § 226.7 (relating to the failure to ensure proper meal periods and rest breaks);

- 24 -
CLASS ACTION COMPLAINT

(h)     violation of California Labor Code § 512 (relating to the failure to ensure proper meal periods);

(i)     violation of California Labor Code §§ 1182.11, 1197 and the applicable Wage Order (constituting the lawful minimum wage and payment of double minimum wage if employees are required to supply their own tools);

(j)     violation of California Labor Code § 2802 (reimbursement for employer-required tools); and

(k)     violation of the Agricultural Workers Protection Act.

102.    Defendants' activities also constitute unfair business practices in violation of Cal. Bus. & Prof. Code §§ 17200 *et seq.*, because Defendants' practices violate the above noted laws, and/or violate an established public policy and/or the practice is immoral, unethical, oppressive, unscrupulous and substantially injurious to Plaintiffs, the public, and the Class.

103.    Plaintiffs and Class Members are entitled to injunctive and other equitable relief against such unlawful practices in order to prevent future damage, for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits.

104.    As a result of their unlawful acts, Defendants have reaped and continue to reap unfair benefits and unlawful profits at the expense of Plaintiffs, and the Class they seek to represent.  Defendants should be enjoined from this activity and made to disgorge these ill-gotten gains and restore to Plaintiffs and the members of the Plaintiff Class the wrongfully withheld wages pursuant to Business and Professions Code § 17203.  Plaintiffs are informed and believe, and thereon allege, that Defendants are unjustly enriched through their requiring employees to suffer Defendants' failure to pay legal wages, and/or other compensation for working through meal periods, and compensation for unprovided rest periods to Plaintiffs and members of the Plaintiff Class.  Plaintiffs are informed and believe, and thereon allege, that Plaintiffs and members of the Plaintiff Class are prejudiced by Defendants' unfair trade practices.

105.    As a direct and proximate result of the unfair business practices of Defendants, and each of them, Plaintiffs, individually and on behalf of all employees similarly situated, are

- 25 -

1  entitled to equitable and injunctive relief, including full restitution and/or disgorgement of all

2  wages which have been unlawfully withheld from Plaintiffs and Class Members as a result of the

3  business acts and practices described herein and enjoining Defendants to cease and desist from

4  engaging in the practices described herein.

5        106.    The unlawful conduct alleged herein is continuing, and there is no indication that

6  Defendants will not continue such activity into the future.  Plaintiffs allege that if Defendants are

7  not enjoined from the conduct set forth in this Complaint, they will continue to unlawfully

8  require Defendants' non-exempt employees to work "off the clock" without compensation, will

9  continue to require non-exempt employees to work during meal periods, will continue to fail to

10  provide rest periods or provide appropriate compensation in lieu thereof, and will continue to fail

11  to pay and to avoid paying appropriate taxes, insurance, and unemployment withholdings.

12        107.    Plaintiffs further request that the Court issue a preliminary and permanent

13  injunction prohibiting Defendants from requiring Plaintiffs and the Class they seek to represent

14  to work "off the clock" without compensation, prohibiting other wrongful conduct which is the

15  subject of this Complaint and which may later be discovered in the course of litigation, enjoining

16  Defendants from forbidding employees to leave the workplace during meal periods, and from

17  continuing to fail to provide rest periods and meal periods or provide appropriate compensation

18  in lieu thereof.

19        108.    The predicate act violations which serve as the basis for this UCL claim (rest and

20  meal period violations, reporting time violations, minimum wage and unpaid "off-the-clock")

21  relate to the non-payment of wages or violations of the IWC Wage Orders that were posted at the

22  worksite.  As such, these claims also constitute predicate violations of the payment of wages

23  when due and "working arrangement" provisions of AWPA.

24  **PRAYER**

25      WHEREFORE, Plaintiffs pray for judgment as follows:

26      A.    That the Court determine that this action may be maintained as a class action or

27  actions;

- 26 -

28  CLASS ACTION COMPLAINT

Case No.
DOCS\469678v1

1        B.      For compensatory damages in an amount according to proof with interest thereon;

2        C.      For economic and/or special damages in an amount according to proof with

3   interest thereon;

4        D.      For a declaratory judgment that each of the Defendants violated the Plaintiffs' and

5   Class Members' rights under AWPA, 29 U.S.C. § 1801 *et seq*., the California Labor Code, and

6   applicable IWC Wage Orders as set forth in the preceding paragraphs;

7        E.      Award each Plaintiff and proposed Class Member statutory damages or, in the

8   alternative, actual damages for Defendants' violations of AWPA;

9        F.      That each of the Defendants be found to have engaged in unfair competition in

10  violation of California Business and Professions Code § 17200 *et seq*.;

11       G.      That each of the Defendants be ordered and enjoined to make restitution to the

12  Class due to their unfair competition, including disgorgement of their wrongfully-obtained

13  revenues, earnings, profits, compensation, and benefits, pursuant to California Business and

14  Professions Code §§ 17203 and 17204;

15       H.      That each of the Defendants be enjoined from continuing the unlawful or unfair

16  competition in violation of § 17200 as alleged herein;

17       I.      For declaratory relief for Defendants' violation of the California Labor Code,

18  California Business and Professions Code, and the Federal AWPA;

19       J.      That Defendants be enjoined from further acts of restraint of trade or unfair

20  competition;

21       K.      For premium wages pursuant to Labor Code §§ 226 and 226.7;

22       L.      For unpaid wages pursuant to California Labor Code § 1194 and liquidated

23  damages pursuant to Labor Code § 1194.2;

