Stan S. Mallison (SBN 184191)
Hector R. Martinez (SBN 206336)
LAW OFFICES OF MALLISON & MARTINEZ
1042 Brown Avenue
Lafayette, CA 94549
Telephone:  (925) 283-3842
Facsimile:   (925) 283-3426

(Attorney recitals cont. on next page)

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SILVESTRE SOTO and OLGA GALVAN, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> CASTLEROCK FARMING and TRANSPORT, INC. and DOES 1-20, <br><br> Defendants. | Case No.: 1:09-cv-00701-AWI-SMS <br><br> **JOINT SCHEDULING REPORT BY PLAINTIFFS AND DEFENDANT PURSUANT TO FED. R. CIV. P. 26(f)** <br><br> Date and Time:  8/24/09 @ 10:00 a.m. <br> Courtroom:  7 (SMS) <br><br> Hon. Sandra M. Snyder <br> U.S. Magistrate Judge <br><br> –Plaintiffs, SILVESTRE SOTO and OLGA GALVAN, to appear by telephone <br><br> Defendant, CASTLEROCK FARMING and TRANSPORT, INC., to appear by telephone |

1

2  David A. Rosenfeld (SBN 058163)
   W. Daniel Boone (SBN 046553)
3  Christian L. Raisner (SBN 133839)
   WEINBERG, ROGER & ROSENFELD
4  A Professional Corporation
   1001 Marina Village Parkway, Suite 200
5  Alameda, CA 94501-1091
   Telephone:  (510) 337-1001
6  Facsimile:   (510) 337-1023

7  Jeff S. Westerman (SBN 94559)
   Sabrina S. Kim (SBN 186242)
8  MILBERG LLP
   355 South Grand Avenue, Suite 4170
9  Los Angeles, CA 90071
   Telephone:     (213) 617-1200
10 Facsimile:      (213) 617-1975

11 Attorneys for Plaintiffs

12

13 Marion I. Quesenbery (SBN 072308)

14 RYNN & JANOWSKY, LLP
   P.O. Box 20799
15 Oakland, CA 94620

16 Telephone: (510) 705-8894
   Facsimile:  (510) 705-8737
17

18 Attorneys for Defendant

19

20

21

22

23

24

25

26

27

28

Plaintiffs Silvestre Soto and Olga Galvan ("Plaintiffs") and Defendant Castlerock Farming and Transport, Inc. ("Defendant" or "Castlerock"), by and through their undersigned counsel, hereby submit their Joint Report.

I. <u>Summary of the Factual and Legal Contentions Set Forth in the Pleadings of Each Party, Including the Relief Sought by any Party Presently Before the Court</u>:

    A. <u>Plaintiff's Factual and Legal Contentions</u>

This is a Class Action pursuant to the Federal Rules of Civil Procedure ("FRCP") Rule 23 to vindicate rights afforded the class by the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"), 29 U.S.C. §§ 1801 et seq., the California Labor Code, California Business and Professions Code §§ 17200, et seq.  This action is brought on behalf of Plaintiffs and a Class comprising of non-exempt agricultural workers employed or formerly employed by Defendant at Defendant's worksites located in and around Kern County.  Plaintiffs also bring an enforcement cause of action pursuant to the California Labor Code Private Attorneys General Act of 2004, Labor Code §§ 2698, et seq. ("PAGA") on behalf of the State of California, on behalf of themselves and other aggrieved employees. Plaintiffs' PAGA cause of action is a non-class representative action.   This action seeks recovery of wages and penalties due and owing to Plaintiffs, the Class, and the State of California under federal and/or California laws.  At least four years prior to the filing of this action (previously known as *Doe v. D.M. Camp & Sons, et al*, Case No. 1:05-cv-01417) and to the present, Defendant systematically maintained and enforced against its non-exempt employees, including Plaintiffs and Class Members, among others, the following unlawful practices in violation of Federal and California wage and hour laws, including:

    a. forcing employees to work pre-shift and post-shift "off the clock" time without compensation;

    b. forcing employees to work a second shift of home-work without compensation and without split shift pay, or in the

           alternative, failing to pay for travel time and incurred expenses;

c.     forcing employees to purchase tools from the employer or otherwise supply their own tools;

d.     failing to pay minimum wages;

e.     failing to pay double minimum wage to employees who provide or are required to purchase their own tools;

f.     failing to provide non-exempt employees rest periods of at least (10) minutes per four (4) hours worked or major fraction thereof and failing to pay such employees one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided;

g.     requiring non-exempt employees to work at least five (5) hours without a meal period and failing to pay such employees one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided;

h.     requiring employees to report to work and if an employee did report for work, but was not put to work or was furnished with less than half said employee's usual or scheduled day's work, paid the employee less than half the usual or scheduled day's work at the employee's regular rate of pay and/or less than the legal minimum;

i.     failing to provide employees with accurate itemized wage statements;

j.     failing to maintain accurate time-keeping records.

