IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SILVESTRE SOTO and OLGA GALVAN, on on behalf of themselves and all others similarly situated,

Plaintiffs,

vs.

CASTLEROCK FARMING AND TRANSPORT, INC., et al.,

Defendants.

1:09-cv-00701-AWI-SMS

**SCHEDULING CONFERENCE ORDER**

Class Discovery Deadline: 3/1/11

Merit Discovery Deadline: 8/1/11

Expert Disclosure Deadline: 3/4/11

Expert Discovery Deadline: 4/15/11

Class Certification Filing Deadline: 5/2/11

Non-Dispositive Motion Filing Deadline: 7/1/11

Dispositive Motion Filing Deadline: 7/15/11

Settlement Conference Date: *not applicable at this time*

Pre-Trial Conference Date: 9/16/11, 8:30am, Ctrm. 2/**AWI**

Trial Date: 11/1/11, 8:30am, Ctrm. 2/**AWI** (JT ~ 15-20 days)

1. Date of Scheduling Conference:

February 9, 2010.


2. Appearances of Counsel:

Stanley S. Mallison, Esq., and Hector R. Martinez, Esq., of Mallison & Martinez, as well as Nicole M. Duckett, Esq., of Milberg, Weiss, Bershad & Schulman, LLP, appeared telephonically on behalf of plaintiffs.

Marion I. Quesenbery, Esq., of Rynn & Janowsky, LLP, appeared telephonically on behalf of defendant.

3. The Pleadings:

A. Summary of the Pleadings.

Plaintiffs' Contentions

This is a Class Action pursuant to the Federal Rules of Civil Procedure ("FRCP") Rule 23 to vindicate rights afforded the Class by the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"), 29 U.S.C. §§ 1801 et seq., the California Labor Code, and California Business and Professions Code §§ 17200, et seq.

This action is brought on behalf of plaintiffs and a Class comprising of non-exempt agricultural workers employed or formerly employed by defendant at defendant's worksites located in and around Kern County. Plaintiffs also bring an enforcement cause of action pursuant to the California Labor Code Private Attorneys General Act of 2004, Labor Code §§ 2698, et seq. ("PAGA"), on behalf of the State of California, on behalf of themselves and other aggrieved employees.

Plaintiffs' PAGA cause of action is a non-class representative action. This action seeks recovery of wages and penalties due and owing to plaintiffs, the Class, and the State of California under Federal and/or California laws. At least four

years prior to the filing of this action (formerly *Doe v. D.M. Camp & Sons, et al.*, 1:05-cv-01417-AWI-SMS) and to the present, defendant systematically maintained and enforced against its non-exempt employees, including plaintiffs and Class Members, among others, the following unlawful practices in violation of Federal and California wage and hour laws, including:

a. forcing employees to work pre-shift and post-shift "off the clock" time without compensation;

b. forcing employees to work a second shift of home-work without compensation and without split shift pay or, in the alternative, failing to pay for travel time and incurred expenses;

c. forcing employees to purchase tools from the employer or otherwise supply their own tools;

d. failing to pay minimum wages;

e. failing to pay double minimum wage to employees who provide or are required to purchase their own tools;

f. failing to provide non-exempt employees rest periods of at least ten minutes per four hours worked or major fraction thereof, and failing to pay such employees one hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided;

g. requiring non-exempt employees to work at least five hours without a meal period, and failing to pay such employees one hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided;

h. requiring employees to report to work and, if an employee did report for work, but was not put to work or was furnished with less than half of the said employee's usual or

scheduled day's work, paid the employee less than half the usual or scheduled day's work at the employee's regular rate of pay and/or less than the legal minimum;

i. failing to provide employees with accurate itemized wage statements;

j. failing to maintain accurate time-keeping records.

<u>Defendant's Contentions</u>

Defendant denies the allegations contained in plaintiffs' complaint and, more specifically, denies that it violated any federal or state law, and asserts various affirmative defenses including, but not limited to, (1) some or all of plaintiffs' claims are barred by the applicable statute of limitations; (2) damages under Labor Code § 226 are barred because any alleged failure to provide itemized statements did not result in any injury, nor would such an alleged failure have been knowing or intentional; (3) the only remedies available under Business & Professions Code § 17200 *et seq.*, are injunctive relief and restitution and, consequently, any penalties or punitive damages under the Labor Code are not recoverable under this Code section; and, (4) plaintiffs cannot prove the elements necessary to maintain a class action under Federal Rule of Civil Procedure 23.

