1    GLYNN & FINLEY, LLP
     CLEMENT L. GLYNN, Bar No. 57117
2    JAMES M. HANLON, JR., Bar No. 214096
     MORGAN K. LOPEZ Bar No. 215513
3    MAUREEN RODGERS, Bar No. 245876
     One Walnut Creek Center
4    100 Pringle Avenue, Suite 500
     Walnut Creek, CA 94596
5    Telephone: (925) 210-2800
     Facsimile: (925) 945-1975
6

     Attorneys for Defendant
7    Castlerock Farming and Transport, Inc.

8

9

10

                           UNITED STATES DISTRICT COURT

11                EASTERN DISTRICT OF CALIFORNIA

12                        FRESNO DIVISION

13

| | |
|---|---|
| SILVESTRE SOTO and OLGA GALVAN, on behalf of themselves and all others similarly situated, | Case No. 09-cv-00701-AWI-JLT |
| Plaintiffs, | **DEFENDANT CASTLEROCK FARMING AND TRANSPORT INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS** |
| vs. | |
| CASTLEROCK FARMING AND TRANSPORT, INC., and DOES 1-20, | **Date:** June 22, 2011 |
| | **Time:** 10:00 a.m. |
| Defendants. | **Dept.:** Bakersfield |
| | **Before:** Hon. Jennifer L. Thurston |

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TABLE OF CONTENTS**

Page

I.   INTRODUCTION ................................................................................................1

II.  FACTUAL AND PROCEDURAL BACKGROUND.......................................2

III. ARGUMENT .....................................................................................................5

    A.   Plaintiffs' PAGA Claim is Time-Barred and Cannot Serve as the
        Basis for Discovery Demands................................................................5

    B.   Plaintiffs Have Not Made a *Prima Facie* Showing of a Certifiable
        Class or that the Demanded Documents are Likely to Substantiate
        Their Class Allegations...........................................................................7

        1.   Plaintiffs' Complaint Does Not Make a *Prima Facie* Showing
            of a Certifiable Class..................................................................8

        2.   Plaintiffs' Deposition Testimony and Declarations Do Not Make a
            *Prima Facie* Showing of a Certifiable Class .............................10

        3.   Plaintiffs Have Not Shown that the Demanded Documents are
            Likely to Substantiate Their Class Allegations .........................16

    C.   Mr. Garcia Does Not Have "Standing" to Demand the Discovery
        at Issue ..................................................................................................17

III. CONCLUSION.................................................................................................17

- i -

1

## TABLE OF AUTHORITIES

2

3

Page

4

### Cases

5   *Acevedo v. Ace Coffee Bar, Inc.*
        248 F.R.D. 550 (N.D. Ill. 2008) ............................................................15
6
    *Aleshire v. Harris, N.A.*
7       2010 WL 2720757, at *2 (N.D. Ill. July 8, 2010) ..............................7

8   *Amaral v. Cintas Corp. No.2*
        163 Cal.App.4th 1157 (Cal.App.2008) ..............................................6
9
    *Baas v. Dollar Tree Stores*
10      No. C07-03108, 2009 WL 1765759, *5 (N.D. Cal. June 18, 2009) ..........6

11  *Chavez v. Petrissian*
        2008 WL 4177797, at *4 (E.D. Cal. Sept. 5, 2008) ............................15
12
    *Doe v. D.M. Camp & Sons*
13      624 F.Supp.2d 1153 (E.D. Cal. 2008) ..................................................3

14  *Doninger v. Pacific Northwest Bell, Inc.*
        564 F.2d 1304 (9th Cir. 1977) ......................................................7, 8
15
    *Harris v. Vector Mkt. Corp.*
16      2010 WL 56179, at *3 (N.D. Cal. Jan 5, 2010) ..................................6

17  *Hatch v. Reliance Ins. Co.*
        758 F.2d 409 (9th Cir. 1985) ..............................................................16
18
    *Hill v. Eddie Bauer*
19      242 F.R.D. 556 (C.D. Cal. 2007) ......................................................15

20  *In re One Bancorp. Sec. Lit.*
        134 F.R.D. 4 (D. Maine 1991) ..............................................................14
21
    *Mantolete v. Bolger*
22      767 F.2d 1416 (9th Cir. 1985) ..............................................................7

23  *Martinet v. Spherion Atlantic Enterprises, LLC*
        No. 07cv2178, 2008 WL 2557490, at *4 (S.D. Cal. June 23, 2008) ..........15
24
    *Martinez v. Antique & Salvage Liquidators, Inc.*
25      No. C09-00997, 2011 WL 500029, at *7 (N.D. Cal. Feb. 8, 2011) ..........6

26  *Moreno v. Autozone, Inc.*
        2007 WL 1650942, at *2 (N.D. Cal. June 5, 2007) ............................6
27
    *Oppenheimer Fund, Inc. v. Sanders*
28      437 U.S. 340 (1978) ............................................................................7

Castlerock's Opposition to Motion to Compel; Case No. 09-cv-00701-AWI-JLT

1

**TABLE OF AUTHORITIES**

2

Page

3

**Cases**

4

*Santiago v. Amdocs, Inc.*
  2011 1303395, at *5 (N.D. Cal. Apr. 2, 2011) ...................................................5, 6

5

*Thomas v. Home Depot USA Inc.*
  527 F.Supp.2d 1003 (N.D. Cal. 2007) .............................................................6

6

7

*Tracy v. Dean Witter Reynolds, Inc.*
  185 F.R.D. 303 (D. Colo. 1998) ................................................................9, 14

8

*U.S. Equal Opportunity Comm'n v. ABM Indus. Inc.*
  2008 WL 5385618, at *7 (E.D. Cal. Dec. 23, 2008) ..........................9, 13, 14

9

10

*Vinole v. Countrywide Home Loans, Inc.*
  571 F.3d 935 (9th Cir. 2009) ......................................................................7

11

*Williams v. Veolia Transportation Services, Inc.*
  2008 WL 7389430, at *2 (C.D. Cal. Dec. 17, 2008) ...................................15

