1  Stan S. Mallison, (SBN 184191)
   Hector R. Martinez (SBN 206336)
2  Marco A. Palau (SBN 242340)
   Jessica Juarez (SBN 269600)
3  Joseph D. Sutton (SBN 269951)
   MALLISON & MARTINEZ
4  1939 Harrison Street, Suite 730
   Oakland, California 94612
5  Telephone: 510.832.999
   Facsimile:  510.832.1101
6  stanm@themmlawfirm.com
   hectorm@themmlawfirm.com
7  mpalau@themmlawfirm.com
   jjuarez@themmlawfirm.com
8
   Attorneys for Plaintiffs
9
                    UNITED STATES DISTRICT COURT
10
                   EASTERN DISTRICT OF CALIFORNIA
11
                          FRESNO DIVISION
12

13
   SILVESTRE SOTO and OLGA GALVAN on behalf      Case No. 1:09-cv-00701-AWI-JLT
14 of themselves and all other similarly situated
   individuals,                                  **PLAINTIFFS' REPLY BRIEF IN**
15                                                **SUPPORT OF AMENDED MOTION**
                    PLAINTIFFS,                   **TO COMPEL PRODUCTION OF**
16                                                **DOCUMENTS**
           vs.
17                                                Date:   June 22, 2011
                                                  Time:  10:00 a.m.
18 CASTLEROCK FARMING AND TRANSPORT,             Place:  Bakersfield
   INC and DOES 1-2
19                                                **Hon. J. L. Thurston**
                    DEFENDANT.
20

21

22

23

24

25

26

27

28

MALLISON & MARTINEZ
Attorneys at Law
1939 Harrison Street, Suite 730
Oakland, California  94612
510.832-9999
510.832-1101

REPLY ISO PLAINTIFFS' MOTION TO COMPEL – Case No. 1:09-cv-00701-AWI-JLT

1

**TABLE OF AUTHORITIES**

2

**FEDERAL CASES**

3
*Anderson v. Allstate Ins. Co.,*                                                5
630 F.2d 677 (9th Cir. 1980).

4
*American Pipe & Construction Co. v. Utah*                                      6
5
*(1974) 414 U.S. 538, 554*

6
*Catholic Social Services, Inc. v. I.N.S.*                                      6
*(2000) 232 F.3d 1139 (9th Cir.)*
7
*Crown, Cork & Seal Co. v. Parker*                                              6
8
*(1983) 462 U.S. 345, 350*

9
*Jackson v. Montgomery Ward & Co.,*                                            11
173 F.R.D. 524, 526 (D.Nev.1997).
10
*Martinez v. Antique & Salvage Liquidators, Inc.*                               7
11
*2011 WL 500029, 8 -9  (N.D. Cal. 2011).*

12
*Oppenheimer Fund v. Sanders,*                                                 11
437 U.S. 340, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978)
13
*Pineda v. Bank of America,*                                                    9
14
*50 Cal.4th 1389 (2010)*

15
*Santiago v. Amdocs, Inc.,*                                                    10
*2011 WL 1303395 (N.D.Cal.) (N.D.Cal.,2011).*
16
*U.S. E.E.O.C. v. ABM Industries Inc.,*                                        11
17
2008 WL 5385618, 2 (E.D.Cal. 2008)

18

**STATE CASES**

19
*Aguiar*                                                                       14
*(2006) 144 Cal.App.4th 121*
20
*Amaral v. Cintas Corp. No. 2,*                                          6, 7,8, 14
21
*163 Cal.App.4th 1157, 1199-1200 (2008)*

22
*Austin v. Massachusetts Bonding & Insurance Co.,*                              6
*56 Cal.2d 596, 600 (1961).*
23
*Babbitt, et al. v. Albertson's Inc.,*                                         11
24
1992 WL 605652 *5 (N.D.Cal.1992)

25
*Cicairos v. Summit Logistics,*                                                14
133 Cal.App.4th 949 (2005)
26
*Doninger v. Pacific Northwest Bell, Inc.,*                                    11
27
564 F.2d 1304, 1313 (9th Cir.1977)).

28
*Ghazaryan,*                                                                   14

MALLISON & MARTINEZ
**Attorneys at Law**
1939 Harrison Street, Suite 730
Oakland, California  94612
510.832-9999
510.832-1101

REPLY ISO PLAINTIFFS' MOTION TO COMPEL – Case No. 1:09-cv-00701-AWI-JLT

169 Cal.App.4th at 1536, n.11

*Grudt v. City of Los Angeles,*      6
*2 Cal.3d 575, 583 (1970)*

*Harris v. Vector Marketing Corp.,*      *10*
*2010 WL 56179, 1 (N.D.Cal. 2010)*

*Hernandez v. Mendoza,*      14
*199 Cal.App. 3d 721 (1988)*

*Kamm v. California City Development Company,*      10,11
*509 F. 2d 205, 209-210 (9th Cir. 1975)*

*Lamont v. Wolfe,*      6
*142 Cal.App.3d 375, 378–380 (1983)*

*Mantolete v. Bolger,*      *11*
*767 F.2d 1416, 1424 (9th Cir. 1985)*

*Martinez v. Antique & Salvage Liquidators, Inc.,*      10
*2011 WL 5000029 (S.D. Cal. 2011).*

