STAN S. MALLISON (Bar No. 184191)
  StanM@TheMMLawFirm.com
HECTOR R. MARTINEZ (Bar No. 206336)
  HectorM@TheMMLawFirm.com
MARCO A. PALAU (Bar No. 242340)
  MPalau@TheMMLawFirm.com
JESSICA JUAREZ (Bar No. 269600)
  jjuarez@themmlawfirm.com
JOSEPH D. SUTTON (Bar No. 269951)
  jsutton@themmlawfirm.com
**MALLISON & MARTINEZ**
1939 Harrison Street, Suite 730
Oakland, California  94612-3547
Telephone: (510) 832-9999
Facsimile:  (510) 832-1101
Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA -- FRESNO DIVISION

| | |
|---|---|
| SILVESTRE SOTO and OLGA GALVAN, on behalf of themselves and all others similarly situated,<br><br>             Plaintiffs,<br><br>  v.<br><br>CASTLEROCK FARMING AND TRANSPORT, INC. and Does 1-20,<br><br>             Defendants. | 1:09-cv-00701-AWI-JLT<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO AMEND PLAINTIFFS' COMPLAINT**<br><br>Date:   August 8, 2011<br>Time:  9:00 a.m.<br>Place:  1200 Truxton Ave., Suite 120<br>            Bakersfield, CA |

## I.    INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 15(a)(2), Plaintiffs Silvestre Soto (Soto) and Olga Galvan (Galvan) seek leave to amend the Complaint to:

>  (1) add an additional class representative, Javier Garcia (Garcia); and correct the year of Galvan's employment from 2005 to 2003 at paragraph 8 of the complaint.[1]

---

[1]. See Proposed First Amended Complaint attached as Exhibit 1 to the Declaration of Marco A. Palau in Support of Plaintiffs' Motion for Leave to Amended Complaint.

1

Declaration of Marco A. Palau In Support of Motion and Motion for Leave to Amend Complaint
Case No. 1:09-cv-00701

The proposed amendments should be permitted for the following reasons. First, the amendment would address Defendant Castlerock's concern that current class representatives Soto and Galvan cannot represent the entire class. Castlerock claims that, because Soto and Galvan purportedly worked under one FLC during the class period and were not directly employed by Castlerock, they cannot represent a class that includes workers directly employed by Castlerock, or jointly employed by Castlerock and other FLCs. Although Plaintiffs adamantly dispute Castlerock's assertions, adding Garcia as a class representative would resolve this issue easily and would avoid needless disputes and costly motion practice.[2] Garcia was employed by Castlerock in 2000, then employed directly or jointly by Castlerock and at least two other FLCs until 2005. Palau Decl. ¶ 2 (Docket #38, Ex. 7). Garcia has described at deposition that the labor practices at issue did not vary during this period and, indeed, throughout that entire period his foreman remained the same. Docket #38, Ex. 6 .

Second, Garcia wishes to assert a claim under California's Private Attorneys General Act ("PAGA"), Cal. Labor Code §§ 2698 et seq. Under State law, an aggrieved employee has a statutory right to amend an existing complaint to add a PAGA claim after satisfying the administrative requirements of Section 2699.3. (See Labor Code § 2699.3(a)(2)(B)-(C).) Garcia is an "aggrieved employee" who has or will have (as of the hearing on this motion) satisfied the administrative requirements of the PAGA. He is, therefore, entitled to enforce the labor laws of the state and collect penalties payable primarily to the state as if the state itself had brought the claim. See Arias, v. Superior Court, 46 Cal. 4th 969, 986 (2009) (a PAGA plaintiff "represents the same legal right and interest as state labor law enforcement agencies"; "an employee plaintiff suing, as here, under the Labor Code Private Attorneys General Act of 2004, does so as the proxy or agent of the state's labor law enforcement agencies.").

---

2. As the Court is aware, this issue has already resulted in additional discovery and significant motion practice involving a request by Soto and Galvan to compel discovery, and a motion by Defendant and FLC J.L. Padilla to quash discovery that Soto and Galvan served on J.L. Padilla. In motion-related papers Castlerock essentially admits that a class representative directly or jointly employed by Castlerock and other FLCs would have standing to obtain class-wide discovery at issue in those motions. See Docket #24.

