# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SILVESTRE SOTO and OLGA GALVAN, on behalf of themselves and all other similarly situated individuals,<br><br>          Plaintiffs,<br><br>     v.<br><br>CASTLEROCK FARMING AND TRANSPORT, INC., et al.,<br><br>          Defendants. | ) Case No.: 1:09-cv-00701 AWI JLT<br>)<br>) ORDER GRANTING PLAINTIFFS' MOTION<br>) TO COMPEL DOCUMENT PRODUCTION<br>)<br>) (Docs. 25, 29, 38, 39)<br>)<br>) ORDER GRANTING IN PART AND<br>) DENYING IN PART NON-PARTY J. L.<br>) PADILLA & SONS LABOR SERVICE, INC.'S<br>) MOTION TO QUASH<br>)<br>) (Doc. 24) |

Plaintiffs Silvestre Soto and Olga Galvan ("Plaintiffs") seek an order compelling the production of documents by Castlerock Farming and Transport, Inc. ("Castlerock" or "Defendant"). In addition, non-party J.L. Padilla & Sons Labor Service, Inc., seeks to quash a subpoena duces tecum served by Plaintiff. The Court has read and considered the oral arguments of counsel presented on June 22, 2011.

For the reasons set forth below, Plaintiff's motion to compel production of documents is **DENIED**. Non-party Padilla & Sons' motion to quash the subpoena is **GRANTED IN PART** and **DENIED IN PART**.

///

///

**FACTUAL AND PROCEDURAL HISTORY**

On March 5, 2004, Arnaldo Lara, Mario Laveaga, Mirna Diaz, Paula Leon, and Raul Diaz, individually and acting for the interests of the general public, ("Lara Group") initiated an action in the Kern County Superior Court against Rogelio Casimiro, doing business as Golden Grain Farm Labor. (Doc. 41, Exh. A). The Lara Group added Castlerock Farming and Transport, Inc. as a defendant in that action in their second amended complaint on September 12, 2005. (Doc. 41, Exh. B).[1] This action was removed to the Eastern District on December 21, 2005.

On November 9, 2005, Plaintiffs' counsel initiated an action against table grape growers based in Kern County, including Castlerock, D.M. Camp & Sons; Marko Zaninovich, Inc.; Sunview Vineyards of California; Guimarra Vineyards Corp.; El Ranch Farms; Stevco, Inc; and FAL Inc.[2] *See Doe v. D.M. Camp & Sons*, 624 F.Supp.2d 1153 (E.D. Cal. 2008). At the time the action was brought, the plaintiffs were unnamed former and current employees of the defendants. *Id.* at 1156. The Court acknowledged the *Doe* matter was related to *Lara*, as well as several other cases imitated against grape growers. *Id.*

Defendants to the *Doe* action, including Castlerock, filed motions to dismiss the operative complaint, which were granted by the Court on March 31, 2008. Likewise, motions to sever the action were granted, and the Court required the plaintiffs to file amended pleadings against each defendant to effectuate the severance. On May 29, 2008, Silvestre Soto and Olga Galvan were named as plaintiffs in the Third Amended Complaint against Castlerock. (*Doe*, Doc. 175). On March 31, 2009, the Court ordered Plaintiffs to re-file their suit in a new case number within twenty

---

[1] On June 6, 2011, Plaintiffs requested that the Court take judicial notice of the initial complaint and the second amended complaint filed in *Lara, et al. v. Casimiro, et al*. (Doc. 41). The Court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); *United States v. Bernal-Obeso*, 989 F.2d 331, 333 (9th Cir. 1993). The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. *Mullis v. United States Bank. Ct.*, 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); *Valerio v. Boise Cascade Corp.*, 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), *aff'd*, 645 F.2d 699 (9th Cir.); *see also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989); *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th. Cir. 1980). Therefore, Plaintiff's request for judicial notice is **GRANTED**.

[2] For the same reasons set forth in n.1, the Court may take judicial notice of its own records. Therefore, judicial notice is taken of the Court's docket in *Doe v. D.M. Camp & Sons*, case number 1:05-cv-01417-AWI-SMS.

days to finalize the severance. (*Doe*, Doc. 239).