24       M.      For an order imposing all statutory and/or civil penalties provided by law,

25  including but not limited to, penalties under Labor Code §§ 203, 210, 225.5, 226, 226.3, 226.7,

26  256, 512, 558, 1174.5, 1194, 1194.2, 1197.1, 2699(a) and 2699(f);

27

28
                                        - 27 -
Case No.
DOCS\469678v1

1    N.    An award to Plaintiffs and the Class Members of reasonable attorneys' fees, costs,

2  and interest thereon pursuant to Code of Civil Procedure § 1021.5, Labor Code §§ 218.6, 226,

3  1194, 2699(g), 2802 and/or other applicable law;

4    O.    For the greater of actual or statutory damages of $500 for each Plaintiff pursuant

5  to AWPA;

6    P.    For actual, incidental, and consequential damages for breach of contract; and

7    Q.    For such other and further relief as the Court deems just and proper.

8  ## DEMAND FOR JURY TRIAL

9    Plaintiffs hereby demand trial of their claims by jury to the extent authorized by law.

10  DATED:  April 20, 2009                         LAW OFFICES OF MALLISON
                                                          & MARTINEZ
11                                                 Stan S. Mallison
                                                   Hector R. Martinez
12

13                                              _____
                                                         */s/ Stan S. Mallison*
14                                                    STAN S. MALLISON

15                                                 1042 Brown Avenue
                                                   Lafayette,  CA 94549
16                                                 Telephone: (925) 283-3842
                                                   Facsimile:  (925) 283-3426

17                                                 WEINBERG, ROGER & ROSENFELD
                                                   A Professional Corporation
18                                                 David A. Rosenfeld
                                                   William A. Sokol
19

20                                              _____
                                                        */s/ William A.* Sokol
21                                                   WILLIAM A. SOKOL

22                                                 1001 Marina Village Parkway, Suite 200
                                                   Alameda, CA 94501-1091
                                                   Telephone: (510) 337-1001
23                                                 Facsimile:  (510) 337-1023

24                                                 MILBERG LLP
                                                   Jeff S. Westerman
25                                                 Sabrina Kim

26                                              _____
                                                         */s/ Sabrina Kim*
27                                                    SABRINA KIM

                                    - 28 -
28  ────────────────────────────────────────────────
    CLASS ACTION COMPLAINT
    Case No.
    DOCS\469678v1

One California Plaza
300 South Grand Ave., Suite 3900
Los Angeles, CA 90071
Telephone: (213) 617-1200
Facsimile:  (213) 617-1975

Attorneys for Plaintiffs

- 29 -
CLASS ACTION COMPLAINT

Case No.

## DECLARATION OF SERVICE BY U.S. MAIL

I, the undersigned, declare:

1.      That declarant is and was, at all times herein mentioned, employed in the County of Los Angeles, over the age of 18 years, and not a party to or interest in the within action; that declarant's business address is One California Plaza, 300 South Grand Avenue, Suite 3900, Los Angeles, California 90071-3149.

2.      That on April 20, 2009, declarant served the CLASS ACTION COMPLAINT by depositing a true copy thereof in a United States mailbox at Los Angeles, California in a sealed envelope with postage thereon fully prepaid and addressed to the parties listed below.

| | |
|---|---|
| Ronald H. Barsamian<br>BARSAMIAN & MOODY<br>1141 West Shaw Ave., Suite 104<br>Fresno, CA 03711-3704 | Attorneys for Defendant<br>D.M. CAMP & SONS |
| Marion I. Quesenbery<br>RYNN & JANOWSKY, LLP<br>P. O. Box 20799<br>Oakland, CA 94620 | Attorneys for Defendant<br>CASTLEROCK FARMING AND<br>TRANSPORT, INC. |
| David A. Dixon<br>HOGAN & KLINGENBERGER P.C.<br>5060 California Ave., Suite 620<br>Bakersfield, CA 93309 | Attorneys for Defendant<br>STEVCO, INC., and FAL, INC. |
| William L. Alexander<br>ALEXANDER & ASSOCIATES, PLC<br>1925 G Street<br>Bakersfield, CA 93301 | Attorneys for Defendant<br>EL RANCHO FARMS |

- 30 -
CLASS ACTION COMPLAINT

Case No.
DOCS\469678v1

| Joseph E. Herman<br>LAW OFFICES OF JOSEPH E. HERMAN<br>114 S. Rossmore Avenue<br>Los Angeles, CA 90004<br>Tele: (323) 937-1400<br>Fax: (323) 931-7369<br>  jherm@ca.rr.com<br><br>Joseph C. Markowitz<br>LAW OFFICES OF JOSEPH C. MARKOWITZ<br>444 S. Flower Street, Suite 1750<br>Los Angeles, CA 90071<br>Tele: (213) 437-1720<br>Fax: (213) 437-1721<br>  joemarkowitz@fineartlaw.com | Attorneys for Defendant<br>GIUMARRA VINEYARDS CORPORATION |
| Brendan G. Dolan<br>MORGAN, LEWIS & BOCKIUS LLP<br>One Market, Spear Street Tower<br>San Francisco, CA 94105<br>Tele: (415) 442-1000<br>Fax: (415) 442-1001<br>  bdolan@morganlewis.com | Attorneys for Defendants<br>MARKO ZANINOVICH, INC., and<br>SUNVIEW VINEYARDS OF CALIFORNIA, INC. |

3.      That there is a regular communication by mail between the place of mailing and the places so addressed.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 20th day of April, 2009, at Los Angeles, California.


                                        /s/ Ann Marie Genovese
                              ORIGINAL SIGNATURE RETAINED BY
                                   ATTORNEY SABRINA KIM

- 31 -
CLASS ACTION COMPLAINT