### B. Defendant Castlerock's Factual and Legal Contentions

Defendant denies the allegations contained in Plaintiffs' complaint and more specifically denies that it violated any federal or state law. In addition, Defendants asserts various affirmative defenses including, but not limited to, (1) some or all of Plaintiffs' claims are barred by the applicable statute of limitations, (2) damages under Labor Code § 226 are barred because any alleged failure to provide itemized statements did not result in any injury, nor would such an alleged failure have been knowing or intentional, (3) the only remedies available under Business & Professions Code section 17200 *et seq.* are injunctive relief and restitution, and consequently, any penalties or punitive damages under the Labor Code are not recoverable under this Code section, and (4) Plaintiffs cannot prove the elements necessary to maintain a class action under Federal Rule of Civil Procedure 23.

## II. Likelihood of Motions to Amend Pleadings at this Time

The parties do not foresee any amendments at this point in time; however, they reserve their right to make future amendments as necessary, including adding additional defendants and/or proposed class representatives.

## III. Summary of Uncontested and Contested Facts

### A. Uncontested Facts

(1) The parties agree that defendant is an agricultural farming business operating out of Kern County, California.

### B. Contested Facts

Defendants dispute all substantive factual allegations made by Plaintiffs, including, but not limited to, Plaintiffs' class allegations and Plaintiffs' claim that they are "aggrieved," as that term is defined in Labor Code §2699.

IV. <u>Summary of Undisputed and Disputed Legal Issues</u>

    A. <u>Undisputed Legal Issues</u>

        (1) The parties agree that Plaintiff is bringing this lawsuit pursuant to AWPA and California Labor Code and the regulations applicable to AWPA and California's wage and hour laws.

        (2) The parties agree that this Court has jurisdiction over the claims brought in this action.

        (3) The parties agree that the AWPA, California wage and hour law, California Business and Professions Code, and the California Labor Code Private Attorneys General Act of 2004 are applicable to this case.

    B. <u>Defendant's Disputed Legal Issues</u>

        Defendant denies all of Plaintiff's legal allegations, including its claims that Defendant violated AWPA, any California wage and hour law, the California Business & Professions Code, or any other law or contract, that Plaintiffs have standing to bring a PAGA action, and that Plaintiffs have met the requirements of Federal Rule of Civil Procedure 23. Defendant also anticipates that as discovery progresses and Plaintiffs' allegations become clearer, there may be a dispute about whether Defendant employed Plaintiffs or the individuals who Plaintiffs purport to represent. Also see IB above.

V. <u>Status of All Matters Presently Set Before the Court</u>

    There are no matters presently set before the Court, other than the Scheduling Conference.

VI. <u>Discovery Plan</u>

    A. <u>Report of the Results of Fed. R. Civ. P. 26(f) Conference</u>

    The parties agree to the following:

    (1) The parties have held a 26(f) conference pursuant to FRCP 26(f)(1).

    (2) Settlement Discussions: None to date. The parties are exploring the possibility of mediating this dispute.