B. Orders Re: Amendment of Pleadings.

No amendments are proposed at this time.

4. Factual Summary:

A. Admitted Facts which are deemed proven without further proceedings.

(1) Defendant is an agricultural farming business operating out of Kern County, California.

        B.    Contested Facts.

            (1)   All substantive factual allegations made by plaintiffs, including, but not limited to, plaintiffs' class allegations and claim that they are "aggrieved," as that term is defined in Labor Code § 2699.

    5.    Legal Issues:

        A.    Uncontested.

            (1)   Plaintiff is bringing this lawsuit pursuant to AWPA and California Labor Code and regulations applicable to AWPA and California's wage and hour laws.

            (2)   This Court has jurisdiction over the claims brought in this action.

            (3)   The AWPA, California wage and hour law, California Business and Professions Code, and the California Labor Code Private Attorneys General Act of 2004 are applicable to this case.

        B.    Contested.

            (1)   All of plaintiff's legal allegations, including its claims that defendant violated AWPA, any California wage and hour law, the California Business & Professions Code, or any other law or contract.

            (2)   Whether plaintiffs have standing to bring a PAGA action.

            (3)   Whether plaintiffs have met the requirements of Federal Rule of Civil Procedure 23.

            (4)   Whether defendant employed plaintiffs or the individuals who plaintiffs purport to represent.

//

6. Consent to Magistrate Judge Jurisdiction:

This case will not be assigned for all purposes, including trial, to the Honorable Sandra M. Snyder, United States Magistrate Judge, as the parties do not so consent at this time.

7. Discovery Plan and Cut-Off Dates:

A. Pursuant to F.R.Civ.P.26(b), and except as the court may order after a showing of good cause, the "(p)arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any other party."

B. Unless otherwise stipulated between the parties or ordered by the court pursuant to F.R.Civ.P.26(b)(2), discovery shall be limited as follows:

(1) <u>Depositions</u>:

a. Each side may take no more than ten (10) depositions.

b. A deposition shall be limited to one (1) day of seven (7) hours. F.R.Civ.P.30(d).

(2) <u>Interrogatories</u>:

a. "(A)ny party may serve upon any other party written interrogatories, not exceeding 25 in number including all discrete subparts . . ." F.R.Civ.P.33(a).

C. Pursuant to F.R.Civ.P.26(e), the parties shall supplement their disclosures and amend their responses to discovery requests in a timely manner.

D. The parties are ordered to complete all class discovery on or before March 1, 2011, all merit discovery on or

before August 1, 2011[1], and all expert discovery on or before April 15, 2011.

E. The parties are directed to disclose all expert witnesses, in writing, on or before March 4, 2011. The written designation of experts shall **be made pursuant to F.R.Civ.P. Rule 26(a)(2), (A) and (B), and shall include all information required thereunder**. Failure to designate experts in compliance with this Order may result in the court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this Order.

The provisions of Fed.R.Civ.P. 26(b)(4) and (5) shall apply to all discovery relating to experts and their opinions. Experts must be fully prepared to be examined on all subjects and opinions included in the designation. Failure to comply will result in the imposition of sanctions, which may include striking the expert designation and preclusion of expert testimony.

8. Pre-Trial Motion Schedule:

All Non-Dispositive Pre-Trial Motions, including any discovery motions, shall be filed on or before July 1, 2011, and are (customarily) heard on Fridays at 9:30 a.m. in Courtroom No. 7 on the Sixth Floor before the Honorable Sandra M. Snyder, United States Magistrate Judge. **NOTE**: It is the policy of Judge Snyder's chambers that a hearing date first be cleared with Courtroom Deputy Harriet Herman at (559) 499-5692 prior to the filing of any non-

[1] The Court is mindful of a dispute between the parties regarding conducting merit discovery along with class certification discovery. Counsel have agreed to meet and confer in earnest before bringing this dispute to the Court, either informally or by noticed motion.

dispositive motions and supporting documents. Judge Snyder's chambers also requires prompt courtesy copies in excess of 25/50 pages in compliance with **Local Rule 133(f)**. **Counsel must also comply with Local Rule 251 with respect to discovery disputes or the motion will be denied without prejudice and dropped from calendar**.[2]

In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 144. However, if counsel does not obtain an order shortening time, the notice of motion *must* comply with Local Rule 251.