12

13

*Zator v. Sprint/United Mgmt. Co.*
  2011 WL 1157527, at *2 (S.D. Cal. March 29, 2011)...................................5

14

15

**Statutes**

16

  Federal

17

28 U.S.C. Section 1746.................................................................................11

18

Federal Rules of Civil Procedure
  Rule 23 ...................................................................................5, 8, 10, 17

19

  State

20

California Code of Civil Procedure
  Section 1985 ...........................................................................................16

21

22

California Labor Code Section
  Section 226 ...............................................................................................5
  Section 1174 .............................................................................................5
  Section 1695.55 ........................................................................................5
  Section 2699(a) .........................................................................................5

23

24

25

**Other**

26

*Schwarzer, Tashima, Wagstaffe,* California Practice Guide:  Federal Civil Procedure
Before Trial (The Rutter Group 2010), ¶10:740, p. 10:112.12......................16

27

28

1    Defendant Castlerock Farming and Transport, Inc. ("Castlerock") respectfully opposes

2  plaintiffs' motion to compel the production of hundreds of thousands of pages of employee

3  records.  Plaintiffs seek radically overbroad discovery in this putative wage-and-hour class

4  action.  As discussed below, the plaintiffs fail to inform the Court that Castlerock already has

5  produced more than 18,500 pages of documents, ignore and misstate governing case law, and

6  rely upon a pre-fabricated, third-party declaration that was largely contradicted when the

7  declarant was deposed.  Sometimes parties have good faith discovery disputes, where fair-

8  minded lawyers can disagree about the propriety of requests and the parties need the Court to

9  make a tough decision.  This is not such an instance.  The plaintiffs are not close to making the

10  evidentiary showing required by settled precedent on class certification discovery.  The motion

11  should be denied in its entirety.

12  **I.     INTRODUCTION**

13    The plaintiffs, wife and husband, worked for <u>two weeks</u> in September and

14  October 2003 picking table grapes on a ranch operated by Castlerock, a family-owned-and-

15  operated table-grape grower based in Delano, California.  The plaintiffs were not employed by

16  Castlerock – they worked for a farm labor contractor ("FLC") with which Castlerock had

17  contracted for harvesting services.  In discovery, Castlerock has produced all of the records in its

18  possession, custody, or control that pertain to persons employed by that FLC, which was called

19  Golden Grain Farm Labor ("Golden Grain").  Altogether, Castlerock has gathered and produced

20  more than 18,500 pages of documents.  These include all records that Castlerock has concerning

21  the two plaintiffs, as well as all records concerning anyone who worked on the same crew as the

22  plaintiffs, and anyone who worked for the same FLC as the plaintiffs.

23    Castlerock spent many dozens of hours gathering, sorting, and copying the

24  produced documents, which were at least six years old and resided only in hard copy. [1]

25  Plaintiffs' counsel fail to mention this production at all in their brief, instead misinforming the

26  Court that Castlerock "has refused to produce responsive documents relating to the entire class"

27  _____

28  [1]   Castlerock ceased doing business with Golden Grain in 2004, and Golden Grain went out
of business in approximately 2005.

- 1 -

1    and "is hiding the very evidence that would put the certification issues to rest."  Opening Br. at

2    2:12-13, 9:10-11.  To the contrary, Castlerock has produced all of the records that it has for the

3    plaintiffs and anyone employed by the same FLC.  The produced records pertain to hundreds of

4    workers.

5           Plaintiffs' counsel demand more documents because they claim to represent a

6    wage-and-hour class of not just the persons on the plaintiffs' crew, and not just persons

7    employed by the same FLC, but instead a class of (i) <u>all</u> of Castlerock's direct employees since

8    2001 and (ii) <u>all</u> employees of <u>any</u> other FLC who performed work at a Castlerock ranch or

9    facility since 2001.  Plaintiffs' counsel thus seek to certify a radically overbroad class and to

10   harass, burden, and intrude upon Castlerock by demanding production of hundreds of thousands

11   of pages of irrelevant documents.

12          As discussed below, plaintiffs are not entitled to the disputed discovery under

13   well-settled principles governing class certification discovery.  Plaintiffs have not made a *prima*

14   *facie* showing of a certifiable class, and the requested discovery is not likely to substantiate the

15   class allegations.  Nor can plaintiffs rely on a time-barred PAGA claim as a basis for discovery.

16   More fundamentally, despite already having received more than 18,500 pages of wage-and-hour

17   records for Golden Grain employees, plaintiffs' counsel have not pointed to a single wage-and-

18   hour violation evidenced by any of those documents.  If plaintiffs' counsel cannot identify an

19   actionable violation in the 18,500 pages of Golden Grain records that they already have, then

20   they have no basis for demanding additional documents pertaining to companies for which the

21   plaintiffs never worked.  For all of these reasons, plaintiffs' motion should be denied.

22   **II.    FACTUAL AND PROCEDURAL BACKGROUND**

23          Plaintiffs worked for two weeks in September and October 2003 picking grapes at

24   a vineyard operated by Castlerock.  Declaration of Lawrence Lutz ("Lutz Decl.") ¶ 2.  Plaintiffs

25   worked on a crew supplied by Golden Grain, an FLC that contracted with Castlerock to provide

26   harvesting services.  *Id.*

27   ///

28   ///

- 2 -

1         On November 9, 2005, plaintiffs' counsel filed a putative class action against

2   Castlerock and other Central Valley table-grape growers, broadly asserting that the defendants

3   failed to pay proper wages by forcing employees to work off the clock and to purchase tools out

4   of pocket, and failing to pay minimum required wages, to provide required meal and rest periods,

5   to provide accurate itemized wage statements, and to maintain time records. *See Doe v. D.M.*

6   *Camp & Sons*, 624 F.Supp.2d 1153, 1155-56 (E.D. Cal. 2008). The original complaint was a

7   Doe complaint, which did not name any lead plaintiffs. The plaintiffs in this lawsuit were not

8   named as parties until plaintiffs' counsel filed a Third Amended Complaint on May 29, 2008 –

9   more than <u>four</u> <u>years</u> after the plaintiffs spent two weeks working on Castlerock's ranch.[2]

10         On March 31, 2008, the Hon. Anthony W. Iishi granted defendants' motion to

11   sever the complaint and subsequently required that each defendant be sued in a separate action.