*Messelt v. Security Storage Co.,*      7
*14 F.R.D. 507 (D.C. Del. 1953)*

*Union Carbide Corp. v. Montell N.V.,*      7
*944 F.Supp. 1119 (S.D. N.Y. 1996);*

*Walton v. Guinn,*      6
*187 Cal.App.3d 1354, 1362 (1986)*

*Woo v. Superior Ct. (1999),*      6
*75 Cal.App.4th 483*

*Zator v. Sprint/United Management Co.,*      *10*
*2011 WL 1157527, 2 -3  (S.D. Cal. 2011).*

## FEDERAL  STATUTES

Fair Labor Standards Act, 29 U.S.C. § 207........................................................ 10

## FEDERAL RULES OF CIVIL PROCEDURE

Federal Rule of Civil Procedure
FRCP 15 ................................................................................................... 5, 7

FRCP 12(b)(6) ........................................................................................... 10

## STATE STATUTES

**Business & Professions Code**

MALLISON & MARTINEZ
Attorneys at Law
1939 Harrison Street, Suite 730
Oakland, California  94612
510.832.9999
510.832-1101

- 3 -

REPLY ISO PLAINTIFFS' MOTION TO COMPEL – Case No. 1:09-cv-00701-AWI-JLT

1

§§ 17200 *et seq.*................................................................................................................4

2

**Code of Civil Procedure**

3

§ 340                                                             8, 9

4

**Labor Code**

§ 7                                                              8
§201                                                             10
§202                                                             10
§203                                                             9
§226.7                                                           15
§256                                                             8, 9, 10
§450                                                             10
§510                                                             10

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MALLISON & MARTINEZ
**Attorneys at Law**
1939 Harrison Street, Suite 730
Oakland, California 94612
510.832-9999
510.832-1101

## I.   INTRODUCTION

Plaintiffs have requested production of documents that are core to this action and Plaintiffs' motion for class certification. Plaintiffs originally filed this case in March of 2004 in Kern County Superior Court alleging violations of the rights of farm workers employed at Castlerock vineyards to receive proper compensation. This action is brought as a class action pursuant to FRCP 23, and a non-class PAGA action on behalf of the workforce. Plaintiffs assert class-wide allegations based on Defendant's wrongdoing, which has resulted in these farm workers being cheated out of wages to which they are entitled. The practices from which the violations spring include the following: (1) requiring employees to perform prep work and attend work meetings before the start of the shift; (2) requiring employees to wash company trays used during harvest on their own time (typically at home) without compensation; (3) forcing workers to work periods of more than five hours without meal breaks by consistently scheduling the meal break at noon for shifts that consistently start before 7:00 a.m. ("Late Meals"); (4) forcing worker to work without paid rest breaks by paying them on a piece-rate basis that compensates workers for each unit produced but fails to provide compensation for other compensable activities that do not involve production—namely statutory paid rest breaks ("Unpaid Breaks"). *See* Complaint ¶¶14, 38, 58-66.  The documents at issue by this motion are designed primarily to demonstrate the later two violations: Late Meals (by showing start and stop times for shifts along with meal period times), and Unpaid breaks (by demonstrating the wide spread existence of piece rate shifts, although the documents also provide the only means of determine whether wages were paid to employees for pre-shift and post-shift work described in categories one and two above. The documentary and testimonial evidence demonstrate that these class allegations have evidentiary support and that the discovery sought will further substantiate such allegations. For example, the documents that Defendant have produced to date clearly demonstrate the vast majority of shifts beginning at 6:30, 6:00 or even as early as 5:30 and demonstrate that the meal period was always taken at 12:00p.m. Mallison Decl. Exhibits 5-9.

MALLISON & MARTINEZ
Attorneys at Law
1939 Harrison Street, Suite 730
Oakland, California  94612
510.832-9999
510.832-1101

- 5 -

REPLY ISO PLAINTIFFS' MOTION TO COMPEL – Case No. 1:09-cv-00701-AWI-JLT

Javier Garcia, a putative class member[1], who worked directly for Castlerock from approximately 2000 to 2002, then for Castlerock and Golden Grain jointly from approximately 2002 to 2004, and then for Castlerock and J.L. Padilla jointly in 2005, testified at deposition that meal breaks always occurred at noon and that his shift typically began before 7:00 a.m. Garcia Depo.64:20-24, 97:18-20. The practice of providing late meal periods can be proved through documentary evidence on a class-wide basis.

The documents also show workers earning strict piece-rate pay without an hourly complement for rest periods. J. Garcia Dep. 106:7-9. Proof that this payroll policy or practice was in effect during the class period and the employees affected is contained in the time and payroll records at issue. Finally, the documents will show that the practices or polices apply to hundreds if not thousands of workers, satisfying the numerosity requirement. Clearly these documents will substantiate Plaintiffs' class allegations.