MALLISON & MARTINEZ
1939 HARRISON STREET, SUITE 730
OAKLAND, CALIFORNIA 94612-3547

Third, Castlerock will not be prejudiced by the proposed amendments. Discovery is ongoing and the depositions of Plaintiffs and Garcia have not yet been completed. The underlying facts and allegations asserted by Garcia, who worked directly for Castlerock and directly or jointly for Castlerock and at least two FLCs, are the same, or substantially the same, as those asserted by Soto and Galvan: unpaid pre and post-shift work, rest and meal break violations and failure to reimburse tool purchases, among others.

Finally, the proposed amendment is not brought in bad faith or for dilatory purposes. To the contrary, the proposed amendment is brought to resolve the issue of whether Soto and Galvan can represent a class consisting of workers directly employed by Castlerock or employed jointly by Castlerock and an FLC other than Golden Grain, and to obtain discovery related to such class allegations. For the reasons set forth herein the Court should grant leave to amend.

## II.   PROCEDURAL & FACTUAL HISTORY

Soto and Galvan filed the operative Complaint on November 20, 2009 on behalf of all similarly situated individuals against Castlerock, the alleged employer or joint employer of the class. Docket #1. The Complaint alleges numerous wage and hour violations stemming from practices or policies controlled directly or indirectly by Castlerock as an employer or joint employer of the class. Specifically, the Complaint alleges that the violations result from the following conduct: requiring employees to provide unpaid labor before and after the shift, requiring employees to incur costs relating to the purchase or maintenance of tools and equipment necessary for the job, failing to provide requisite meal and rest breaks as required by law, failing to provide additional wages in lieu of rest or meal breaks, and failing to pay all wages owed upon the termination of the employment relationship. See, e.g., id. ¶14. The Complaint has not been amended. See Case Docket.

A dispute has arisen with regards to whether or not Soto and Galvan can satisfy FRCP 23 requirements of typicality and adequacy, and whether they have standing to obtain discovery regarding employees directly employed by Castlerock or employed jointly by Castlerock and

FLCs other than Golden Grain, which was the FLC supplying labor services to Castlerock during Soto and Galvan's tenure. See, e.g., Castlerock's Opposition to Amended Motion to Compel at 1-2, Docket #40.  This issue is not ripe for resolution, as the class certification motion has not yet been filed. However, it is anticipated that Castlerock will raise this issue in opposition to class certification. Palau Decl. ¶6.

Garcia has come forward in this action and provided declarations in support of Plaintiffs' discovery motions, and has been deposed by Castlerock. Palau Decl. ¶7. Garcia has submitted paycheck stubs from Castlerock, Golden Grain and J.L. Padilla, and it is not disputed that Garcia was employed at Castlerock vineyards from 2000 to 2005. See Paystubs attached to Garcia Supplemental Declaration in Support of Motion to Compel, Docket #38-7 at 7-28.

On June 8, 2011 Garcia gave the requisite pre-filing notice, pursuant to Section 2699.3 of the California Labor Code, to the Labor & Workforce Development Agency (LWDA), Castlerock and J.L. Padilla. Ex. 2 to Palau Decl. Under that provision, the LWDA may respond within 30 days stating whether it will take action or give Garcia the right to assert the LWDA's claim, and if no response is provided by the LWDA within 33 days, the statutory right to assert the LWDA's claim will be given to Garcia by operation of law. Cal. Labor Code Section 2699.3.[3]

### III.   ARGUMENT

Rule 15 of the Federal Rules of Civil Procedure provides that " . . . a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." FED. R. CIV. P. 15(a). Under Ninth Circuit law, the policy of granting leave to amend freely when justice so

---

3. In the event that Garcia is not given the right to proceed as a proxy of the state, this motion will be withdrawn before the hearing date.