On April 20, 2009, Plaintiffs filed their complaint against Defendant Castlerock for the following: violation of the Agricultural Workers Protection Act, 29 U.S.C. § 1801, *et seq*; failure to pay wages; failure to pay reporting time wages; failure to provide rest and meal periods; failure to pay wages of terminated or resigned employees; knowing and intentional failure to comply with itemized employee wage statement provisions; penalties under Labor Code § 2699, *et seq*; breach of contract; and violation of unfair competition law. (Doc. 1). Plaintiffs brought the action "on behalf of Plaintiffs and members of the Plaintiff Class comprising all non-exempt agricultural, packing shed, and storage cooler employees employed, or formerly employed, by each of the Defendants within the State of California." *Id.* at 4.

## SCOPE OF DISCOVERY

The scope and limitations of discovery are set forth by the Federal Rules of Civil Procedure and Evidence. In relevant part, Rule 26(b) states:

> Unless otherwise limited by court order, parties may obtain discovery regarding any nonprivileged manner that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things. . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the accident. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b). Relevant evidence is defined as "evidence having any tendency to make the existence of **any fact that is of consequence to the determination of the action** more probable or less probable than it would be without the evidence." Fed. R. Evid. 401, emphasis added. Further, relevancy to a subject matter is interpreted "broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

## MOTION FOR PRODUCTION OF DOCUMENTS

**I. Requests for Production of Documents**

A propounding party may request documents "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a). A request is adequate if it describes items with "reasonable particularity;" specifies a reasonable time, place, and manner for the inspection; and specifies the

form or forms in which electronic information can be produced.  Fed. R. Civ. P. 34(b).  Further, a request is sufficiently clear and unambiguous if it "places the party upon 'reasonable notice of what is called for and what is not.'"  *Kidwiler v. Progressive Paloverde Ins. Co.*, 192. F.R.D. 193, 202 (N.D. W. Va. 2000), *quoting Parsons v. Jefferson-Pilot Corp.*, 141 F.R.D. 408, 412 (M.D.N.C. 1992); *see also* 2 Schwarzer, Tashima & Wagstaffe, *Federal Civil Procedure Before Trial* (2003) Discovery, para. 11:1886 (test is whether a respondent of average intelligence would know what items to produce).

Upon receipt of a discovery request, the responding party must respond in writing and is obliged to produce all specified relevant and non-privileged documents, tangible things, or electronically stored information in its "possession, custody, or control" on the date specified.  Fed. R. Civ. P. 34(a).  In the alternative, a party may state an objection to a request, including the reasons.  Fed. R. Civ. P. 34(b)(2)(A)-(B).  When a party resists discovery, he "has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections."  *Oakes v. Halvorsen Marine Ltd.*, 189 F.R.D. 281, 283 (C.D. Cal. 1998), citing *Nestle Food Corp. v. Aetna Cas. & Co.* 135 F.R.D. 101, 103 (D.N.J. 1990).  If a party "fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34," the propounding party may make a motion to compel production of documents.  Fed. R. Civ. P. 37(a)(3)(B)(iv).

## II.   Rule 23 Prerequisites and Discovery

Generally, a class action requires that joinder of all members of a class be impracticable ("numerosity"), common questions of law or fact to the class ("commonality"), claims or defenses of representatives be typical of the proposed class ("typicality"), and the representative parties "fairly and adequately protect the interests of the class" ("adequacy of representation")  Fed. R. Civ. P. 23(a); *Stanton v. Boeing Co.*, 327 F.3d 938, 953 (9th Cir. 2003).  "These requirements effectively limit the class claims to those fairly encompassed by the named plaintiff's claims."  *Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 155 (1982), citing *General Telephone Co. v. EEOC*, U.S. 318, 330 (1980).