1       (3) Disclosures:  The parties are in the process of making disclosures and
2 will have them completed by October 31, 2009.
3       (4) Preservation of Documents:  The parties have taken steps to preserve
4 documents.
5       B.     <u>Disclosures</u>
6       Plaintiffs propose that the parties make their initial disclosures per Fed. R.
7 Civ. P. 26, with supplemental disclosures as may be necessary as further discovery
8 is completed.
9       Defendant suggest that Fed. R. Civ. P. 26 disclosure be postponed until the
10 certification issues have been resolved, or, at a minimum, that disclosure be limited
11 to certification issues.
12       C.     <u>Changes to Limitations on Discovery</u>
13       The parties agree that written discovery shall be served and responded to in
14 accordance with the Federal Rules of Civil Procedure.
15       In addition to the service requirements pursuant to the Federal Rules of Civil
16 Procedure, each party agrees to provide the other party as a courtesy copy the
17 electronic version of discovery requests and responses at the time they serve hard
18 copies.  The electronic versions shall be provided on a CD/DVD or by electronic
19 mail in Microsoft Word format.
20       D.     <u>Subjects of Discovery</u>
21       Plaintiffs propose that the primary discovery in the case will revolve around
22 Defendant's payroll, timekeeping and production records and witnesses to the
23 alleged wage and hour violations.  In light of the recent California Supreme Court
24 *Arias v. Superior Court*, 26 Cal.4th 969, decision regarding PAGA, Plaintiffs will
25 seek full discovery at this stage in the litigation.  Defendant proposes that
26 discovery be limited to class certification issues.  Defendant intends to depose
27 named Plaintiffs Silvestre Soto and Olga Galvan and to conduct discovery as to the
28 prerequisites and grounds for the purported class action.

     E.     <u>Proposed Discovery Plans</u>

Plaintiffs propose that the initial discovery should be focused upon Defendant's payroll, timekeeping and production records. Plaintiffs believe that significant efficiencies can be obtained by Defendant's provision of payroll, timekeeping and production data in native electronic form. Plaintiffs will seek full discovery immediately in light of the *Arias* decision. Plaintiff also believe that Defendant's counsel should be restricted from contacting putative class members given the collateral estoppel issues set forth in *Arias*. Plaintiffs have proposed the use of the Model Protective Order for the Northern District of California. Defendant proposes that discovery be limited to class certification issues. Defendant intends to depose named Plaintiffs Silvestre Soto and Olga Galvan and to conduct discovery as to the prerequisites and grounds for the purported class action. In regard to the Model Protective Order, Defendant agrees that the Model Protective Order is an appropriate method to control the disclosure of confidential/private information.

     F.     <u>Discovery Cut-off Date</u>

Plaintiffs propose that the Court set the non-expert, class discovery cut-off for October 31, 2010. Defendant proposes that the Court set the pre-class certification motion cut-off for February 12, 2010 and that the Court set additional discovery cut-off deadlines after it determines the class certification issues.

     G.     <u>Disclosure of Expert Witness pursuant Fed. R. Civ. P. 26(a)(2)</u>

Plaintiffs propose that the Court set the expert disclosure cut-off date for July 31, 2011. Defendant proposes that expert witness disclosure be postponed until after the court has determined whether this action shall proceed as a class action.

VII.   <u>Pre-trial Motions, Pre-trial Conference and Trial dates</u>

Plaintiff proposes that the Court set the pre-trial motions cut-off date, pre-trial conference date, and trial date as follows:

| | | |
|---|---|---|
| Pre-trial Motion Hearing Cut-Off Date: | | August 2011 |
| Pre-trial Conference Date: | | October 2011 |
| Trial Date: | | December 2011 |

Defendant proposes that the Court set April 23, 2010 as the deadline for filing class certification motion and that all other dates be postponed until the court has determined the class certification issues.

VIII. <u>Settlement Procedure</u>

The parties are discussing the possibility of mediating this dispute.

IX. <u>Whether Case if a Jury or Non-Jury Case</u>

Plaintiffs and Defendant have demanded a jury trial.

X. <u>Estimated Length of Trial Days</u>

Plaintiffs estimate the length of trial to be 20 court days. Until discovery is completed and class certification issues have been determined, Defendant believes that it is premature to estimate the length of trial.

XI. <u>Proposals regarding Severance, Bifurcation, or other Ordering of Proof</u>

The parties have no proposals at this time, but reserve the right for future proposals.

XII. <u>Related Matters</u>

Defendant has no additional or related matters to disclose.

                                                Respectfully submitted,

                                                LAW OFFICES OF MALLISON & MARTINEZ

Date: August 17, 2009            By:   /s/ Hector R. Martinez
                                                   Stan Mallison
                                                   Hector R. Martinez
                                                   Marco A. Palau
                                                   Attorneys for Plaintiffs

1
2
3  Date: August 17, 2009
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

RYNN & JANOWSKY, LLP

By:   /s/ Marion I. Quesenbery
Marion I. Quesenbery
Attorneys for Defendant
Castle Rock Farming and Transport, Inc.