Counsel may appear, and argue non-dispositive motions, telephonically, provided a (written) request to so appear is presented to Magistrate Judge Snyder's Courtroom Deputy Harriet Herman (559-499-5692) no later than five (5) court days prior to the noticed hearing date. **ALL Out-of-town counsel are strongly encouraged to appear telephonically via a single conference call to chambers**. If two or more attorneys request to appear telephonically, then it shall be the obligation and responsibility of the moving party(ies) to make prior arrangements for the single conference call with an AT&T operator, IF counsel do not have conference call capabilities on their telephone systems, and to initiate the call to the court.

//

---

[2] Local Rule 251(a) ~ **revised 12/1/09** ~ requires a joint statement re discovery disagreement be filed seven (7) days before the scheduled hearing date (i.e., the Friday before the customary Friday hearing). Any motion(s) will be dropped from calendar IF the statement is not filed OR timely filed AND courtesy copies of any and all motions, including the 251 stipulation, declarations, and exhibits, properly tabbed, fastened, and clearly identified as a "Courtesy Copy (to avoid inadvertent, duplicative, and/or erroneous filing by court staff), exceeding twenty-five (25) pages pursuant to Local Rule 133(f), are not delivered to the Clerk's Office at 9:00 a.m. on the fourth (4th) FULL day (or Monday) prior to the (customary) hearing (on Friday).

Class certification motion(s) shall be filed on or before May 2, 2011, and are heard on Mondays at 1:30 p.m. in Courtroom No. 2 on the Eighth Floor before the Honorable Anthony W. Ishii, United States District Judge.  In scheduling such motions, counsel shall comply with **Local Rules 230 and 260**.

All Dispositive Pre-Trial Motions shall be filed on or before July 15, 2011, and are heard on Mondays at 8:30 a.m. in Courtroom No. 2 on the Eighth Floor before the Honorable Anthony W. Ishii, United States District Judge.  In scheduling such motions, counsel shall comply with **Local Rules 230 and 260**.

**Motions for Summary Judgment or Summary Adjudication**

Prior to filing a motion for summary judgment or motion for summary adjudication, the parties are **ORDERED** to meet, in person or by telephone, and confer to discuss the issues to be raised in the motion.

The purpose of the meeting shall be to: (1) avoid filing motions for summary judgment where a question of fact exists; (2) determine whether the respondent agrees that the motion has merit in whole or in part; (3) discuss whether issues can be resolved without the necessity of briefing; (4) narrow the issues for review by the Court; (5) explore the possibility of settlement before the parties incur the expense of briefing a summary judgment motion; (6) arrive at a joint statement of undisputed facts.

The moving party shall initiate the meeting and provide a draft of the joint statement of undisputed facts.  In addition to the requirements of Local Rule 260, the moving party shall file a joint statement of undisputed facts.

//

In the notice of motion, the moving party shall certify that the parties have met and conferred as ordered above or set forth a statement of good cause for the failure to meet and confer.

9. Pre-Trial Conference Date:

September 16, 2011 at 8:30 a.m. in Courtroom No. 2 on the Eighth Floor before the Honorable Anthony W. Ishii, United States District Judge.

Ten (10) days prior to the Pretrial Conference, the parties shall exchange the disclosures required pursuant to F.R.Civ.P. 26(a)(3).

The parties are ordered to file a **JOINT Pretrial Statement pursuant to Local Rule 281(a)(2)**. The parties are further ordered to submit a digital copy of their Joint Pretrial Statement in WordPerfect X3[3] format to Judge Ishii's chambers by e-mail to AWIOrders@caed.uscourts.gov.

Counsels' attention is directed to **Rules 281 and 282 of the Local Rules** of Practice for the Eastern District of California as to the obligations of counsel in preparing for the Pre-Trial Conference. **The Court will insist upon strict compliance with those Rules**.

10. Trial Date:

November 1, 2011 at 8:30 a.m. in Courtroom No. 2 on the Eighth Floor before the Honorable Anthony W. Ishii, United States District Judge.