12   *Id.* at 1174. In granting defendants' motion to sever, Judge Iishi rejected plaintiffs' counsel's

13   unsubstantiated claim that there had been coordinated action among defendants with respect to

14   their labor practices, and also rejected plaintiffs' counsel's argument that they should be

15   permitted to sue all table-grape growers in a given employment market without showing that any

16   specific plaintiff was in fact employed by a specific defendant. *Id.* at 1161-63.   Instead, the

17   Court ordered plaintiffs' counsel to proceed against each grower individually, based on claims

18   by lead plaintiffs who actually worked on the grower's land. *Id.*

19         On April 20, 2009, plaintiffs filed the operative class action complaint against

20   Castlerock. Plaintiffs simply restate the claims asserted against all of the growers in the 2005

21   action. Eight months later, on January 27, 2010, plaintiffs propounded on Castlerock a request

22   to produce documents relating to 19 different categories. Those categories include wage,

23   payroll, and time-keeping information pertaining to <u>all</u> of Castlerock's direct employees from

24   2001 onwards, and <u>all</u> employees of <u>any</u> FLC used by Castlerock who worked at a Castlerock

25   ranch or facility during the same time period. Plaintiffs make this request despite the fact that

26   ――――――――――

27       [2]   Castlerock never directly employed either plaintiff. Lutz Decl. ¶ 2. The named plaintiffs
    sued under a theory that Castlerock jointly employed them with Golden Grain. Castlerock

28   disputes this foundational claim, but the Court need not take up the issue on this motion.

1   they never worked directly for Castlerock and never worked for any FLC other than Golden

2   Grain on Castlerock land.

3            On October 14, 2010, Castlerock agreed to produce documents concerning

4   persons employed by Golden Grain who performed work on Castlerock ranches, but stated that it

5   would "not produce any documents for persons directly employed by Castlerock or employed by

6   any of Castlerock's contractors or subcontractors other than Golden Grain Farm Labor."

7   Declaration of James M. Hanlon, Jr. ("Hanlon Decl.") ¶ 2, Ex. A at 5, *et seq*.  In late

8   December 2010, Castlerock produced more than 18,500 pages of documents pertaining to

9   persons employed by Golden Grain who had performed work on Castlerock ranches.[3]  *Id*. ¶ 3.

10           Plaintiffs' counsel never sent meet-and-confer correspondence pertaining

11  specifically to Castlerock's responses to the requests for production or the later document

12  production.  In other contexts, the parties discussed the breadth of the plaintiffs' discovery

13  demands.  The parties conducted a telephone meet-and-confer conference on January 14, 2011,

14  where Castlerock reaffirmed that it would not produce employee records for its direct employees

15  and those of other FLCs.  Hanlon Decl. ¶ 4.  Castlerock suggested that the plaintiffs bring a

16  motion if they were dissatisfied with the production.  *Id*.  Plaintiffs finally did so on February 23,

17  2011.  On February 28, 2011, Magistrate Judge Snyder ordered three-stage briefing on this

18  motion at Castlerock's request.  Castlerock requested three-stage briefing because plaintiffs'

19  overbroad demands would impose an undue burden and be extremely intrusive.

20           Plaintiffs demand wage-and-hour documents for all of Castlerock's direct

21  employees and all employees of any FLC that has done work for Castlerock since

22  November 2001.  That production would likely exceed 250,000 pages of documents, many of

23  which reside only in hard copy.  Lutz Decl. ¶ 5.  During the relevant time period (more than nine

24  years, according to the plaintiffs), Castlerock had more than 150 direct employees, and did

25  business with more than 120 FLCs.  *Id*. ¶ 4.  Locating and pulling these documents for

26  _____

27       [3]  Plaintiffs' counsel refused to pay the copy costs for their production set, and did not
    physically receive the documents until February 10, 2011, after Magistrate Judge Snyder ordered
28  plaintiffs to reimburse Castlerock for the copying expenses.

1    production would take Castlerock well more than 100 hours of employee time.[4] *Id.* ¶ 6.

2    **III.    ARGUMENT**

3                Plaintiffs' motion to compel should be denied for three reasons: (i) Plaintiffs'

4    PAGA claim is time-barred and cannot serve as the basis for discovery demands; (ii) Plaintiffs

5    have not made a *prima facie* showing of a class that may be certified; and (iii) Plaintiffs have not

6    shown that the requested documents are likely to substantiate class allegations sufficiently to

7    allow class certification.  These three strikes mean that plaintiffs are out on their demand for

8    additional documents.

9            **A.    Plaintiffs' PAGA Claim is Time-Barred and Cannot Serve as the Basis for
                Discovery Demands.**

10

11               Plaintiffs claim entitlement to broader discovery rights under California Labor

12   Code section 2699(a) (the Private Attorneys General Act, or "PAGA") than they otherwise

13   would have under a class action governed by Federal Rule of Civil Procedure 23.  Castlerock

14   disagrees, but the Court need not decide the issue because the plaintiffs' PAGA claim is time

15   barred and cannot serve as the basis for discovery demands.

16               Plaintiffs incorrectly state that a three-year statute of limitations applies to their

17   PAGA claim.  Opening Br. at 11:22.  Courts <u>unanimously</u> have held that a one-year statute of

18   limitations applies to PAGA claims.  *Santiago v. Amdocs, Inc.*, 2011 1303395, at *5 (N.D. Cal.