Despite the fact that Plaintiffs have made class allegations and are entitled to seek discovery for the entire class period regarding class requirements that are clearly in dispute, Defendants asks this Court to exclude evidence that will resolve such disputed issues asserting that the practices purportedly varied by farm labor contractor (hereinafter "FLC"). Notably, Defendant fails to produce even a scintilla of evidence supporting its claim—likely because there is none. Indeed, workers confirm that the practices did not significantly or substantially vary between the FLC payroll services. Garcia, who was hired by Castlerock directly in or around 2000 and then continued working at Castlerock vineyards through various FLCs, testified that the underlying practices remained the same. Garcia Amended Decl. at ¶10. Garcia performed unpaid prep work and attended mandatory work meetings before the shift, washed trays on his own time, at home and did not receive timely meal breaks. Garcia Amended Decl. at ¶¶ 5-9. All of this happened between 2000 to 2005, whether Castlerock paid him directly or through Golden Grain or J.L. Padilla; he even had the same foreman throughout. Garcia Dep. 68:13-15. These are the same practices complained of in the complaint and described by Plaintiffs. See e.g. Complaint at 3-6, Galvan Dep.

---

[1] Plaintiffs will move this Court for leave to add Javier Garcia as a class representative.

MALLISON & MARTINEZ
Attorneys at Law
1939 Harrison Street, Suite 730
Oakland, California  94612
510.832-9999
510.832-1101

- 6 -

REPLY ISO PLAINTIFFS' MOTION TO COMPEL – Case No. 1:09-cv-00701-AWI-JLT

43:6-16; Soto Decl. ¶¶ 5, 9, 10, 11.

Although Plaintiffs show that the discovery sought should be produced for purposes of class certification, they need not make such showing for purposes of the PAGA claim, because under PAGA they can enforce California's labor laws and collect penalties for violations committed against the workforce without having to meet class certification requirements. *Arias v. Sup. Ct.*, 46 Cal.4[th] 969 (2010). However, the PAGA issue need not be decided here because Plaintiffs have asserted class claims and demonstrate that the discovery at issue will likely substantiate the class claims.

## II.    RELEVANT FACTS

Plaintiffs file the original complaint in Kern County Superior Court on March 5, 2004. *See* RJN Ex. A (hereinafter "original complaint").  The original complaint names a farm labor contractor and Does 1-30 as defendants, and was brought on behalf of all others similarly situated and in the interest of the general public pursuant to California's Unfair Competition Law, Bus & Prof. Code §§17200 *et seq. Id.* The following claims were asserted against these defendants: (1) Failure to Pay Wages Earned; (2) Failure to Provide Tools and Equipment; (3) Failure to Pay Minimum Wages: (4) Failure to Provide Meal & Rest Periods; (5) Failure to Pay All Wages Due on Discharge; (6) Failure to provide Required Itemized Wage Statements; (7) Failure to Provide a Safe Workplace Environment; (8) Unlawful Business Practices and (9) Enforcement of Penalties. *Id.* The essential facts giving rise to these claims are set forth in paragraphs 13 through 37, and can be summarized as requiring employees to provide unpaid labor before and after the shift, requiring employees to incur costs relating to the purchase or maintenance of tools and equipment necessary for the job, failing to provide requisite meal breaks as required by law and the require paid rest breaks, and failing to pay all wages owed upon the termination of the employment relationship. *Id.* These practices in turn result in derivative remedies set forth in claims 6, 8 and 9. *Id.*

On or about September 12, 2005, the complaint was amended by substituting in several

MALLISON & MARTINEZ
**Attorneys at Law**
1939 Harrison Street, Suite 730
Oakland, California  94612
510.832-9999
510.832-1101

- 7 -
REPLY ISO PLAINTIFFS' MOTION TO COMPEL – Case No. 1:09-cv-00701-AWI-JLT

growers, including Castlerock Farming and Transport, Inc., who had previously been named as Does. *See* RJN Ex. B (Second Amended Complaint, hereinafter "SAC"), Docket # 41. The SAC added the PAGA cause of action against Castlerock based on the facts, injuries and conduct described in the original complaint. *See id.* ¶¶100-103. Due to numerous procedural issues, including bankruptcy of FLC Golden Grain, removal of the action to the Eastern District and the filing of what eventually became this related action, the claims in the SAC against the defendants were brought in separate cases against each defendant, including this one against Castlerock. *See* Docket #239, Case 1:05-cv-01417 and Docket # 30, Case 1:06-cv-00028.

## III.   ARGUMENT

### A.   PLAINTIFFS' PAGA CLAIMS ARE TIMELY UNDER EXPRESS STATUTORY LANGUAGE AND THE RELATION BACK DOCTRINE

Defendant asserts that Plaintiffs' PAGA claim is time-barred and cannot serve as a basis for the discovery at issue. Def. Brief at 2. In support of this assertion Defendant states that Plaintiffs ceased working at Castlerock Vineyards in October 2003, that the statute of limitations for bringing a PAGA claim expired in October 2004, and that this lawsuit was commenced after the limitations period. Padilla and Defendant are wrong. The PAGA claim relates back to the filing of the original complaint on March 5, 2004, which clearly occurred within the limitations period. Further, the limitations period for a PAGA claim for seasonal agricultural workers is three years, as expressly stated in Sections 256 and 203 of the California Labor Code.