MALLISON & MARTINEZ
1939 HARRISON STREET, SUITE 730
OAKLAND, CALIFORNIA 94612-3547

requires is applied with "extreme liberality." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003). Rule 15 providing that leave to amend shall be freely given when justice so requires may be used to substitute new plaintiffs. Staggers v. Otto Gerdau Co., 1966, 359 F.2d 292 (2nd Cir.); Villani v. New York Stock Exchange, Inc., 348 F.Supp. 1185 (S.D.N.Y. 1972), opinion modified on re-argument 367 F.Supp. 1124, affirmed 489 F.2d 1; see also Helene Curtis Industries v. Sales Affiliates, 105 F.Supp. 886 (S.D.N.Y. 1952), 93 U.S.P.Q. 398, affirmed 199 F.2d 732, 95 (applying Rules 15 and 21 of the Federal Rules of Civil Procedure liberally with respect to adding or dropping parties). Similarly, amendments seeking to elevate class members to the position of class representatives are routinely permitted under FRCP 15, see Phillips v. Ford Motor Co., 435 F3d 785, 788 (7th Cir. 2006); Plubell v. Merck & Co., Inc., 434 F3d 1070, 1074 (8th Cir. 2006), as are amendments designed to correct an error. Cal. Prac. Guide Fed. Civ. Pro. Before Trial ("Rutter Guide") § 8:1480.

All that is required of the moving party is a showing as to why the amendment is required in the interest of justice, and once it makes that showing the burden shifts to the party opposing amendment to convince the court that justice requires denial. See Shipner v. Eastern Air Lines, Inc., 868 F2d 401-406-07 (11th Cir. 1989). The factors courts use to evaluate whether to deny leave to amend are undue delay, bad faith or dilatory motive, futility of amendment, and prejudice to the opposing party. See e.g., Moore v. Kayport Package Express, Inc., 885 F2d 531, 538 (9th Cir. 1989), and Foman v. Davis, 371 U.S. 178, 182 (1962).

Declaration of Marco A. Palau In Support of Motion and Motion for Leave to Amend Complaint
Case No. 1:09-cv-00701

### 1. Adding Garcia as a Class Representative Will Efficiently Resolve Anticipated Rule 23 Challenges to Soto and Galvan

Castlerock has made it abundantly clear that it does not believe Soto and Galvan can represent the entire class since they purportedly only worked through the services of FLC Golden Grain during part of the 2003 harvest. It cannot attack Garcia on that same basis, since Garcia has supplied uncontroverted evidence in the form paycheck stubs from Castlerock, Golden Grain and J.L. Padilla that he was employed directly by Castlerock early during his tenure and employed at Castelrock properties from 2000 to 2005 when at least one other FLC, J.L. Padilla, supplied labor services to Castlerock. Plaintiffs strongly dispute Castlerock's claim that they are inappropriate class representatives with regards to the class as defined in the complaint. However, the intent of this motion is to avoid a scenario in which the Court agrees with Castlerock that class representatives can only represent certain subclasses and that other class representatives are needed to represent the entire class or other subclasses. This issue can be resolved now, rather than at class certification, when party depositions have not been completed and discovery disputes are yet to be resolved.

### 2. Under California law, Garcia has a substantive right to assert a PAGA claim because he has complied with the pre-filing requirements of the PAGA statute.

Under California law, Garcia may assert a PAGA cause of action <u>as a matter of right</u> for himself and other current or former employees after giving notice to the LWDA and defendants of the alleged Labor Code violations, and either receiving notice back from the LWDA indicating that it will not investigate, or receiving no notice from the LWDA within 33 days. <u>See</u> Cal. Labor Code §§ 2699(a) and 2699.3(a)(2)(A) provide in pertinent part:

> "A civil action by an aggrieved employee pursuant to subdivision (a) or (f) of Section 2699 alleging a violation of any provision listed in Section 2699.5 shall commence only after the following requirements have been met:
>
> (1) The aggrieved employee or representative shall give written notice by certified mail to the Labor and Workforce Development Agency and the employer of the specific provisions of this code alleged to have been violated, including the facts and theories to support the alleged violation.
>
> (2)(A) The agency shall notify the employer and the aggrieved employee or representative by certified mail that it does not intend to investigate the alleged violation within 30 calendar days of the postmark date of the notice received pursuant to paragraph (1). Upon receipt of that notice or if no notice is provided within 33 calendar days of the postmark date of the notice given pursuant to paragraph (1), the aggrieved employee may commence a civil action pursuant to Section 2699."
>
> * * *
>
> (2)(C) Notwithstanding any other provision of law, a plaintiff may *as a matter of right* amend an existing complaint to add a cause of action arising under this part . . . (emphasis added).