When a party seeks discovery related to class discovery, a court may require the plaintiff to make a prima facie showing that the requirements of Rule 23 are satisfied, or that the discovery sought is likely to substantiate the class claims. *See Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985) (finding that when seeking discovery "to aid the determination of whether a class action is maintainable, the plaintiff bears the burden of advancing a prima facie showing that the class action requirements of Fed. R. Civ. P. 23 are satisfied or that discovery is likely to produce substantiation of the class allegations"); *Doninger v. Pacific Northwest Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977) ("the burden is on the plaintiff to demonstrate that discovery measures are likely to produce persuasive information substantiating the class allegations"). Together, *Mantolete* and *Doninger* "stand for the proposition that a court does not abuse its discretion if it decides to require a prima facie showing that class treatment is appropriate before allowing discovery on issues pertaining to class certification." *Kaminske v. JP Morgan Chase Bank, N.A.*, 2010 U.S. Dist. LEXIS. 141514, at *4 (C.D. Cal. May 21, 2010). However, the Ninth Circuit cautioned, "The propriety of a class action cannot be determined in some cases without discovery, as for example, where discovery is necessary to determine the existence of a class or set of subclasses." *Kamm v. California City Development Co.*, 509 F.2d 205, 210 (9th Cir. 1975). Reviewing *Doninger* and *Kamm*, the Ninth Circuit concluded: "Our cases stand for the unremarkable proposition that often the pleadings alone will not resolve the question of class certification and some discovery will be warranted." *Vinole v. Countrywide Home Loans, Inc.*, 572 F.3d 935, 942 (9th Cir. 2009).

**III.   Discussion and Analysis**

Plaintiffs assert they "are entitled to discovery relating to class certification issues," and seek the following categories of documents:

    1.   Company Policies and Practices – Requests Nos. 9, 10, 12, 13 (policies communicating rest and meal breaks and relieving employees of work duties during these breaks) and 15 (pay rates).

    2.   Timekeeping Records – Requests Nos. 3, 4, 5, 6, 7 (timekeeping, time cards, timesheets, start and stop times, time records, reports or summaries of time worked, work schedules), 8 and 11 (scheduling of rest and meal breaks)

    3.   Payroll Records – Requests Nos. 1 (payroll records), 2 (itemized wage statements), 16 and 19 (piece rate or bonus payments, including overtime calculations).

(Doc. 39 at 6). In addition, Plaintiffs assert there is good cause for the discovery sought because "the time and payroll information is not only relevant but critical to establish numerosity, commonality and typicality for purposes of class certification." *Id.* at 16. In addition, Plaintiffs contend the payroll and timekeeping records and documents evidencing labor practices are needed "to enforce the State's labor laws through the collection of penalties payable to the State and employees pursuant to the Private Attorneys General Act" ("PAGA"). *Id.* at 2. Further, because a PAGA claim does not require class certification, Plaintiffs assert objections on Rule 23 grounds are irrelevant. *Id* at 11-12.

According to Plaintiffs, "Defendant has refused to produce information except for records relating to [farm labor contractor] Golden Grain and only for the period of approximately 2003 to 2005, about 20% of the class period." (Doc. 39 at 4). Defendant asserts that the company produced over 18,500 pages of documents though the records produced were "at least six years old and resided only in hard copy," and the production required "many dozens of hours gathering, sorting, and copying" the documents." (Doc. 40 at 5). Defendant argues the records produced "pertain to hundreds of workers" who were employed by Golden Grain, the farm labor contractor which employed Plaintiffs. *Id.* at 6.

Defendant asserts Plaintiffs' discovery requests cause an undue burden and are extremely intrusive.[3] (Doc. 40 at 8). According to Defendant, the PAGA claim is time-barred and cannot be a basis for discovery.[4] (Doc. 40 at 6, 9-11). In addition, Defendant argues Plaintiffs have failed to establish a prima facie showing of class certification. and have not shown the documents demanded "are likely to substantiate their class certification." *Id* at 8-9.

///
///
///
///

---

[3] Beyond this initial assertion, Defendant offers no evidence or support for the argument that the discovery requests are "extremely intrusive." Therefore, this assertion is not addressed.

[4] However, because the Court finds that Plaintiffs have demonstrated prima facie evidence it does not decide whether PAGA would provide an alternate basis for the discovery.