A. This is a jury trial.

//

---

[3] If WordPerfect X3 is not available to the parties, then the latest version of WordPerfect, or any other word processing program in general use for IBM compatible personal computers, is acceptable.

B. Counsels' Estimate of Trial Time:

15-20 days.

C. Counsels' attention is directed to **Rule 285 of the Local Rules** of Practice for the Eastern District of California.

11. Settlement Conference:

Should the parties desire a Settlement Conference, they will jointly request one of the Court, and one will be arranged.

12. Request for Bifurcation, Appointment of Special Master, or other Techniques to Shorten Trial:

Not applicable at this time.

13. Related Matters Pending:

| CASE NAME | CASE NUMBER | DATE FILED |
|---|---|---|
| Rodriguez v. D.M. Camp & Sons | 1:09-cv-00700-AWI-SMS | 4/20/09 |
| Soto v. Castlerock Farming | 1:09-cv-00701-AWI-SMS | 4/20/09 |
| Munoz v. Giumarra Vineyards | 1:09-cv-00703-AWI-SMS | 4/20/09 |
| Morales v. Stevco, Inc. | 1:09-cv-00704-AWI-SMS | 4/20/09 |
| Rojas v. Marko Zaninovich | 1:09-cv-00705-AWI-SMS | 4/20/09 |
| Rosales v. El Rancho Farms | 1:09-cv-00707-AWI-SMS | 4/20/09 |

14. Compliance with Federal Procedure:

The Court requires compliance with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California. To aid the Court in the efficient administration of this case, all counsel are expected to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California, and to keep abreast of any amendments thereto (**revised December 1, 2009**). The Court must insist upon compliance with these Rules if it is to efficiently handle its increasing caseload.

Sanctions will be imposed for failure to follow the Rules as provided in both the Fed.R.Civ.P. and the Local Rules.

15. Compliance with Electronic Filing Requirement:

On January 3, 2005, the United States District Court for the Eastern District of California became an electronic case management/filing district (CM/ECF). Unless excused by the Court, or by Local Rule, attorneys shall file all documents electronically as of January 3, 2005 in all actions pending before the court. While Pro Se Litigants are exempt from this requirement, the court will scan in all documents filed by pro se litigants, and the official court record in all cases will be electronic. Attorneys are required to file electronically in pro se cases. More information regarding the Court's implementation of CM/ECF can be found on the court's web site at www.caed.uscourts.gov, including the Court's Local Rules effective January 3, 2005, and amended December 1, 2009, the CM/ECF Final Procedures, and the CM/ECF User's Manual.

While the Clerk's Office will not refuse to file a proffered paper document, the Clerk's Office will scan it and, if improperly filed, notify the Court that the document was filed in an improper format. An order to show cause (OSC) may be issued in appropriate cases regarding an attorney's disregard for the requirement to utilize electronic filing, or other violations of these electronic filing procedures. See L.R. 110, L.R. 133(d)(3).

All counsel must be registered for CM/ECF. On-line registration is available at www.caed.uscourts.gov. Once registered, counsel will receive a login and password in approximately one (1) week. Counsel must be registered to file

documents on-line.  See L.R. 135(g).  Counsel are responsible for knowing the rules governing electronic filing in the Eastern District.  Please review the Court's Local Rules effective January 3, 2005, and amended December 1, 2009, available on the Court's web site.

      16.   Effect of this Order:

The foregoing Order represents the best estimate of the Court and counsel as to the agenda most suitable to bring this case to resolution.  The trial date reserved is specifically reserved for this case.  If the parties determine at any time that the schedule outlined in this Order cannot be met, counsel are ORDERED to notify the Court *immediately* so that adjustments may be made, either by stipulation or by subsequent status conference.

Stipulations extending the deadlines contained herein will not be considered unless accompanied by affidavits or declarations and, where appropriate, attached exhibits which establish good cause for granting the relief requested.

**FAILURE TO COMPLY WITH THIS ORDER SHALL RESULT IN THE IMPOSITION OF SANCTIONS.**

IT IS SO ORDERED.

**Dated:   March 24, 2010**              **/s/ Sandra M. Snyder**
                                                      UNITED STATES MAGISTRATE JUDGE