19   Apr. 2, 2011) (one-year statute of limitations period applies to PAGA claims); *Zator v.*

20   *Sprint/United Mgmt. Co.*, 2011 WL 1157527, at *2 (S.D. Cal. March 29, 2011) (same); *Martinez*

21   _____

22   [4]   Plaintiffs' counsel's assertions that "Defendant has not and cannot demonstrate an undue
     burden in producing time and payroll records.  Defendant is required by law to maintain, in a
     central location, time and payroll information of employees, including employees of FLCs, and
23   to make it available upon request to the State." are highly misleading.  *See* Opening Br. at 17:4-
     7.  Here, plaintiffs' counsel demand the production of <u>nine years</u> of wage-and-hour records.
24   California Labor Code section 226 does not impose a record-retention duty at all.  California
     Labor Code section 1174 requires that records be retained for two years.  California Labor Code
25   section 1695.55 requires that FLC records be retained during the term of the labor contract.  And
     the referenced Wage Orders (two of which do not even apply to the plaintiffs) require only that
26   records be retained for three years.  There is <u>no</u> legal requirement that Castlerock maintain wage-
     and-hour records ready for inspection or production for more than three years – much less the
27   nine years demanded by plaintiffs' counsel.  Counsel's assertion to the contrary is an attempt to
     mislead the Court concerning the burden of the demanded production.

28

1  *v. Antique & Salvage Liquidators, Inc.*, No. C09-00997, 2011 WL 500029, at *7 (N.D. Cal. Feb.

2  8, 2011) (same); *Harris v. Vector Mkt. Corp.*, 2010 WL 56179, at *3 (N.D. Cal. Jan 5. 2010)

3  (same); *Baas v. Dollar Tree Stores,* No. C07-03108, 2009 WL 1765759, at *5 (N.D. Cal. Jun.18,

4  2009) (same); *Thomas v. Home Depot USA Inc.*, 527 F.Supp.2d 1003, 1008 (N.D. Cal. 2007)

5  (same); *Moreno v. Autozone, Inc.*, 2007 WL 1650942, at *2 (N.D. Cal. June 5, 2007) (same); *see*

6  *also Amaral v. Cintas Corp. No. 2*, 163 Cal.App.4th 1157, 1199 (Cal. App. 2008) (noting that

7  "the trial court determined that PAGA penalties are subject to a one-year statute of limitations").

8  Plaintiffs' counsel violate their duty of candor to the Court and completely ignore this mountain

9  of authority in their opening brief. *See* Opening Br. at 11-12.

10        Without mentioning the <u>seven</u> federal decisions on point, plaintiffs' counsel argue

11  that the limitations period applicable to the alleged underlying statutory violation should be

12  borrowed for the PAGA claim. Opening Br. at 11:22-26. But this precise argument has been

13  rejected, time and again, by other courts.  In *Thomas*, for instance, the Northern District of

14  California specifically rejected the argument that the underlying basis for liability should govern

15  the statutory period under PAGA, and instead applied the one-year statute of limitations

16  governing actions for penalties to the PAGA claim. 527 F. Supp. 2d at 1008.  The court made its

17  ruling because "a PAGA claim is, by definition, a claim for civil penalties," and not a

18  substantive component of the law.  *Id.*  Therefore the one-year statute of limitations for penalties

19  found at California Code of Civil Procedure section 340 applies to PAGA claims.  *Id.*

20        Before bringing a PAGA claim, an employee must first request administrative

21  action by the California Labor and Workforce Development Agency ("LWDA"), so every court

22  to consider the issue has held that "[a]s a prerequisite to filing a PAGA claim, an employee must

23  make an administrative complaint with the [LWDA] within one year of the alleged violation."

24  *Santiago*, 2011 WL 1303395 at *5 (citing *Thomas*, 527 F. Supp. 2d at 1007).  Plaintiffs worked

25  on a Castlerock ranch for just two weeks in September and October 2003, as part of a Golden

26  Grain picking crew. Lutz Decl. ¶ 2. At the request of Castlerock's counsel, plaintiffs' counsel

27  produced a copy of a complaint to the LWDA dated January 24, 2006. Hanlon Decl. ¶ 5, Ex. B.

28  The LWDA complaint was, thus, made more than two years after the plaintiffs worked on a

- 6 -

1   Castlerock ranch, and plaintiffs' PAGA claim is time-barred.[5]  A time-barred claim cannot serve

2   as a basis for discovery.  *See, e.g., Aleshire v. Harris, N.A.*, 2010 WL 2720757, at *2 (N.D. Ill.

3   July 8, 2010) (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352 (1978)).

        **B.**      **Plaintiffs Have Not Made a *Prima Facie* Showing of a Certifiable Class or**

4                           **that the Demanded Documents are Likely to Substantiate Their Class**

5                           **Allegations.**

6           Continuing to disregard and ignore settled law, plaintiffs' counsel misstate the

7   scope of permissible discovery in class actions under Federal Rule of Civil Procedure 23 and

8   imply that such discovery is routinely permitted "to afford the litigants an opportunity to present

9   evidence as to whether a class action is maintainable."  Opening Br. at 8:25-26 (citing *Vinole v.*

10  *Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009)).  It is well settled, however,

11  that discovery related to class certification is <u>not</u> automatic and plaintiffs seeking class

12  certification under Rule 23 bear a greater burden in seeking discovery than do ordinary civil

13  plaintiffs under Rule 26, which plaintiffs cite misleadingly.  *See* Opening Br. at 7:15-20.

14          Plaintiffs seeking class certification discovery bear the "burden of advancing a

15  prima facie showing that the class action requirements of Federal Rule of Civil Procedure 23 are

16  satisfied or that discovery is likely to produce substantiation of the class allegations."  *Mantolete*

17  *v. Bolger,* 767 F.2d 1416, 1424 (9th Cir. 1985).  When "plaintiffs fail to make even a prima facie

18  showing of Rule 23's prerequisites . . . the burden is on the plaintiff to demonstrate that discovery

19  measures are <u>likely</u> to produce persuasive information substantiating the class action

20  allegations."  *Doninger v. Pacific Northwest Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977)

21  (emphasis added); *see also Vinole,*, 571 F.3d at 942 (recognizing that "discovery measures" must

22  be "likely to produce persuasive information substantiating class action allegations. . . .").

23  Plaintiffs' counsel do not even mention the governing test for class certification discovery in

24  their opening brief.  Instead they invite the Court to shift the burden of proof on class

25  _____

26      [5]   The administrative complaint letter also is deficient for other reasons that the Court need not take up on this motion.  For example, the letter was sent by counsel and does not even identify the plaintiffs as the allegedly aggrieved employees.  This omission is not surprising – in

27  January 2006 the plaintiffs' counsel were suing Castlerock without any named plaintiffs and likely had not even been retained as counsel by plaintiffs Soto and Galvan at that time.