1.   The PAGA Claim Relates Back to the Original Pleading Because the Recovery is Sought on the Same General Set of Facts Asserted in the Original Complaint

Generally the relation back doctrine is set forth in FRCP 15 and the case-law that interprets it. However, where service of process and relevant amendments to the complaint preceded removal of case to federal court, the issue of whether a later pleading relates back to the filing of the original complaint for limitations purposes is governed by state law rather than standards laid down in FRCP 15. *Anderson v. Allstate Ins. Co.*, 630 F.2d 677 (9th Cir. 1980). Under California law, if

MALLISON & MARTINEZ
Attorneys at Law
1939 Harrison Street, Suite 730
Oakland, California 94612
510.832.9999
510.832-1101

- 8 -
REPLY ISO PLAINTIFFS' MOTION TO COMPEL – Case No. 1:09-cv-00701-AWI-JLT

1  the statute of limitations has run, the amended or later complaint will be deemed filed as of the date

2  of the original complaint provided recovery is sought in both pleadings on the same general set of

3  facts. *Austin v. Massachusetts Bonding & Insurance Co.*, 56 Cal.2d 596, 600 (1961). This relation

4  back rule has been applied in the PAGA context where the "request for PAGA penalties in the

5  second amended complaint was based on the exact same facts alleged in their original complaint."

6  *Amaral v. Cintas Corp. No. 2*,  163 Cal.App.4th 1157, 1199-1200 (2008) (the factual basis and

7  resulting injury in the original complaint and later PAGA complaint were the same). As the *Amaral*

8  court makes clear, "it is the sameness of the facts rather than the rights or obligations arising from

9  those facts that is determinative…Thus, amendments alleging a new theory of liability against the

10  defendant have been found to relate back to the original complaint, so long as the new cause of

11  action is based on the same set facts previously alleged." Amaral, *supra*, citing *Grudt v. City of Los*

12  *Angeles*, 2 Cal.3d 575, 583 (1970) (amended complaint adding claim of negligence based on

13  respondeat superior related back to original filing because it was based on the same alleged

14  misconduct by police officers); *Lamont v. Wolfe*, 142 Cal.App.3d 375, 378–380 (1983) (husband's

15  amended complaint for wrongful death related back to original complaint for loss of consortium

16  because both claims were based on the same negligent acts of the defendants and the same injuries

17  to the husband); *see also Walton v. Guinn*, 187 Cal.App.3d 1354, 1362 (1986) (amendment adding

18  new allegation of special damages related back because these damages resulted from the same

19  injury and same accident alleged in original complaint).

20        Further, where a plaintiff amends a complaint to substitute named defendants for Does after

21  the statute of limitations expires, the amended complaint will be treated as if filed on the date the

22  original complaint naming Does was filed.  *Woo v. Superior Ct.* (1999) 75 Cal.App.4th 483.

23  Further, because the original complaint was brought in a representative capacity, upon the filing of

24  the original complaint the claims of class members tolled, including those of Plaintiffs here. *See*

25  *Catholic Social Services, Inc. v. I.N.S.* (2000) 232 F.3d 1139 (9th Cir.) (". . . the statute of

26  limitations was tolled during the pendency of the first class action for the class members and

27  would-be class members in the [subsequent class action], and that plaintiffs in the [subsequent

28

MALLISON & MARTINEZ
Attorneys at Law
1939 Harrison Street, Suite 730
Oakland, California  94612
510.832-9999
510.832-1101

- 9 -

REPLY ISO PLAINTIFFS' MOTION TO COMPEL – Case No. 1:09-cv-00701-AWI-JLT

1    class action] may aggregate their individual actions into a class action"); *American Pipe &*

2    *Construction Co. v. Utah* (1974) 414 U.S. 538, 554 (limitations period tolls upon the

3    commencement of class action); *Crown, Cork & Seal Co. v. Parker* (1983) 462 U.S. 345, 350

4    (same). Finally, the PAGA statute provides aggrieved employees a statutory right to amend an

5    existing complaint to add a PAGA cause of action "[n]otwithstanding any other provision of law,"

6    meaning that a plaintiff can make such an amendment even if it occurs outside of the 1-year

7    limitations period for penalties. *Martinez v. Antique & Salvage Liquidators, Inc.* 2011 WL

8    500029, 8 -9 (N.D. Cal. 2011).

9         As noted above, the original complaint was filed in Kern County Superior Court on March

10   5, 2004. *See* RJN Ex. A Since the factual bases for the PAGA claim were laid out in the original

11   complaint, under California law the PAGA claim against Castlerock for purposes of the relation

12   back doctrine was brought as of the filing of the original complaint. *Amaral v. Cintas*, *supra*.

13   Therefore, the assertion that Plaintiffs' PAGA claim is time barred is without merit.[2]

14        It should be noted that the date of the LWDA notice is not controlling under *Amaral.* The

15   LWDA notice gives an aggrieved employee the right to assert the PAGA claim but does not

16

17   _____
     [2] The same result follows under FRCP 15(c)(1). That provision sates the following with regards to the

18   relation back of pleadings:
          An amendment to a pleading relates back to the date of the original pleading when:

19        (A) the law that provides the applicable statute of limitations allows relation back;
          (B) the amendment asserts a claim or defense that arose out of the conduct,

20        transaction, or occurrence set out--or attempted to be set out--in the original pleading;
          or

21        (C) the amendment changes the party or the naming of the party against whom a
          claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by

22        Rule 4(m) for serving the summons and complaint, the party to be brought in by
          amendment:

23             (i) received such notice of the action that it will not be prejudiced in defending on
               the merits; and

24             (ii) knew or should have known that the action would have been brought against
               it, but for a mistake concerning the proper party's identity.