Once the pre-filing requirements are met, the PAGA cause of action may be brought by an aggrieved employee—such as Garcia—on behalf of himself and other current and former employees to "seek civil penalties for Labor Code violations that previously could be assessed only by state agencies." Dunlap v. Superior Ct., 142 Cal.App.4th 330, 336 (2006). In seeking such penalties, Plaintiff is empowered to act "as a private attorney general to collect penalties from employers who violate labor laws . . . to protect the public and penalize the defendant for past illegal conduct." Id. The California Supreme Court has made clear that the aggrieved employee acts as a proxy or agent of the state, standing in the shoes of the state for the purpose of enforcing the state's labor laws and collecting penalties. Arias v. Sup. Ct., 46 Cal.4th 969, 986 (2009).

The proposed amendment adding Garcia would add no new causes of action and

7

would simply be based on the Labor Code violations alleged in the Complaint, since PAGA penalties are additional remedies that are available for the underlying violations of the Labor Code that have been asserted in this case all along. See Amaral v. Cintas Corp. No. 2, 163 Cal.App.4th 1157, 1199-1200 (2008). Given that Garcia has satisfied the PAGA's administrative requirements giving him a substantive right under California law to assert a PAGA claim, or will have satisfied such requirements by the hearing date on this motion, the proposed amendment is not futile. Further, there is no prejudice to Castlerock by this amendment, since it is statutorily mandated and based on the same facts that Castlerock has been on notice of since the outset of this litigation. See Ex. B to RJN (Second Amended Complaint naming Castlerock as Defendant in 2005), Docket #41-2. Justice therefore requires that Garcia be allowed to amend the complaint and assert the PAGA claim.

### 3. Defendant will not be prejudiced by the amendment

As long as defendant is fully apprised of a claim arising from specified conduct and has prepared to defend the action, his ability to protect himself will not be prejudicially affected if a new plaintiff is added, and he should not be permitted to invoke a limitations defense. Employees Committed For Justice v. Eastman Kodak Co., 407 F.Supp.2d 423 (W.D. N.Y. 2005). Where the new class representative's claims are based upon the same or substantially similar underlying conduct, defendant would not be prejudiced by the addition of the new class representative and the amendment relates back to the original complaint. Wright v. American Bankers Life Assur. Co. of Florida, 586

F.Supp.2d 46 (D. S.C. 2008). Castlerock was given ample notice of the allegations by means of the original and amended complaints, as well as letters to the LWDA. Palau Decl. ¶__, Ex 3. The underlying wage and hour allegations—i.e., failure to pay wages for pre and post-shift work, failure to provide proper meal and rest periods, failure to provide additional wages for improper or missed rest and meal periods, failure to reimburse employees for tools, failure to provide accurate itemized wage statements, etc.— do not differ from the original Complaint to the Proposed FAC. Further, those underlying violations serve as predicates for the PAGA claim, which is designed to impose penalties for such violations whether the Labor Code or wage order provisions carry a penalty or not. See Labor Code § 2699(a) and (f). As such Castlerock has had sufficient notice to prepare a defense.

### 4. The Proposed Amendment Does Not Conflict with Current Deadlines

The scheduling order of March 24, 2010 does not set a deadline for amendment of pleadings. Docket #18 at 4. Further, by minute order dated February 28, 2011, the Court stayed "Current deadlines for class discovery of 3/1/11, expert disclosure of 3/4/11, expert discovery of 4/15/11, and class certification of 5/2/11" until resolution of the parties' respective discovery motions. Docket #28. Indeed, the noticed PMK deposition of Castlerock has been delayed due to Castlerock's refusal to produce documents as to which Plaintiffs intend to seek testimony. Soto and Galvan also subpoenaed J.L. Padilla to provide testimony and documents and that has been delayed due to Castlerock's motion to quash the subpoena. The deposition of Galvan was commenced and nearly completed,

and will resume at a date and time to be determined. The deposition of Soto has not taken place, and Garcia was deposed for several hours and is willing to be further deposed for the additional time allowed under the FRCP. As such, the proposed amendment will not require an extension of existing deadlines nor cause delay. The time is ripe for the proposed amendment.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff requests leave to file the proposed First Amended Complaint attached as Exhibit 1 to Palau Decl.