      A.   Prima facie showing of class certification[5]

Plaintiffs assert they have made a prima facie showing of their Rule 23 claims with the declarations of Plaintiffs and other former employees, "which confirm that Castlerock remains in control of the working conditions no matter which FLC is brought on to assist with supervision and payroll." (Doc. 39 at 3). Also, Plaintiffs assert the declarations of Soto[6] and Javier Garcia establish that "Castlerock hires and fires employees, sets and enforces the practices governing wages, schedules and working conditions, and directly and indirectly supervises employees." *Id.* Further, Plaintiff asserts that "Castlerock remains in control of the working conditions no matter which FLC is brought on to assist with supervision and payroll." *Id.*

On the other hand, Defendant asserts Plaintiffs have not made prima facie showing of a certifiable class. (Doc. 40 at 12). Further, Defendant contends Plaintiff are unable to do so because the Complaint does not make a prima facie showing, and lacks factual assertions to support either the claims or class certification:

> [T]he Complaint fails to identify where the plaintiffs worked at Castlerock or what type of work they performed . . . Additionally, the Complaint fails to discuss how plaintiffs were purportedly forced to "work off the clock" and go without meal periods or breaks or denied minimum wage or itemized wage statements . . . Nor does plaintiffs' Complaint allege facts showing that Castlerock and all of its FLCs had a policy or practice of committing the same alleged wage-and-hour violations. The Complaint says nothing concrete about how the plaintiffs are similarly situated to all other Castlerock direct employees or the employees of other FLCs.

*Id.* at 12-13. In addition, Defendant asserts the depositions and declarations provided by Plaintiffs do not make a prima facie showing of a certifiable class, because two declarations had to be withdrawn, and the declaration of Javier Garcia contradicts his deposition testimony. *Id.* at 14-17. Specifically, Defendant argues Plaintiffs "have not made a *prima facie* showing that common questions of law or fact predominate or that the lead plaintiffs' claims are typical." *Id.* at 12.

---

[5] The Court is not making findings related to class certification but evaluates the certification factors at this time *only* for a determination of whether prima facie evidence has been shown.

[6] The Court **OVERRULES** the objection to this declaration for purposes of this motion only. The Court finds that the language "under penalty of perjury" were not contained in his declaration. However, he *does* attest that the declaration is "true and correct" and attests "under the laws of California." This is "substantially" what is required by 28 U.S.C. § 1746.

Rule 23 requires that the claims or defenses of the representative parties by typical of the claims or defenses of the class, and common questions of law or fact. Fed. R. Civ. P. 23(a). The Ninth Circuit explained, "Although the commonality and typicality requirements of Rule 23(a) tend to merge, each factor serves a discrete purpose. Commonality examines the relationship of facts and legal issues to class members, while typicality focuses on the relationship of facts and issues between the class and its representatives." *Dukes v. Wal-Mart, Inc.*, 509 F.3d 1168 at 1184 n. 12 (9th Cir. 2007), citing *Falcon*, 457 U.S. at 157 n.13. As to these claims, the Court seeks to determine whether there is prima facie evidence as to *any* of the claims raised by Plaintiffs on the elements of commonality and typicality and *only* to the extent they are implicated by the discovery sought.

### 1.   Commonality

To have the requisite commonality, "[t]he existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998). Moreover, "[a]ll questions of fact and law need not be common to satisfy the rule." *Id.*

Plaintiffs' claim Defendant had policies: "requiring employees to provide unpaid labor before and after the shift [and] requiring employees to incur costs relating to the purchase or maintenance of tools and equipment necessary for the job." (Doc. 46 at 7). Also, Plaintiffs allege Defendant "fail[ed] to provide requisite meal breaks . . . and the require[d] paid rest breaks, and fail[ed] to pay all wages owed upon the termination of the employment relationship." *Id.* In support of these assertions, Soto declared the company "would make us work before and after our official breaks without pay, they would not give us our rest and lunch breaks correctly (making us work during the ten to thirty minutes) and . . . they did not reimburse me for the scissors that I had to buy in order to do my work." (Decl. of Soto ¶ 10, Doc. 38-5 at 4). Galvan testified she had "school" before she could start harvesting grapes, and that she was required to wash grape trays at home. (Depo. of Galvan at 43, Doc. 38-4; Doc. 46 at 15).