28

1   certification discovery to Castlerock, which would be clear reversible error.  *See* Opening Br. at

2   9:8-10 (arguing that Castlerock's "argument presupposes a Rule 23 determination without the

3   slightest bit of evidence that Plaintiffs' claims are not typical or common").

4           As with their PAGA argument, plaintiffs' counsel attempt misdirection because

5   the settled law forecloses the discovery demands.  Plaintiffs fail both steps of the required

6   analysis.  First, plaintiffs have not made a *prima facie* showing that they have a certifiable class

7   under Rule 23.  Second, plaintiffs have not shown through evidence that the demanded

8   documents are "likely to produce persuasive information substantiating the class action

9   allegations."  *See Doninger*, 564 F.2d at 1313.  As discussed below, courts routinely deny class

10  certification discovery when putative class plaintiffs overreach in this manner during class

11  certification discovery.

12          **1.**    **Plaintiffs' Complaint Does Not Make a *Prima Facie* Showing of a

13                 Certifiable Class.**

14          To certify a wage-and-hour class of all of Castlerock's direct employees, all

15  Golden Grain employees who worked at a Castlerock ranch or facility, and all employees of

16  other FLCs who worked at a Castlerock ranch or facility, plaintiffs must show:  (i) a numerous

17  class; (ii) that common questions of law or fact predominate; (iii) that the lead plaintiffs' claims

18  are typical; and (iv) that the lead plaintiffs and counsel will fairly and adequately protect the

19  interests of the class.  Fed. R. Civ. P. 23(a).  The plaintiffs have not made a *prima facie* showing

20  that common questions of law or fact predominate or that the lead plaintiffs' claims are typical.[6]

21          Plaintiffs' Complaint is devoid of facts and does little more than recite various

22  provisions of wage-and-hour law and baldly assert that Castlerock failed to comply with them.

23  For example, the Complaint fails to identify where the plaintiffs worked at Castlerock or what

24  type of work they performed and lacks facts supporting the claims that Castlerock committed the

25  alleged violations.  Additionally, the Complaint fails to discuss how plaintiffs were purportedly

26  forced to "work off the clock" and go without meal periods or breaks or denied minimum wage

27   

28      [6] Castlerock disputes numerosity and adequacy as well, but these issues need not be joined
on this motion.

1    or itemized wage statements. *See* Compl. ¶ 14 (Docket No. 1).  The vagueness is not surprising

2    because plaintiffs' counsel did not tailor the complaint to Castlerock when Judge Ishii severed

3    this case from the consolidated case against multiple growers; instead, plaintiffs' counsel simply

4    re-filed the same vague, generalized complaint while naming Castlerock as the sole defendant.

5    It is axiomatic that a Complaint that fails to explain how an employer violated various labor code

6    and regulatory provisions with respect to the named plaintiffs likewise fails to demonstrate how

7    the putative class members' rights were violated.

8           Nor does plaintiffs' Complaint allege facts showing that Castlerock and all of its

9    FLCs had a policy or practice of committing the same alleged wage-and-hour violations.  The

10   Complaint says nothing concrete about how the plaintiffs are similarly situated to all other

11   Castlerock direct employees or the employees of other FLCs.  For example, in its "Class Action

12   Allegations" section, the Complaint asserts baldly that "[t]he claims of the named Plaintiffs are

13   typical of the same claims of the Class.  Plaintiffs and all members of the Class sustained injuries

14   and damages arising out of and caused by Defendants' common course of conduct in violation of

15   California laws, regulations, and statutes as alleged herein." *Id.* ¶ 27.  This is bald, conclusory

16   pleading that falls far short of plaintiffs' burden to show a *prima facie* certifiable class <u>before</u>

17   receiving the discovery they demand.

18          To make a *prima facie* showing, the plaintiffs must allege <u>specific</u> <u>facts</u>

19   supporting their claims. *See, e.g., U.S. Equal Employment Opportunity Comm'n v. ABM Indus.*

20   *Inc.*, 2008 WL 5385618, at \*7 (E.D. Cal. Dec. 23, 2008) (in class certification discovery "[t]he

21   mere fact that a lawsuit has been filed is not evidence of Plaintiffs' claims").  For example, in

22   *Tracy v. Dean Witter Reynolds, Inc.*, 185 F.R.D. 303, 305 (D. Colo. 1998), plaintiffs alleged that

23   Dean Witter had a "nationwide de facto policy and practice of refusing to pay earned and

24   reported overtime wages as required by the FLSA," and on that basis requested discovery

25   relating to employees in Dean Witter offices other than the office in which plaintiffs worked. *Id.*

26   at 304.  Despite plaintiffs' assertion of Dean Witter's wide-reaching policy and practice, the

27   court <u>denied</u> the discovery requested by plaintiffs because there was no factual basis for the court

28   to conclude that this discovery would "yield support for the class allegations which ha[d] been

- 9 -

1   made." *Id.* at 312.  The plaintiffs' vague, conclusory pleading does not come close to alleging

2   specific facts sufficient to state a *prima facie* certifiable class.

3        **2.      Plaintiffs' Deposition Testimony and Declarations Do Not Make a**
         ***Prima Facie* Showing of a Certifiable Class.**
4

5            Aware that the Complaint does not establish a *prima facie* class that may be

6   certified under Rule 23, plaintiffs' counsel attempted to bolster their motion by submitting

7   deposition testimony from one plaintiff, a declaration from the other, and declarations from three

8   other putative class members.  Plaintiffs' counsel refused to allow Castlerock to depose the three

9   declarants, and Castlerock had to obtain an order from the Court that the depositions proceed.