25   This rule allowing a pleading to relate back to date of original pleading is to be liberally construed; the

26   principal inquiry being whether adequate notice of matters raised in an later pleading has been given in the
     original pleading. *Union Carbide Corp. v. Montell N.V.*, 944 F.Supp. 1119 (S.D. N.Y. 1996); *Messelt v.*

27   *Security Storage Co.*, 14 F.R.D. 507 (D.C. Del. 1953) (rule dealing with relation back of amendments is to
     be given a liberal construction). As described above, the PAGA claim arises out of the same transaction,

28   occurrence or conduct that the plaintiffs in the original complaint set forth or attempted to set fort in that
     pleading.

MALLISON & MARTINEZ
Attorneys at Law
1939 Harrison Street, Suite 730
Oakland, California 94612
510.832-9999
510.832-1101

- 10 -

REPLY ISO PLAINTIFFS' MOTION TO COMPEL – Case No. 1:09-cv-00701-AWI-JLT

control whether the claim relates back. In other words, as *Amaral*—the controlling authority on this point—makes clear, the gravamen of the relation back doctrine in this instance is whether the underlying facts in the original complaint are substantially the same as those in the later complaint. As demonstrated above, here they are essentially the same. PAGA simply provides an additional remedy for the same set of underlying facts and violations that were first asserted in March 2004. Further, as *Amaral* makes clear, the date of the LWDA notice is irrelevant. The necessary and sufficient condition for relation back to the original complaint was the substantial similarity of the underlying facts:

> Plaintiffs' request for PAGA penalties in the second amended complaint was based on the exact same facts alleged in their original complaint regarding Cintas's failure to comply with the LWO. The factual basis of Cintas's liability is the same, and the resulting injury plaintiffs allege is the same. It is true that plaintiffs could not have included a claim for PAGA penalties in their original complaint, because it was filed before PAGA was enacted, but this fact does not change the analysis. As the trial court observed, PAGA was at most a new theory of recovery that became available to plaintiffs during the pendency of their lawsuit, and claims based on new legal theories may relate back so long as they address the same set of facts. (*Grudt v. City of Los Angeles*, supra, 2 Cal.3d at pp. 583–584, 86 Cal.Rptr. 465, 468 P.2d 825; see also *Lamont v. Wolfe*, supra, 142 Cal.App.3d at pp. 381–382, 190 Cal.Rptr. 874 [even though wrongful death claim could not have existed when original complaint was filed, because decedent was alive, relation back doctrine applied because plaintiff was seeking recovery for what was essentially the same loss].).

*Amaral v. Cintas Corp. No. 2*, 163 Cal.App.4th 1157, 1200 (Cal.App. 1 Dist. 2008). Clearly under this analysis the date of the LWDA notice has no relevance.

## 2.   The PAGA Claim Has a Three-Year Statute of Limitations for Seasonal Agricultural Workers Under Labor Code §§256 and 203.

California Labor Code §2699 provides that "any provision of this [Labor] code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commission, boards, agencies or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee…"  One such civil penalty provision is California Labor Code §256 which has a three year statute of limitation. This Section is generally applicable pursuant to Labor Code §7.

MALLISON & MARTINEZ
Attorneys at Law
1939 Harrison Street, Suite 730
Oakland, California 94612
510.832-9999
510.832-1101

The statute of limitations for civil penalties is governed by California Code of Civil Procedure §340 provides for statutes of limitation of one year for penalty statutes except where "the statute imposing it prescribed a different limitation."  California Labor Code §256 provides for a different limitation.  Under Labor Code §256, a PAGA civil penalty may be recovered "in an amount not exceeding 30 days pay as waiting time under the terms of Section 203."  The "terms" of Labor Code 203 state expressly that "suit may be filed for these penalties at any time before the expiration of the statute of limitations on an action for the wages from which the penalties arise." The California Supreme Court in *Pineda v. Bank of America*, 50 Cal.4th 1389 (2010) has recently held that Labor Code §203(b) imposes a three year statute of limitations to bring Labor Code §203 claims as an exception to the general provisions of CCP §340:

> …section 203(b) contains a single, three-year limitations period governing all actions for section 203 penalties irrespective of whether an employee's claim for penalties is accompanied by a claim for unpaid final wages.

Hence "the terms of Section 203" provide for a three year statute of limitations for Labor Code §256.  As such, there is no question that Plaintiffs' has standing to bring their PAGA claim as they left employment in late 2003, the State action was filed in 2004, and the federal action was filed in 2005.  Therefore, Plaintiffs as aggrieved employees may act in a representative capacity on behalf of all current or former employees to enforce all of the state's labor laws and collect penalties without having to meet class certification requirements. *Arias v. Superior Court*, 46 Cal.4th 969, 982 (2009). As such, the requirements of FRCP 23 are irrelevant for purposes of this action or the discovery dispute as Plaintiffs may bring their PAGA claims and obtain the discovery at issue.

3.   Cases Cited by Defendant for the Proposition that the Limitations Period is One Year are Inapposite

Plaintiffs agree that the statute of limitations for most penalty provisions under California law is one year pursuant to CCP §340.  However, as described clearly above, this does not apply to Labor Code §256 as a result of the recent California Supreme Court decision in *Pineda*.  None of the PAGA cases provided by Defendants involve the use of California Labor Code Section 256 or

MALLISON & MARTINEZ
Attorneys at Law
1939 Harrison Street, Suite 730
Oakland, California 94612
510.832-9999
510.832-1101

- 12 -

REPLY ISO PLAINTIFFS' MOTION TO COMPEL – Case No. 1:09-cv-00701-AWI-JLT

discuss the impact of the *Pineda* decision. In fact, many precede *Pineda* and are non-controlling

District Court case interpreting California law. As such, they are not determinative of the issue.