Respectfully submitted,

Dated: July 6, 2011                                MALLISON & MARTINEZ

                                                   By: _____
                                                       Stan S. Mallison
                                                       Hector R. Martinez
                                                       Marco A. Palau
                                                       Jessica Juarez
       Joseph D. Sutton
Attorneys for Plaintiffs

I, Marco A. Palau, declare as follows:

1.   I am a lawyer duly licensed to practice law in the state of California and in the U.S. District Court for the Eastern District of California. As counsel for Plaintiffs in the above-captioned matter, I have personal knowledge of the matters described below, and if called to testify about them I could and would do so competently.

2.   Plaintiffs wish to amend their Complaint to include Javier Garcia as a class representative. Garcia has submitted to the Court pay stubs for the time period during which the proposed First Amended Complaint alleges that he was employed directly or jointly by Castlerock. These pay stubs, which were submitted in connection with currently pending D

10

1  discovery motions, were issued by Castlerock and other FLCs, including Golden Grain and J.L.
2  Padilla & Sons, Labor Service, Inc.  (*See* Docket #38, Ex. 7.)

3.  Attached hereto as Exhibit 1 is a true and correct copy of Plaintiffs' Proposed First Amended Complaint, and a red-lined version showing the changes from the operative complaint as Exhibit 2.

4.  Soto and Galvan filed the operative complaint on November 20, 2009 on behalf of all similarly situated individuals against Castlerock, the alleged employer or joint employer of the class.  (*See* Docket #1). The Complaint alleges numerous wage and hour violations stemming from practices or policies controlled directly or indirectly by Castlerock as an employer or joint employer of the class. Specifically, the Complaint alleges that the violations result from the following conduct: requiring employees to provide unpaid labor before and after the shift, requiring employees to incur costs relating to the purchase or maintenance of tools and equipment necessary for the job, failing to provide requisite meal and rest breaks as required by law, failing to provide additional wages in lieu of rest or meal breaks, and failing to pay all wages owed upon the termination of the employment relationship.  (*See*, *e.g.*, *id*. ¶14).

5.  Plaintiffs have sought discovery from Defendant regarding employees directly employed by Castlerock or jointly employed by Castlerock and FLCs other than Golden Grain, the FLC during the tenure of Plaintiffs Galvan and Soto. There has been extensive motion practice regarding this issue. Plaintiffs believe this argument goes to FRCP 23 requirements of typicality and adequacy and expect the issue to be addressed further in Defendant's opposition to Plaintiff's motion for class certification.

6.  In support of Plaintiffs' discovery attempts to secure payroll and timekeeping records of class members who were directly employed by Castlerock or jointly employed by FLCs and Castlerock, Javier Garcia has provided declarations and deposition testimony.

7.  Attached as Exhibit 3 is the June 8, 2011 letter in which Plaintiffs counsel gave written notice to the California Labor & Workforce Development Agency ("LWDA") and Defendant on behalf of Javier Garcia. The notice was sent to the aforementioned by certified mail

MALLISON & MARTINEZ
1939 HARRISON STREET, SUITE 730
OAKLAND, CALIFORNIA 94612-3547

1 with return receipt as required by Labor Code §2699.3, and included a copy of the operative
2 complaint. The Complaint explained the facts and theories giving rise to the action, as well as the
3 basis for the PAGA claim.
4    I declare under penalty of perjury under the laws of the United States of America that the
5 foregoing is true and correct. Executed this 6th day of July, 2011 at Oakland, California.

                                                /s/ Marco A. Palau
                                                Marco A. Palau

MALLISON & MARTINEZ
1939 HARRISON STREET, SUITE 730
OAKLAND, CALIFORNIA 94612-3547