Likewise, alleged absent class member Javier Garcia[7] declared that before opening time, he was required "to prepare the equipment and work area" and "to attend a daily meeting they called 'school,'" where they were given work instructions (Decl. of Garcia ¶¶ 5-6, Doc. 38-6 at 3). According to Garcia, he was required to do work after his shift, "such as finishing the job, doing the cleanup of [his] work area, storing items that were used in the harvest, and taking trays . . . to wash at home." *Id.* at 3. Also, Garcia stated he was not given a complete thirty minute lunch break or full rest breaks. *Id.* On the other hand, Garcia testified during a deposition that he was, in fact, given breaks in the morning and afternoon, and would take the full ten minutes, and that he took a thirty minute break during lunch, though others did not. (Depo. of Garcia at 99-100, Doc. 40-1 at 40-41).

Notably, Plaintiffs seek documents to establish unpaid breaks "by demonstrating the wide spread (sic) existence of piece rate shifts." However, Olga Galvan testified that she was paid on an hourly basis (Decl. of Hanlon, Doc. 49 at 9) and there is no evidence that Soto did either. However, Garcia's testimony in conjunction with Galvan's and the statement of Soto suggests class members were required to work off the clock, either by attending school or taking trays home to wash after work. Therefore, Plaintiffs have stated a prima facie commonality of facts and legal issues for purposes of this motion.

2. Typicality

Under Rule 23(a), "claims are 'typical' if they are reasonably co-extensive with those of absent class members" because the claims "need not be substantially identical." *Hanlon*, 1020 F.3d at 1020. To determine typicality, the Court will determine "whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992).

Both Galvan and Garcia attest that they were required to go to "school" before the official starting time and to take grape trays home and wash them. Thus, the class representative asserts injuries similar to another class member, and the evidence suggests other class members have been

---

[7] Defendant asserts the deposition of Javier Garcia "is not reliable because at deposition he contradicted his own declaration." (Doc. 40 at 15-17). This, however, goes to the weight of the evidence, not to its admissibility.

9

similarly injured. Therefore, for purposes of this motion, Plaintiffs' have made a prima facie showing that their claims are typical to those of other class members.

### B. Substantiation of the class claims

As discussed above, Plaintiffs have stated a prima facie case for class certification in support of this motion. Consequently, Plaintiffs are not required to establish that the requested discovery is likely to substantiate their class claims. *See Mantolete*, 767 F.2d at 1424 (9th Cir. 1985) ("the plaintiff bears the burden of advancing a prima facie showing that the class action requirements of Fed. R. Civ. P. 23 are satisfied *or* that discovery is likely to produce substantiation of the class allegations") (emphasis added).

### C. "Overbroad" discovery requests and an undue burden

Defendant asserts the discovery request are overbroad because Plaintiffs "claim to represent a wage-and-hour class of not just the persons on the plaintiff's crew, and not just persons employed by the same FLC, but instead a class of (i) <u>all</u> of Castlerock's direct employees since 2001[8] and (ii) <u>all</u> employees of any other FLC who performed work at a Castlerock ranch or facility since 2001." (Doc 40 at 6). Further, Defendant contends that the production Plaintiffs seek would include "hundreds of thousands of pages" because "[d]uring the relevant time period . . . Castlerock had more than 150 direct employees, and did business with more than 120 FLCs. Locating and pulling these documents for production would take Castlerock well more than 100 hours of employee time." *Id.* at 5, 8-9 (citations omitted).

To relieve the burden on a party, a court may order a "sampling" of records. *See, e.g., Smith v. Lowe's Home Ctrs.*, 236 F.R.D. 354, 357-58 (S.D. Oh. 2006) ("limiting discovery to a statistically significant representative sampling. . . will both reasonably minimize the otherwise extraordinary burden imposed"); *Barnhart v. Safeway Stores*, 25 Fed.R.Serv.3d (Callaghan) 35, 1992 U.S. Dist. LEXIS 22572 (E.D. Cal. 1992) (finding "sampling is a reasonable compromise" and ordering the defendant to submit a proposed sampling method to the plaintiff); *Cranney v. Carriage Servs.*, 2008 U.S. Dist. LEXIS 113606 (D. Nev. 2008 ) (ordering the parties to identify "ten percent of a relevant

---

[8] To the extent that Defendant's "direct employees" performed "farm labor work," i.e., harvesting, tipping, pruning, etc., the Court finds that records related to these employees are relevant and discoverable.