10  Docket No. 35.  It is no wonder that plaintiffs' counsel fought to shield the declarants from

11  deposition: one of the declarants refused to be deposed at all[7], a second claimed to become ill

12  during her deposition and then refused to appear to complete the deposition, and the third

13  declarant contradicted his sworn statements at deposition.  It is now clear that plaintiffs' counsel

14  submitted false declarations to this Court, just as they have done to at least one other court.[8]

15           It is undisputed that the two plaintiffs only worked for two weeks on a Castlerock

16  ranch, as Golden Grain employees in September and October 2003.  The plaintiffs worked on

17  just one harvest crew, for just one foreperson, and can say only what they saw and experienced

18  while working on that one crew for two weeks (more than seven years ago).  The plaintiffs have

19  no knowledge of the working conditions of anyone other than those few persons also on their

20  harvest crew for the two weeks.  It would be difficult to fathom weaker lead plaintiffs in a

21  ///

22  ///

23       [7]   Plaintiffs claim that former declarant Franco Ensaldo "was not available" to be deposed.
     Opening Br. at 2, fn.1.  Mr. Ensaldo lives in Richgrove, so Castlerock's counsel offered to take
24   his deposition in Bakersfield.  Counsel also offered to depose Mr. Ensaldo on the weekend, if
     necessary.  The fact that Mr. Ensaldo would not appear to be deposed had nothing to do with
25   availability and everything to do with not wanting to have to answer questions under oath.

26       [8]   In September 2010, plaintiffs' lead counsel, the Mallison & Martinez firm, were found by
     an Alameda County judge to have submitted false declarations to the court in support of a class
27   certification motion.  The judge found that the Mallison & Martinez firm would be inadequate
     class counsel on this basis.  Hanlon Decl. ¶ 7, Ex. D at p. 11:23-13:4.
28

1   putative wage-and-hour class action, especially one so broadly pled.[9]  The plaintiffs have no

2   evidence to support their counsel's arguments that "Castlerock exercises ultimate control over

3   the labor practices at issue" or "Castlerock remains in control of the working conditions no

4   matter which FLC is brought on to assist with supervision and payroll."  Opening Br. at 3:7-15.

5   They have no personal knowledge whether the alleged violations that they say occurred while

6   they worked for one Golden Grain crew also were experienced by workers on other Golden

7   Grain crews, Castlerock's direct employees or the employees of other FLCs.[10]

8          Plaintiffs' counsel know that the plaintiffs cannot carry the evidentiary burden

9   necessary for the demanded discovery, so they originally submitted three third-party declarations

10   from persons who said they worked on a Castlerock ranch under employers other than Golden

11   Grain.  But two of those declarants refused to comply with the Court's order that they appear for

12   deposition, so their declarations have been withdrawn.  The only remaining declarant, Javier

13   Garcia, is not reliable because at deposition he contradicted his own declaration.  Mr. Garcia

14   declared that "I was never given a complete thirty (30) minute lunch break without interruptions,

15   during my shift" and "Many times the rest breaks were not for the full ten (10) minutes."  Garcia

16   Decl. ¶¶ 7, 8 (Docket No. 38-6).  At deposition Mr. Garcia testified that he <u>did</u> take a full 30-

17   minute lunch break and <u>did</u> take the entire 10-minute rest breaks:

18          Q:  You took the 30 minutes for lunch and resting?

19          A:  Yes.

20                          *          *          *

21

22   _____

23     [9]   The fact that plaintiffs' counsel named such weak lead plaintiffs is strong evidence that
     there were no wage-and-hour violations.  If there were such widespread abuse as plaintiffs'
24   counsel argues, then surely counsel could and would have named lead plaintiffs who spent
     significant time working on Castlerock ranches.  The selection of plaintiffs Soto and Galvan was
25   not rushed.  Plaintiffs' counsel were not ordered to name plaintiffs specific to Castlerock until
     May 2008, by which time the lawsuit had been pending for two-and-a-half years.
26
     [10]   In addition, the affirmation in Mr. Soto's declaration does not state that the declaration
27   was made under penalty of perjury, and instead references just California state law.  *See* Soto
     Decl. (Docket No. 38-5).  Accordingly, the declaration is defective under 28 U.S.C. section 1746
28   and is not evidence that could be considered by the Court, even were it relevant to this motion.

1    Q: And we talked about there were – there was a 10-minute break in the morning

2         for eating breakfast?

3    A: Yes.

4    Q: And you would take that whole ten minutes?

5    A: Yes.

6    Q: What about in the afternoon, was there a second break given to you?

7    A: Yes.

8    Q: What would you do during that period, during that break?

9    A: Rest.

10   Q: Did you rest in the rows where you were working?

11   A: Yes.

12   Q: And would you rest for the whole ten minutes?

13   A: Yes.

14   Hanlon Decl. ¶ 6, Ex. C at pp. 99:13-15, 99:19-100:12.[11]  In his declaration, Mr. Garcia made

15   only two substantive allegations of wage-and-hour violations: (i) that he was required to work

16   before and after his shift without compensation and (ii) that he was not given meal and rest

17   breaks.  *See* Garcia Decl. ¶¶ 5-9 (Docket No. 38-6).  At deposition, Mr. Garcia recanted <u>half</u> of

18   the alleged violations.

19        In addition to contradicting his own declaration, Mr. Garcia also contradicted

20   Mr. Soto's declaration.  Mr. Soto declared that "Dario" – a Castlerock supervisor – "was the one

21   who would fire employees."  Soto Decl. ¶ 6 (Docket No. 38-5).  Mr. Garcia worked on

22   Castlerock ranches for about four years, much longer than Mr. Soto's two weeks, and testified at

23   deposition that he <u>never</u> saw anyone other than his foreman fire a worker.  Hanlon Decl. ¶ 6,

24   Ex. C at p. 118:1-14.

25   ///

26   _____

27   [11]  After conferring with one of the plaintiffs' attorneys during a break, Mr. Garcia changed
     his testimony to say that he sometimes skipped his breaks while performing piece-rate work
     ("tipping" the vines), but always took them while harvesting.  Hanlon Decl. ¶ 6, Ex. C at
28   pp. 105:19-108:23.  Even the re-conditioned testimony clearly contradicts his declaration.