     *Santiago v. Amdocs, Inc.* involved information technology workers and the case made no

reference to Labor Code §256. *See Santiago v. Amdocs, Inc.*, 2011 WL 1303395 (N.D.Cal.)

(N.D.Cal.,2011). In fact, defendants in that case argued in their FRCP 12(b)(6) motion that the

PAGA claim was time barred, and the plaintiffs did not respond to the argument. The court

therefore concluded, based solely on the allegations in the complaint, that the PAGA claim was

time barred. *Id.* at *5.  In *Zator v. Sprint/United Management Co.*, the plaintiff, a retail sales

associate, alleged that "Sprint failed to pay him overtime in violation of Cal. Labor Code §§ 510

and 1198; that Sprint untimely paid him upon termination in violation of Cal. Labor Code §§ 201

and 202; and that Sprint untimely paid him during his employment in violation of Cal. Labor Code

§ 204." *Zator v. Sprint/United Management Co.* , 2011 WL 1157527, 2 -3  (S.D. Cal. 2011). The

decision does not address the statute of limitations under Sections 256 and 203. Similarly, in

*Martinez v. Antique & Salvage Liquidators, Inc.*, the plaintiffs sought relief under California law

and the federal Fair Labor Standards Act, 29 U.S.C. § 207 and the decision did not address Section

256. *Martinez v. Antique & Salvage Liquidators, Inc.*, 2011 WL 5000029 (S.D. Cal. 2011). In

*Harris v. Vector Marketing Corp.*, 2010 WL 56179, 1 (N.D.Cal. 2010), the PAGA claim was

predicated on violations of California Labor Code §§ 450 and 2802 only. *Baas v. Dollar Tree*

*Stores, Inc.*, 2009 WL 1765759, 1 (N.D.Cal. 2009), *Moreno v. Autozone, Inc.*,  2007 WL 1650942,

4 (N.D.Cal. 2007) and *Thomas v. Home Depot USA Inc.*, 527 F.Supp.2d 1003, 1005 (N.D.Cal.

2007), the courts did not address the implications of Labor Code § 256. The cases Defendant relies

upon are distinguishable fail to support Defendant's position. The Court should follow the plain

language of Labor Code §§203 and 256 and find that the statute of limitations for penalties under

Section 256 is three years.

**B.**     **PLAINTIFFS SATISFY THEIR BURDEN OF SHOWING THAT THE**
           **DISCOVERY SOUGHT IS RELEVANT FOR CLASS CERTIFICATION**

     Defendant fails to address the principal argument made by Plaintiffs: that the discovery

MALLISON & MARTINEZ
Attorneys at Law
1939 Harrison Street, Suite 730
Oakland, California  94612
510.832-9999
510.832-1101

- 13 -

REPLY ISO PLAINTIFFS' MOTION TO COMPEL – Case No. 1:09-cv-00701-AWI-JLT

sought is clearly relevant to substantiation of their class allegations. Defendant is contesting commonality, typicality and numerosity in its opposition. As Plaintiffs point out, it is an abuse of discretion to deny discovery where class certification questions are at issue (*Kamm v. California City Development Company*, 509 F. 2d 205, 209-210 (9th Cir. 1975). Further, where the discovery sought is likely to substantiate the class allegations, under controlling law such discovery must be produced. *See Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985), *citing Doninger v. Pacific Northwest Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir.1977)). Plaintiffs' complaint and the testimonial and documentary evidence described below show that it would be an abuse of discretion to deny the discovery sought.

As this Court has made clear:

> Although [discovery] does have its boundaries, the scope of discovery is broadly construed." *Babbitt, et al. v. Albertson's Inc*., 1992 WL 605652 *5 (N.D.Cal.1992) (citing Oppenheimer Fund v. Sanders, 437 U.S. 340, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978). Furthermore, in Title VII cases, courts should avoid placing unnecessary limitations on discovery. *Jackson v. Montgomery Ward & Co*., 173 F.R.D. 524, 526 (D.Nev.1997). And, finally, "[t]he party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections.

*U.S. E.E.O.C. v. ABM Industries Inc.*, 2008 WL 5385618, 2 (E.D.Cal. 2008) (citations omitted). Defendant cites this case for the proposition that the discovery here, like in *EEOC v. ABM*, is overbroad. Defendant fails to remind the Court that the allegations in the complaint against ABM were that the violations "were and are now being committed within the jurisdiction of the United States District Court for the Eastern District of California." Id. at *5. The Court denied the discovery largely because it sought state-wide evidence of violations when the complaint alleged localized violations. That is not the case here. Plaintiffs allege violations against Castlerock for wrongdoing it did as an employer or joint employer of a class of employees who worked at its vineyards during the class period. The discovery sought tracks these allegations precisely. To that extent, the decision of this Court in *EEOC v. ABM* is unavailing to Defendant.