10

combination of workers and work sites," and limiting discovery to those identified"); *Smith v. T-Mobile USA, Inc.*, 13 Wage & Hour Cas.2d (BNA) 633, 2007 U.S. Dist. LEXIS 60729, at *12-13) (C.D. Cal. Aug. 15, 2007) (in the discovery process, plaintiff "sampled" ten percent of the defendant's store managers and corporate employees).  As the Court established above, the requested documents are relevant and discoverable by Plaintiffs.  Consequently, the Court finds sampling is an appropriate method to relieve the burden imposed upon Defendant given the number of employees and FLCs involved.  Therefore, Defendant SHALL produce timekeeping and payroll records for January, April, July and October for the odd-numbered years of the alleged class period and February, May, August and November for the even-numbered years of the alleged class period unless the parties agree to a different sampling method.

## MOTION TO QUASH

### I. Legal Standard

Under Federal Rule of Civil Procedure 45, any party may serve a subpoena that commands a non-party "to produce documents, electronically stored information, or tangible things . . ." Fed. R. Civ. P. 45(a)(1)(C).  Subpoenas are subject to the relevance requirements of Rule 26(b), and therefore may command the production of documents which are "nonprivileged [and] . . . relevant to a party's claim or defense." Fed. R. Civ. P. 26(b)(1).  However, a party serving a subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(c)(1).  In addition, a non-party subject to a subpoena "deserve[s] extra protection from the courts." *High Tech Medical Instrumentation v. New Image Indus.*, 161 F.R.D. 86, 88 (N.D. Cal. 1995), citing *United States v. Columbia Broadcasting System*, 666 F.2d 364, 371-72 (9th Cir. 1982).

Upon motion of the party opposing a subpoena, the court "must quash or modify a subpoena that . . . subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A).  The party seeking to quash a subpoena has the "burden of persuasion." *Travelers Indem. Co. v. Metropolitan Life Ins. Co.*, 228 F.R.D. 111, 113 (D. Conn. 2005).  The court has "ample discretion" to quash or modify a subpoena that causes an undue burden. *Exxon Shipping Co. v. U.S. Dep't of Interior*, 34 F.3d 774, 779 (9th Cir. 1994).

## II. Discussion and Analysis

Non-party J.L. Padilla & Sons Labor Services, Inc., ("Padilla & Sons") seeks to quash a subpoena *duces tecum* served by Plaintiffs, asserting "the requests are not reasonably calculated to lead to the discovery of relevant information in plaintiff's litigation against Castlerock and unduly burden Padilla & Sons." (Doc. 24-1 at 3). Padilla & Sons asserts that the subpoena "is an abuse of the discovery process" because it is "overbroad, contains improper requests, and seeks documents that are not relevant, thus creating an undue burden. . ." (Doc. 37 at 2, 12).

In determining whether a subpoena poses an undue burden, courts "weigh the burden to the subpoenaed party against the value of the information to the serving party." *Travelers Indem. Co.v. Metropolitan Life Insur. Co.*, 288 F.R.D. 111, 113 (D. Conn. 2005); *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005). Generally, this requires consideration of "relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *Id.*, *quoting United States v. IBM*, 83 F.R.D. 97, 104 (S.D.N.Y. 1979).

A.  Relevance, breadth of the document request, and the time period covered

According to Padilla & Sons, the discovery sought is not relevant because the company was not created until 2005, and Padilla & Sons began providing farm laborers to Castlerock after Golden Grain no longer was the labor contractor for Defendant. (Doc. 37 at 3). In addition, Padilla & Sons states that it does not possess information concerning Plaintiffs' employment with Golden Grain or their work at Castlerock's ranch, because Plaintiffs never worked for Padilla & Sons. *Id.* at 7-8. According to Padilla & Sons, "[P]laintiffs should be permitted to obtain only discovery relating to individuals in whose shoes they might reasonably stand under Rule 23," which limits them to the crew members with whom Plaintiffs worked at Castlerock. *Id.* at 10.