- 12 -

1     Mr. Garcia revealed at deposition that he has no knowledge concerning why

2  Castlerock began using FLCs (rather than direct employees) or the relationship between

3  Castlerock and Golden Grain. *Id.* at pp. 40:11-14, 73:16-18.[12] Mr. Garcia also testified that the

4  entire time he worked on a Castlerock ranch he had the same foreman – Arturo Perez – and that

5  it was Mr. Perez who told him to arrive before his shift to begin work. *Id.* at pp. 68:4-18; 78:25-

6  79:3. So, even were Mr. Garcia's testimony credible (which it is not, because either his

7  declaration or his deposition is false on important points), he knows nothing about Castlerock's

8  relationships with its FLCs and can testify only to the practices of one foreman.[13] Like plaintiffs

9  Soto and Galvan, Mr. Garcia cannot present evidence that "class members worked for different

10  FLCs controlled by Castlerock" or that "the labor abuses at Castlerock were consistently the

11  same regardless of the FLC." Opening Br. at 7:7-9. Mr. Garcia can say only that one foreman

12  made him arrive early and stay late. That is wholly insufficient to meet plaintiffs' evidentiary

13  burden for the demanded discovery.

14     *U.S. Equal Employment Opportunity Commission v. ABM Industries Inc.* was

15  quite similar to the case at bar, even involving the same plaintiffs' counsel. 2008 WL 5385618.

16  There, the EEOC and intervening plaintiffs sought class certification discovery concerning

17  alleged workplace sexual harassment. The named plaintiffs could support only localized

18  allegations that one particular supervisor committed sexual harassment, but the EEOC and the

19  intervening plaintiffs (who were represented by Mallison & Martinez, lead counsel for the

20  plaintiffs here) sought statewide class certification discovery. *Id.* at *5-8. As here, the plaintiffs

21  wanted extremely broad discovery – the names and contact information for all of the defendant's

22  employees in California, as well as all documents pertaining to complaints of sexual harassment

23  arising out of the defendant's California operations. *Id.* at *3. Also as here, the plaintiffs

24  supported their motion to compel with a third-party declaration, but Magistrate Judge Goldner

25  ────────────────────

26  [12] In his deposition testimony, Mr. Garcia refers to Rogelio Casimiro, who held the Golden Grain farm labor contractor license and did business under the name Golden Grain.

27  [13] During harvest, there are as many as 30 crews picking grapes on Castlerock's land, each with its own foreperson. Lutz Decl. ¶ 4.

28

- 13 -

1   found that the declaration was "essentially conclusory in nature" and "provide[d] only a

2   modicum of evidence regarding the extent of any Plaintiff's claims." *Id.* at *8.  The court found

3   that "the only purpose of statewide discovery at this point, would be to allow Plaintiffs to search

4   for other employees with colorable claims." *Id.*  The court found that the demand for statewide

5   discovery from the defendant was a "fishing expedition" and "an inappropriate use of

6   discovery." *Id.*  Magistrate Judge Goldner denied the plaintiffs' demands for statewide

7   discovery, *id.*, just as the plaintiffs' overbroad demands for discovery concerning Castlerock's

8   direct employees and the employees of other FLCs should be denied.

9           One of the most striking aspects of the plaintiffs' motion is what it does <u>not</u> say.

10  Castlerock has produced more than 18,500 pages of wage-and-hour records for every Golden

11  Grain employee who worked at a Castlerock ranch or facility from November 2001 through the

12  end of 2004.  (Castlerock ceased doing business with Golden Grain in late 2004.)  If Castlerock

13  and its FLCs had a joint policy of pursuing wage-and-hour violations, then plaintiffs should be

14  able to establish those violations through the 18,500 pages of Golden Grain documents that

15  <u>already</u> have been produced.  Instead, the plaintiffs do not cite a <u>single</u> produced document; their

16  silence is deafening.

17          Why are plaintiffs entitled to more wage-and-hour documents for Castlerock's

18  direct employees and those of other FLCs when they cannot use the 18,500 pages of documents

19  that they already have to prove a *prima facie* violation at least as to those persons employed by

20  Golden Grain?  The answer, of course, is that plaintiffs are <u>not</u> entitled to additional documents.

21  *See, e.g., Dean Witter*, 185 F.R.D. at 304 (denying class discovery as to Dean Witter's offices

22  other than the office in which plaintiff worked because there was no evidence of an unlawful

23  nationwide policy; the fact that 10 women in 3 separate offices failed to receive overtime

24  compensation after allegedly reporting overtime hours was not sufficient to establish

25  commonality); *U.S. Equal Employment Opportunity Comm'n v. ABM Indus., Inc.*, 2008 WL

26  5385618, at *8 (E.D. Cal. Dec. 23, 2008) (refusing to permit discovery as to statewide workforce

27  because plaintiff failed to show that it would support class allegations); *In re One Bancorp. Sec.*

28  *Lit.*, 134 F.R.D. 4, 12 (D. Maine 1991) (denying certain of plaintiffs' discovery requests due to

- 14 -

1   an "absence of a fact-specific allegation showing a likelihood that the requested material would

2   be relevant.").[14]

3            Even though they already have over 18,500 pages of wage-and-hour records,

4   plaintiffs rely on mere <u>inference</u> that Castlerock and the FLCs with which it contracted violated

5   the Labor Code under a common policy and pattern.  This backwards approach to class

6   certification discovery has been repeatedly rejected by courts, including by the Central District

7   of California in *Williams v. Veolia Transp. Servs., Inc.*, 2008 WL 7389430, at *2 (C.D. Cal. Dec.