MALLISON & MARTINEZ
Attorneys at Law
1939 Harrison Street, Suite 730
Oakland, California 94612
510.832-9999
510.832-1101

- 14 -

REPLY ISO PLAINTIFFS' MOTION TO COMPEL – Case No. 1:09-cv-00701-AWI-JLT

1.   <u>Allegations in the Complaint are Supported by Testimonial Evidence</u>

Plaintiffs and the Class they seek to represent, as Defendants' employees, were regularly subjected to violations of their labor rights as described in the complaint. For example:

> For at least four years prior to the filing of this action and through to the present CASTLEROCK consistently maintained and enforced against its non-exempt agricultural and/or packing shed/cooler employees, among others, the following unlawful practices and policies, in violation of California state wage and hour laws:
> 
> (a) forcing employees to work pre-shift and post-shift "off the clock" time without compensation;
> (b) forcing employees to work a second shift of home-work without compensation and without split shift pay, or in the alternative, failing to pay for travel time and incurred expenses;
> (c) forcing employees to purchase tools from the employer or otherwise supply their own tools;
> (d) failing to pay minimum wages;
> (e) failing to pay double minimum wage to employees who provide or are required to purchase their own tools;
> (f) failing to provide non-exempt employees rest periods of at least (10) minutes per four (4) hours worked or major fraction thereof and failing to pay such employees one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided, as required by California state wage and hour laws;
> (g) requiring non-exempt employees to work at least five (5) hours without a meal period and failing to pay such employees one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided;
> (h) requiring employees to report to work and if an employee did report for work, but was not put to work or was furnished with less than half said employee's usual or scheduled day's work, paid the employee less than half the usual or scheduled day's work at the employee's regular rate of pay and/or less than the legal minimum;
> (i) failing to provide employees with accurate itemized wage statements; and
> (j) failing to maintain accurate time-keeping records.

Complaint ¶14 (Docket #1). The testimonial evidence thus far supports these allegations:

a)   **<u>Time that was worked but not paid:</u>**

Castlerock had a practice of requiring employees to wash trays that are used for picking grapes on their own time. The plaintiffs and declarants have testified or provided statements describing this requirement and noting that the tray washing typically happened after the shift at home. Galvan Dep. 162:3-5. Garcia Dep. 93:19-25 (Garcia was required to take the trays home for washing during the harvest season); Dep. Transcript 95:25 ("I had to wash the grape trays at home"); Olga Galvan. Dep. 23:1-5.

MALLISON & MARTINEZ
Attorneys at Law
1939 Harrison Street, Suite 730
Oakland, California  94612
510.832.9999
510.832-1101

- 15 -

REPLY ISO PLAINTIFFS' MOTION TO COMPEL – Case No. 1:09-cv-00701-AWI-JLT

These workers have also described the practice of requiring employees to arrive early to perform pre-shift prep-work and to attend work meetings. "The supervisors always told us that we had to arrive early to work, doing the prep work and to also be there right when work began – already beginning the harvest . . . Garcia was required to arrive approximately 15-20 minutes before the shift to prepare the equipment and the work area and an additional 15-20 minutes to attend "school."  In all, Garcia had to arrive approximately 30 minutes early to both prepare the equipment and the work are and to attend "school". Dep. 78:25-79:3. Dep. 89:10; Javier Garcia: Amended Decl. ¶5. Olga Galvan. Dep. 23:1-5: "Because he was the supervisor. He was the one that used to give us the schooling. He was the one that used to demand homework. He was the one that used to ask the trays be cleaned. And he was the one the following day that had to check everything. Olga Galvan Dep. 115:4-5 ("they never paid me for everything."). The practice of requiring unpaid labor was not limited to pre-shift or tray washing. Silvestre Soto, Decl. at ¶¶10, 11 (required to perform unpaid, "off the clock" work and also would complain about missing hours from his paychecks). Javier Garcia, Amended Decl. ¶7 (Garcia was required to perform post shift work), Silvestre Soto, Decl. at ¶9 (Soto was required to perform "off the clock" work....).

**b)**   **Improperly Provided or Paid Rest & Meal Breaks**

As the documents described below show, workers were not provided proper meal and rest breaks, a violation that declarants and deponents have confirmed. Javier Garcia (always took meal break at noon and started work before 7:00 a.m.). Dep. 116:2-6. Amended Decl. ¶¶8, 9 (Garcia was not provided with lawful rest breaks and meal periods;  Silvestre Soto, Decl. at ¶10 (was not given lawful rest breaks and meal periods.) Galvan Dep. 144:21-23.

**2.**   The Documents Produced by Defendants Demonstrate Systemic Violations of Wage and Hour Laws.

Defendants' baldly assert at page 16 of their brief that:

Plaintiffs have not identified a single wage-and-hour violations evidenced by any of the produced documents.  If the plaintiffs have not found any violations in the Golden Grain records, then they have no basis upon which to contend that

MALLISON & MARTINEZ
Attorneys at Law
1939 Harrison Street, Suite 730
Oakland, California 94612
510.832.9999
510.832-1101

1
2
> comparable records for Castlerock's direct employees and for other FLC's are "likely" to substantiate their class allegations…. The plaintiffs have found nothing actionable.

3   Defendants apparently haven't reviewed their own documents as these documents overflow with
4   evidence of late meal periods and pure piece rate work with no evidence of separate payments for
5   rest breaks.