Plaintiffs have made a prima facie showing of commonality and typicality of class claims for discovery purposes. Notably, class member Javier Garcia worked for Castlerock directly and through farm labor contractors Golden Grain and J.L. Padilla & Sons. Consequently, the discovery sought could assist in determining whether Plaintiffs are proper representatives, whether the class is numerous and whether commonality extends to employees of other farm labor contractors, such as

1  Garcia.

2      B.  <u>Plaintiff's need of the documents</u>

3      Padilla & Sons assert the Court should require Plaintiffs to exhaust their party discovery
4  options before being allowed to conduct third-party discovery.  (Doc. 37 at 12), *quoting Heilman v.*
5  *Lyons*, 2011 U.S. Dist. LEXIS 4430, at *3 (E.D. Cal. Dec. 13, 2010) ("A motion for issuance of a
6  subpoena duces tecum should be supported by clear identification of the documents sought and a
7  showing that the records are obtainable only through the identified third party.").

8      In general, there is a preference for parties to obtain discovery from one another before
9  burdening non-parties with discovery requests.  *See, e.g.*, *Moon*, 232 F.R.D. at 638 (because
10  "plaintiffs have not shown they have attempted to obtain these documents from defendant, the Court
11  finds that, at this time, requiring [the] non-party. . . to produce these documents is an undue
12  burden"); *Instituform Technologies v. Cat. Contracting*, 914 F.Supp. 286, 287 (N.D. Ill. 1996)
13  (holding a party should not be permitted to seek information from a non-party that they can obtain
14  from the opposing party); *Davis v. Ramen*, 2010 U.S. Dist. LEXIS 115432, at *3 (E.D. Cal. May 11,
15  2010) (denying a request for a subpoena duces tecum because the plaintiff had not shown that the
16  records were only obtainable through the non-party).  Consequently, where plaintiffs have not shown
17  they attempted to obtain documents from the defendant in an action prior to seeking the documents
18  from a non-party, a subpoena duces tecum places an undue burden on a non-party.

19      Moreover, when an opposing party and a non-party both possess documents, the documents
20  should be sought from the party to the case.  *Nidec Corp. v. Victor Co. of Japan*, 248 F.R.D. 575,
21  577 (N.D. Cal. 2007).  Since the initial filing of this motion, Plaintiffs sought a motion compelling
22  the production of documents from Defendant including information about individuals who worked at
23  Castlerock through Padilla & Sons.  However, Defendant has refused to produce any documents
24  except for those associated with a different farm labor contractor.  Therefore, Plaintiffs have
25  established a need to obtain these documents from Padilla & Sons.

26      C.  <u>Burden of Production</u>

27      According to Padilla & Sons, responding to the document requests would result in a
28  production of "tens of thousands of pages" because the company "has provided extensive farm labor

services to Castlerock." (Doc. 37 at 3-4). Jose Luis Padilla testified the company employed "[a]bout 600-700" individuals who worked at Castlerock. (Depo. of Padilla at 52, Doc. 42, Ex. 1. at 6). Also, Mr. Padilla testified that there were approximately 1,500 employees who worked for Padilla & Sons during the period for which documents are sought. *Id.* at 10. (Padilla Depo. at 57). All records for these individuals are stored in 40-50 boxes in his house.[9] (*Id.*; Doc. 44 at 13). Notably, according to Padilla & Sons, responding to the discovery request "would require dozens of hours of work and preparation." (Doc. 37 at 11).

On the other hand, at his deposition, Mr. Padilla testified that the employment documents were maintained in electronic form and he and his bookkeeper had copies of the electronic employment records. Padilla fails to explain why production of these electronic records is overly burdensome or, in fact, why production of the electronic records would pose any real burden at all. Moreover, Padilla & Sons *does not* assert that producing the policies requested in the subpoena duces tecum would be overly burdensome or that they can be obtained from Defendant.