8   17, 2008).  In *Williams*, the court denied a motion to compel further discovery by plaintiffs in a

9   "case revolv[ing] around meal periods, rest breaks and payment of proper overtime." *Id.*

10  Plaintiffs failed to show that discovery was likely to substantiate their class allegations, rather,

11  they "rel[ied] solely on an inference that if drivers missed meal periods and rest breaks, and were

12  not paid proper overtime under the AVTA contract, then all of Veolia's other non-exempt

13  employees in other job classifications or contracts must have suffered the same fate." *Id.*

14  Because they relied on inferences, the court concluded that plaintiffs failed to show that

15  "discovery is likely to produce substantiation of state-wide class allegations." *Id.* at *3; *see also*

16  *Martinet v. Spherion Atl. Enters., LLC*, 2008 WL 2557490, *4 (S.D. Cal. June 23, 2008)

17  (denying pre-class certification discovery as to state-wide employees at different facilities, and

18  limiting discovery to the office where plaintiff was employed in action asserting wage-and-hour

19  violations under California Labor Code and PAGA); *Acevedo v. Ace Coffee Bar, Inc.*, 248 F.R.D.

20  550, 556 (N.D. Ill. 2008) (in action based on alleged failure to pay overtime wage, discovery

21  limited to facility at which plaintiffs worked).

22           Plaintiffs have not established a *prima facie* case that Castlerock engaged in a

23  company-wide (and FLC-wide) pattern and practice of wage-and-hour violations.  At most, the

24  ──────────────

25  [14]  The two cases that plaintiffs claim support their broad discovery for purposes of class
    certification are not on point.  *Chavez v. Petrissian*, 2008 WL 4177797, at *4 (E.D. Cal. Sept. 5,
    2008) dealt with a wage-and-hour class action where the <u>total class members numbered only 57</u>,

26  and all were employed by a <u>single</u> company. *Id.* at *2.  Similarly, *Hill v. Eddie Bauer*, 242
    F.R.D. 556 (C.D. Cal. 2007) involved a wage-and-hour class action against a <u>single</u> employer.

27  Neither case dealt with the type of overbroad class at issue here, where plaintiffs purport to
    represent persons who worked for other direct employers.

28

- 15 -

Castlerock's Opposition to Motion to Compel; Case No. 09-cv-00701-AWI-JLT

1    plaintiffs' testimony pertains to a class of former Golden Grain employees of the crew in which

2    they worked.  But, plaintiffs' counsel already have all of the documents that pertain to all Golden

3    Grain crews and plaintiffs' counsel have not identified a <u>single</u> wage-and-hour violation

4    evidenced in those records.  Under the application of well-settled law, plaintiffs are not entitled

5    to the demanded discovery.

6             **3.      Plaintiffs Have Not Shown that the Demanded Documents are Likely**
              **to Substantiate Their Class Allegations.**

7

8             Just as they have not shown a *prima facie* class that may be certified, plaintiffs

9    also have not shown that the demanded documents are <u>likely</u> to substantiate their class

10   allegations.  As discussed above, Castlerock already has produced more than 18,500 pages of

11   wage-and-hour records for all persons employed by Golden Grain who worked at a Castlerock

12   ranch.  This production includes the plaintiffs' wage-and-hour records.  Plaintiffs have not

13   identified a single wage-and-hour violation evidenced by any of the produced documents.  If the

14   plaintiffs have not found any violations in the Golden Grain records, then they have no basis

15   upon which to contend that comparable records for Castlerock's direct employees and for other

16   FLCs are "likely" to substantiate their class allegations.

17            Castlerock has not stonewalled the plaintiffs.  It voluntarily produced more than

18   18,500 pages of records pertaining to the FLC that employed the plaintiffs.  The plaintiffs have

19   found nothing actionable.  The next step is not to broaden their search – it is to move to class

20   certification so that this meritless lawsuit finally may be resolved after more than five years.[15]

21   _____

22   [15]      Castlerock also asserts that producing the requested wage and payroll information would
     violate the privacy rights of its employees and the employees of its independent contractors.  *See*

23   Cal. Code of Civ. Proc. § 1985.  Plaintiffs contend that, at a minimum, the "contact information
     of witness and putative class members is discoverable in wage and hour class actions

24   notwithstanding the employer's assertion of employee privacy rights."  Opening Br. at 16:4-6.
     But plaintiffs have yet again cited the wrong standard.  Federal courts generally <u>refuse</u> to allow

25   discovery of class members' identities at the pre-certification stage out of concern that plaintiffs'
     attorneys may be seeking such information to identify potential new clients, rather than establish

26   predicates to certification.  *See, e.g., Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 416 (9th Cir.

27   1985); *see also* Schwarzer, Tashima, Wagstaffe, California Practice Guide: Federal Civil
     Procedure Before Trial (The Rutter Group 2010), ¶ 10:740, p. 10:112.12.

28

                                            - 16 -

1    **C.    Mr. Garcia Does Not Have "Standing" to Demand the Discovery at Issue.**

2           In passing, plaintiffs' counsel assert that third-party declarant "Mr. Garcia would

3    have standing to obtain the discovery at issue, rendering moot this discovery dispute." Opening

4    Br. at 3:20-21.  Plaintiffs' counsel cite no authority for this statement, and there is none.  Under

5    limited circumstances, employers may be required to retain an employee's records and make

6    them available to the employee for three years.  *See* fn.3, *supra*.  But a former employee has no

7    right to inspect the wage-and-hour records of <u>other</u> employees or former employees.  The

8    statement in plaintiffs' opening brief is simply another baseless argument.

9    **III.    CONCLUSION**

10          Plaintiffs' PAGA claim is time barred and cannot serve as a basis for discovery.

11   Plaintiffs also have not made a *prima facie* showing of a class certifiable under Rule 23, nor have

12   they shown that the demanded documents are likely to substantiate their class allegations.  The

13   Court should deny plaintiffs' demands for discovery, as courts have denied similar demands by

14   other overreaching putative class plaintiffs.

15

16          Dated: June 6, 2011                          Respectfully submitted,

17                                                       GLYNN & FINLEY, LLP
                                                         CLEMENT L. GLYNN
18                                                       JAMES M. HANLON, JR.
                                                         MORGAN K. LOPEZ
19                                                       MAUREEN RODGERS
                                                         One Walnut Creek Center
20                                                       100 Pringle Avenue, Suite 500
                                                         Walnut Creek, CA  94596
21

22
                                                         By    /s/ James M. Hanlon, Jr.
23                                                       Attorneys for Defendant
                                                         Castlerock Farming and Transport,
24                                                       Inc.

25

26

27

28

- 17 -