6                   a.   **Untimely Meal Periods are Rampant in Defendants' Records**

7           The obligation to provide meal periods referred to in this section are set forth in Wage
8   Order 14, which sates:
9
10
> Every employer shall authorize and permit all employees **after a work period of not more than five (5) hours** to take a meal period of not less than thirty (30) minutes, except that when a work period of not more than six (6) hours will complete the day's work, the meal period may be waived by mutual consent of employer and employee….
11
12

13   As demonstrated by the attached "Daily Crew Sheets" (See e.g. Ex. 1 @CFT010087; Ex. 2
14   @CFT010203; Ex. 3 @ CFT010394; Ex 5 @ CFT011924; Ex 6 @ CFT012274; Ex 7@ CFT
15   0132217; Ex 8 @ CFT013873), Defendant failed to timely provide meal by scheduling and
     providing meal periods 5 ½ to 6 ½ hours after the start of the shift and on shifts of greater than six
16
     hours in length during almost the length of the season.   Plaintiffs have attached numerous
17   documents provided by Defendants as examples from different parts of the growing season
18   demonstrating that employees generally started working at 6:00 a.m. or 6:30 a.m. (and sometimes
19   as early as 5:30) from late February through August.  Despite this, the documents demonstrate
20   these employees were provided meals at 12:00 p.m. Plaintiffs have testified that noon was the only
21   time provided for meals.

22           Notably, a portion of the documents (see e.g. Ex 9 @ CFT015511)) are simply blank as to
     the start time for meal breaks in violation the record keeping provisions of California labor law.
23
     See Labor Code §§ 226, 1194.  Where an employer fails to maintain required records that the
24   burden shifts to the employer to prove that meal periods actually occurred.  See e.g. *Hernandez v.*
25   *Mendoza*, 199 Cal.App. 3d 721 (1988); *Ghazaryan*, 169 Cal.App.4th at 1536, n.11 ("To the extent
26   such data [needed to prove on-call hours] are not readily accessible, that absence is attributable to
27   the inadequacy of [the employer's] own records and cannot be relied upon to resist the attempt of
28   its employees to [prove their case]"); *Amaral v. Cintas Corp. No. 2* (2008) 163 Cal.App.4th 1157,

MALLISON & MARTINEZ
**Attorneys at Law**
1939 Harrison Street, Suite 730
Oakland, California 94612
510.832.9999
510.832-1101

- 17 -

REPLY ISO PLAINTIFFS' MOTION TO COMPEL – Case No. 1:09-cv-00701-AWI-JLT

1187-91 (placing burden of proof on employer to prove which employees did not work on contract, where employer could have maintained accurate records of service contract work); *Aguiar v. Cintas Corp., No. 2* (2006) 144 Cal.App.4th 121, 134-35 (employer cannot defeat class-wide liability by asserting inaccuracy or incompleteness of its own records); *Cicairos v. Summit Logistics* (2005) 133 Cal.App.4th 949, 961 (shifting burden to employer in light of failure to keep records proving that it provided meal breaks).

Further, as demonstrate by the documents provided by Defendants (and attached as Exhibit 4) there are clear indications that Defendant provided for a pure piece rate compensation system. See e.g. Exhibit 4 (CFT 007805, CFT007825, CFT007844) which describes employees who are working on a piece versus hourly basis. Plaintiffs' class certification motion will center upon a demonstration that many employees were paid on pure piece rate basis with no compensation given to these employees for rest breaks.

California Labor Code § 226.7 states:

> (a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

The applicable Wage Order states with regards to rest periods states:

> (A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof….<u>Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.</u>

> (B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

Here, Defendants' pure piece-rate policy only compensates employees for work completed and, hence, does not compensate employees for work accomplished when they are on a rest break. As such, Castlerock's policy, does not "count" rest breaks as "hours worked" for purposes of wages. Hence, Defendant failed to provide the class with rest periods "in accordance with the applicable provisions" of the wage order. If a rest period is not provided in conformance with the wage order, the employer *shall* compensate the employee an additional hour's worth of wages pursuant to Labor Code § 226.7:

MALLISON & MARTINEZ
Attorneys at Law
1939 Harrison Street, Suite 730
Oakland, California 94612
510.832-9999
510.832-1101

- 18 -

REPLY ISO PLAINTIFFS' MOTION TO COMPEL – Case No. 1:09-cv-00701-AWI-JLT

1

    (b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare

2

Commission, the employer <u>shall</u> pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that

3

the meal or rest period is not provided.

4

Plaintiffs expect to find evidence that this practice extended across the entire class.

5

6

<b>IV.    CONCLUSION</b>

7

    For the foregoing reasons, Plaintiffs request that the Court grant their motion to compel.

8

Dated: June 13, 2011                MALLISON & MARTINEZ

9

10

11

By:   /s/ Stan S. Mallison_____

Stan S. Mallison

Hector R. Martinez

12

Marco A. Palau

Jessica Juarez

13

Joseph D. Sutton

Attorneys for Plaintiffs

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MALLISON & MARTINEZ
Attorneys at Law
1939 Harrison Street, Suite 730
Oakland, California 94612
510.832-9999
510.832-1101

- 19 -

REPLY ISO PLAINTIFFS' MOTION TO COMPEL – Case No. 1:09-cv-00701-AWI-JLT