**CONCLUSION**

Plaintiffs assert the time and payroll records are relevant to class discovery "to establish numerosity, commonality and typicality for purposes of class certification." (Doc. 39 at 16). Specifically, Plaintiffs assert the information would establish common factual questions and "whether Defendants kept track of start and stop times, recorded meal and rest breaks, paid premium rest, meal and split shift wages; or provided timely and compete rest and meal breaks." (Doc. 39 at 16, n. 29). Notably, district courts have found the documents requested are pertinent to the issues of class certification, in particular whether the prospective class is sufficiently numerous and that they have claims in common to support this method of litigation. *See, e.g., Hill v. Eddie Bauer*, 242 F.R.D. 556, 562 (C.D. Cal. 2007); *Chavez v. Petrissans*, 2008 U.S. Dist. LEXIS 111596 at *15-16 (E.D. Cal. Sept. 5, 2008).

---

[9] However, it is unclear whether the boxes include records for individuals that would not be relevant to this action, such as those who worked at locations other than Castlerock, in which case Padilla & Sons would be required to sort through the information.

Further, as recognized by the Ninth Circuit, often pleadings will not resolve an issue of class certification "and some discovery will be warranted." *Vinole*, 572 F.3d at 942. Although Plaintiffs have received some discovery from Plaintiffs, further production will assist the Court in determining whether class certification is appropriate, and whether Plaintiffs are adequate representatives. For a court to deny discovery that it is necessary to determine the existence of a class is an abuse of discretion. *Kamm*, 509 F.2d at 201. As articulated by the First Circuit, "To pronounce finally, prior to allowing any discovery, the nonexistence of a class or set of subclasses, when their existence may depend on information wholly within defendant's ken, seems precipitate and contrary to the pragmatic spirit of Rule 23." *Id.* at 210, n.11, *quoting Yaffe v. Powers*, 454 F.2d 1362, 1366 (1st Cir. 1972). Accordingly, this Circuit has held that it is a duty of the court "to give the parties an opportunity to supply the district court will all of the information that it may find relevant in making a class certification determination." *Chavez*, 2008 U.S. Dist. LEXIS 111596 at *15-16.

When the target of discovery is a non-party, the policy favoring liberal discovery may be tempered to protect a non-party from discovery that is unduly burdensome. *See Dart Industries Co. v. Westwood Chemical Co.*, 349 F.2d 646, 649 (9th Cir. 1980). However, in this case the documents sought in the subpoena duces tecum are relevant to Plaintiffs' action against Castlerock because Plaintiffs have established common questions of law and fact to assert the class claims for which they seek discovery. Moreover, there is no evidence that producing the electronic employment records maintained by Padilla & Sons would pose any significant burden on Padilla.

**ORDER**

Based upon the foregoing,

1. Plaintiffs' motion to compel is **GRANTED** as follows:

    a. Within 14 days of the date of service of this order, Defendant **SHALL** produce documents responsive to requests numbers 9, 10, 12, 13, and 15; and

    b. Within 30 days of the date of service of this order, as to requests numbers 1, 2, 3, 4, 5, 6, 7, 8, and 11, Defendant **SHALL** produce records from January, May and September for the odd-numbered years of the alleged class period and

|   |   |
|---|---|
| 1 | March, July, and November for the even-numbered years of the alleged class |
| 2 | period unless the parties agree to a different sampling method. |
| 3 | 2. Non-party J.L. Padilla & Sons Labor Service's motion to quash the deposition |
| 4 | subpoena is **GRANTED IN PART** and **DENIED IN PART.** Padilla & Sons |
| 5 | **SHALL** produce a copy of the electronic record of the employment records |
| 6 | maintained by them for the alleged class period and <u>any</u> responsive documents to the |
| 7 | requests made in paragraphs (j), (k), (l), (m), (n), (o), (p), (q), (r) and (s) of the |
| 8 | subpoena duces tecum, whether electronic or . In all other respects, the motion to |
| 9 | quash is **GRANTED**. |

IT IS SO ORDERED.

Dated:   **July 7, 2011**                                        /s/ Jennifer L. Thurston
                                                          UNITED STATES MAGISTRATE JUDGE