Stan S. Mallison, (SBN 184191)
Hector R. Martinez (SBN 206336)
Marco A. Palau (SBN 242340)
Jessica Juarez (SBN 269600)
Joseph D. Sutton (SBN 269951)
MALLISON & MARTINEZ
1939 Harrison Street, Suite 730
Oakland, California 94612
Telephone: 510.832.999
Facsimile:  510.832.1101
stanm@themmlawfirm.com
hectorm@themmlawfirm.com
mpalau@themmlawfirm.com
jjuarez@themmlawfirm.com
jsutton@themmlawfirm.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| SILVESTRE SOTO and OLGA GALVAN on behalf of themselves and all other similarly situated individuals,<br><br>PLAINTIFFS,<br><br>vs.<br><br>CASTLEROCK FARMING AND TRANSPORT, INC and DOES 1-2<br><br>DEFENDANTS. | Case No. 1:09-cv-00701-AWI-JLT<br><br>**PLAINTIFFS' OPPOSITION TO DEEFDANT'S REQUEST FOR RECONSIDERATION OF MAGISTRATE JUDGE'S RULING**<br><br>**Hon. Anthony W. Ishii** |

MALLISON & MARTINEZ
Attorneys at Law
1939 Harrison Street, Suite 730
Oakland, California 94612
510.832-9999
510.832-1101

OPPOSITION TO DEFENDANT'S REQUEST FOR RECONSIDERATION – Case No. 1:09-cv-00701

I.        INTRODUCTION

Defendant's request for reconsideration fails to show that Judge Thurston's order granting Plaintiffs' discovery motion and denying J.L. Padilla's motion to quash is clearly erroneous or contrary to law.  In fact, it is Defendant's position that is clearly erroneous and contrary to law. Essentially Defendant would have this Court deny Rule 23 discovery based purely on Defendant's bald assertions that Rule 23 requirements have not been met. Making such a Rule 23 determination—particularly in the context of a discovery motion—would be clearly erroneous and contrary to law. Judge Thurston was careful to not rule on Rule 23 issues or weigh any evidence, simply deciding the discovery motion before her grounded in controlling case law of the Ninth Circuit. *E.g.*, *Doninger v. Pacific Northwest Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977) ("the better and more advisable practice . . . is to afford the litigants an opportunity to present evidence as to whether a class action was maintainable. And, the necessary antecedent to the presentation of evidence is . . . enough discovery to obtain materials, especially when the information is within the sole possession of the defendant."); *Kamm v. California City Development, Co.*, 509 F.2d 205, 210 (9th Cir. 1975) (holding that it was reversible error to deny discovery where, for example, it may resolve a Rule 23 issue or determine the existence of classes or subclasses).

Judge Thurston's ruling properly looked to the pleadings in this case and the issues in dispute as the framework for considering whether the discovery sought by Plaintiffs is discoverable. In addition, Judge Thurston considered evidence submitted in support of Plaintiffs' motion and, without weighing the evidence, concluded that the pleadings and evidence justified the discovery sought because Plaintiffs had satisfied the standard for class discovery as set forth in Ninth Circuit case-law. Judge Thurston properly found that Defendant's had failed to carry their burden of showing that production would be oppressively burdensome (by ordering a sample) or burdensome at all (J.L. Padilla can easily produce electronic records).

II.       DISCOVERY AT ISSUE & RELEVANT FACTS

Plaintiffs' Silvestre Soto and Olga Galvan's complaint (Doc. No. 1) against Defendant

MALLISON & MARTINEZ
Attorneys at Law
1939 Harrison Street, Suite 730
Oakland, California  94612
510.832.9999
510.832.1101

- 2 -

OPPOSITION TO DEFENDANT'S REQUEST FOR RECONSIDERATION – Case No. 1:09-cv-00701

Castlerock Farming and Transport, Inc. alleges that Defendant enforced a set of wage and hour practices and policies that resulted in a systematic violation of their rights to wages and certain working conditions required by law. Specifically, Plaintiffs allege that Defendant violated AWPA by providing false and misleading information regarding the terms and conditions of employment of Plaintiffs; failing to pay wages (including regular, overtime, double-time, split shift, rest and meal period) due to Plaintiffs and the class as required by state and federal law. Plaintiffs further allege that Defendant violated the working arrangement, which includes the California wage and hour laws and regulations which form part of the working arrangement as a matter of law. Plaintiffs also assert an AWPA claim for failure to keep required records. Pursuant to the California Labor Code, Plaintiffs allege that Defendant failed to pay all minimum, overtime and double-time wages owed. Plaintiffs also allege that Defendant enforced practices or policies that resulted in failure to provide proper rest and meal breaks or additional wages in lieu thereof, and failure to pay for pre and post-shift work, in violation of the Labor Code and Wage Orders. (Doc. No. 1 ¶14). Plaintiffs also allege that these practices affected a class of Castlerock workers who were employed directly by Castlerock or jointly by Castlerock and FLCs, and define the class as "non-exempt hourly and/or piece-rate employees," setting forth class allegations that track the requirements of Rule 23. (*Id.* ¶¶22-32).

In order to certify the class and pursue PAGA penalties, Plaintiffs sought the discovery at issue, which Defendant has itself refused to produce and has sought to prevent others from producing.[1] The discovery involves the following categories of documents:

1. <u>Company Policies and Practices</u> – Requests Nos. 9, 10, 12, 13 (policies communicating rest and meal breaks and relieving employees of work duties during these breaks) and 15 (pay rates).

---

[1] The information sought from J.L. Padilla consists largely of time and payroll information, but for the period from approximately 2005 to the present, when J.L. Padilla claims to have provided services to Castlerock. *See* Opposition Papers to Motion to Quash (Docs. 42 and 43). As such, no distinction will be made in this brief regarding the discovery sought from Castlerock and J.L. Padilla, except that the J.L. Padilla discovery is available in electronic form, as noted in Judge Thurston's Order at 11-13.

MALLISON & MARTINEZ
Attorneys at Law
1939 Harrison Street, Suite 730
Oakland, California 94612
510.832-9999
510.832-1101

- 3 -

OPPOSITION TO DEFENDANT'S REQUEST FOR RECONSIDERATION – Case No. 1:09-cv-00701

2. <u>Timekeeping Records</u> – Requests Nos. 3, 4, 5, 6, 7 (timekeeping, time cards, timesheets, start and stop times, time records, reports or summaries of time worked, work schedules), 8 and 11 (scheduling of rest and meal breaks).

3. <u>Payroll Records</u> – Requests Nos. 1 (payroll records), 2 (itemized wage statements), 16 and 19 (piece rate or bonus payments, including overtime calculations).

Submitted in support of the motion to compel were declarations and deposition testimony of Plaintiffs and a class member, Javier Garcia, as well as documents supporting the class allegations. (Docs. 38, Exhs. 5 & 6).

Judge Thurston heard both the motion to compel and motion to quash on June 22, 2010. An order was issued on July 8, 2011 granting Plaintiffs motion to compel production of documents and granting in part and denying in part third party Jose Luis Padilla's motion to quash.

## III. ARGUMENT

### A. Judge Thurston's Ruling that Plaintiffs Have Made a Prima facie Showing of their Rule 23 Claims Is Well Founded.

Rule 23 requires that the claims or defenses of the representative parties be typical of the claims or defenses of the class, and common questions of law or fact. Fed. R. Civ. P. 23(a). The Ninth Circuit elaborated on these elements, noting: "Although the commonality and typicality requirements of Rule 23(1) tend to merge, each factor serves a discrete purpose. Commonality examines the relationship of facts and issues to class members, while typicality focuses on the relationship of facts and issues between the class and its representatives." *Dukes v. Wal-Mart, Inc.*, 509 F.3d 1168 at 1184 n. 12 (9th Cir. 2007), citing *Falcon*, 457 U.S. at 157 n. 13. To have the requisite commonality, "[t]he existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." *Hanlon v. Chrysler Corp.*, 150 F. 3d. 1011, 1020 (9th Cir. 1998). Moreover, "[a]ll questions of fact and law need not be common to satisfy the rule." *Id*. Under Rule 23(a), "claims are 'typical' if they are reasonably co-extensive with those of absent class members" because the claims "need not be substantially identical." *Id*.

Plaintiffs seeking class certification discovery bear the "burden of advancing a *prima facie*

MALLISON & MARTINEZ
Attorneys at Law
1939 Harrison Street, Suite 730
Oakland, California 94612
510.832-9999
510.832-1101

- 4 -

OPPOSITION TO DEFENDANT'S REQUEST FOR RECONSIDERATION – Case No. 1:09-cv-00701

showing that the class action requirement of Federal Rule of Civil Procedure are satisfied or that discovery is likely to produce substantiation of the class allegations. *Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985). Further, where discovery is necessary to resolve Rule 23 issues, it is reversible error to deny production of such discovery. *See Kamm*, *supra*. Defendant alleges that Judge Thurston discovery ruling (*See* Doc. No. 62) is erroneously and contrary to law. However, Judge Thurston's ruling is sound and Defendant's motion for reconsideration is yet another attempt to obfuscate documents necessary for Plaintiffs' class certification motion and the resolution of this case.

        1.      <u>Plaintiffs' Complaint Clearly State Facts Sufficient to Establish Prima facie Certifiable Class.</u>

Satisfying the first prong of the *Mantolete* standard can be accomplished by stating in the pleadings or elsewhere sufficient facts and argument to make prima facie showing of Rule 23's application. *Hatfield v. Williams*, 64 F.R.D. 71, 75 (N.D. Iowa, 1974) citing *Gillibeau v. City of Richmond*, 417 F.2d 426 (CA9 1972). Seeking to support their vacuous motion, Defendant claims that Plaintiffs' complaint "is devoid of facts and does little more than recite various provision of wage and hour law and baldly assert that Castlerock failed to comply with them." (Doc. 62 at 6) Defendant claims that Plaintiffs complaint is vague and general in its allegations. *Id*. However, a simple review of Plaintiffs' complaint renders these claims unsubstantiated.

Plaintiffs' specifically allege in their complaint the unlawful policies and practices enforced against its non-exempt employees, including:

    (a) forcing employees to work pre-shift and post-shift "off the clock" time without compensation;
    (b) forcing employees to work a second shift of home-work without compensation and without split shift play, or in the alternative, failing to pay travel time and incurred expenses;
    (c) forcing employees to purchase tools from the employer or otherwise supply their own tools;
    (d) failing to pay minimum wages;
    (e) failing to pay double minimum wage to employees who provide or are required to purchase their own tools;
    (f) failing to provide non-exempt employees rest periods of at least (10) minutes per four (4) hours worked or major fraction thereof and failing to pay such employees one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided, as required by California

MALLISON & MARTINEZ
Attorneys at Law
1939 Harrison Street, Suite 730
Oakland, California 94612
510.832-9999
510.832-1101

- 5 -

OPPOSITION TO DEFENDANT'S REQUEST FOR RECONSIDERATION – Case No. 1:09-cv-00701

    Sate wage and hour laws
- (g) requiring non-exempt employees to work at least five (5) hours without a meal period and failing to pay such employees One (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided;
- (h) requiring employees to report to work and if an employee did report for work, but was not put to work or was furnished with less than half said employee's usual or scheduled day's work, paid the employee less than half the usual or scheduled day's work at the employee's regular rate of pay and/or less than the legal minimum;
- (i) failing to provide employees with accurate itemized wage statements; and
- (j) failing to maintain accurate time keeping records.

(Doc. 1, at 5-6)

  In addition, Plaintiffs specifically link the factual allegations noted above to questions of law and fact common to the class in the complaint. (*Id.* at 7-9, ¶¶22-32.)

  Defendant cites *Tracy v. Dean Witter Reynolds, Inc.*, 185 F.R.D. 303, 305 (D. Colo. 1998) for the proposition that Plaintiffs here have failed to allege specific facts to make a *prima facie* showing of Rule 23 requirements.  However, *Tracy* fails to support Defendant's contention that Plaintiffs complaint is devoid of factual allegations needed to make a *prima facie* showing of their Rule 23 claims.  *Tracy* held that, absent evidence of a national policy in violation of the FLSA, Plaintiffs in one office were not permitted to extend discovery to employees who worked in one of 400 offices maintained by employer. Here, however, there is deposition testimony and a declaration from class member Javier Garcia which clarifies that the wage and hour abuses alleged in the complaint occurred when Castlerock was the direct employer and continued when Castlerock and various Farm Labor Contractors (FLCs) were the joint employers of Castlerock non-exempt employees. (Doc. 39-5). Mr. Garcia worked directly for Castlerock and for Castlerock through FLCs Golden Grain, J & B Pimentel and J. L. Padilla during his employment at Castlrock vineyards. *Id.* Thus, unlike the plaintiffs in *Tracy*, here Plaintiffs have evidence justifying document requests from the FLCs operating at Castlerock properties during the class period. Lastly, *Tracy* does nothing to advance Defendant's contention that Plaintiffs' complaint is somehow devoid of factual allegations sufficient to make a prima facie showing of their Rule 23.

  Even should the Court find that Plaintiffs' complaint falls short of full *prima facie* showing

MALLISON & MARTINEZ
Attorneys at Law
1939 Harrison Street, Suite 730
Oakland, California  94612
510.832-9999
510.832-1101

- 6 -

OPPOSITION TO DEFENDANT'S REQUEST FOR RECONSIDERATION – Case No. 1:09-cv-00701

of their Rule 23 claims, the additional evidence in Plaintiffs' deposition testimony and class member declaration and deposition testimony leave no doubt that Judge Thurston was correct in ordering Defendant and Non-party FLC J. L. Padilla & Sons to produce the payroll and timekeeping documents requested, as the evidence sought is likely to substantiate class allegations and, moreover, is necessary to resolve Rule 23, requirements, including typicality and adequacy of the class representatives that Defendants are attacking.

    2. <u>Plaintiffs' Deposition Testimony and Declarations Make a *Prima Facie* Showing of a Certifiable Class.</u>

In their Motion for Reconsideration, Defendant asserts that the Plaintiffs' evidence fails to make a *prima facie* showing of their Rule 23 claims. Specifically, Defendant's argue that Judge Thurston ruling is erroneous because Plaintiffs have failed to make a prima facie showing of the existence of a class of workers required to perform unrecorded, unpaid work on Castlerock ranches.

Regardless of Defendant's arguments, Plaintiffs' allegations have been supported by deposition testimony and declarations, and at a minimum, make a *prima facie* showing of their Rule 23 claims. As applied to Plaintiffs' Motion to Compel (Doc. 46) and the need for timekeeping and payroll documents for the entire class period, Plaintiffs have shown that Castlerock directly engaged employees within the class period, and supervised them through its personnel, including managers Dario and Raul. (Doc. 38- 5). Castlerock exercised control over the wages, hours and working conditions of employees by providing instructions to employees as to how to do their daily work and were responsible for the hiring and firing of employees, regardless of the FLC they happened to be using at the time. (Doc. 38-3 & 4). Perhaps most important, the labor practices at Castlerock were set and enforced by Castlerock whether the FLC was Golden Grain, J & B Pimentel or J.L. Padilla & Sons, and these practices did not vary by FLC, contrary to Defendant's unsupported assertions. (Doc. 38- 5). Dario, for example, would give orders to Jose Luis Padilla and other FLC supervisors to communicate practices/polices directly to employees, including the duties that had to be completed both on the clock and off (i.e., pre-shift prep work and post-shift cleanup and washing of trays). (Doc. 38-3 & 4). When Padilla replaced Golden Grain as the FLC,

MALLISON & MARTINEZ
Attorneys at Law
1939 Harrison Street, Suite 730
Oakland, California  94612
510.832-9999
510.832-1101

- 7 -
OPPOSITION TO DEFENDANT'S REQUEST FOR RECONSIDERATION – Case No. 1:09-cv-00701

this did not change. (Doc. 38- 5) Indeed, Garcia, who first received Castlerock paychecks and then Golden Grain and then J.L. Padilla, had the same supervisors throughout, worked under the same working conditions and at the same locations throughout. Notably, Defendant has provided no evidence whatsoever that the practices varied by FLC.

Plaintiffs' testimony has also demonstrated that when FLCs started with Castlerock, Castlerock supervisors, such as Dario, for all intents and purposes, continued to operate as the lead supervisor of Castlerock's operations despite the existence of the FLC. (Doc. 38-4) In fact, Dario was present in the field every day and was responsible for quality control. (Doc. 38- 3) As Galvan stated in her deposition, Dario would "come over to check, to check all of the work that was being done." (*Id*.) Castlerock, both with and without the services of their farm labor contractors, engaged in the same illegal wage and hour policies and practices. (Doc. 38- 4) Contrary to what Defendant would now like the Court to believe, this testimony shows a *prima facie* case of Plaintiffs' Rule 23 claims.

Although the current named Plaintiffs' worked for a short period during the overall class period and only work for one crew, the evidence has shown their claims to have shared legal issues and a core of significant facts common to the class: off-the-clock work and meal and rest break violations. Plaintiffs claim that Defendant had policies requiring pre-shift and post-shift work that went uncompensated. Plaintiffs satisfy a *prima facie* showing by supporting these allegations with testimony from Class Representative Soto testifying that the company "would make us work before and after our official breaks without pay, they would not give us our rest and lunch breaks correctly (making us work during the ten to thirty minutes) and . . . they did not reimburse me for the scissors that I had to buy in order to do my work ." (Decl. of Soto, Doc. 38-5 at 45). Further, Class Representative Galvan testified that she had "school" before she could start harvesting grapes, and that she was required to wash grape trays at home. (Depo of Galvan at 43, 38-4; Doc. 46 at 15). Lastly, class member Mr. Garcia corroborates Plaintiffs allegations regarding pre and post-shift work (Decl. of Garcia ¶¶5-6, Doc. 38-6 at 3), further stating facie case commonality of facts and legal issues for the discovery requested and subsequently ordered by Judge Thurston.

MALLISON & MARTINEZ
Attorneys at Law
1939 Harrison Street, Suite 730
Oakland, California  94612
510.832-9999
510.832-1101

- 8 -

OPPOSITION TO DEFENDANT'S REQUEST FOR RECONSIDERATION – Case No. 1:09-cv-00701

The evidence cited above and in previous filings has also demonstrated that Plaintiffs' claims are typical of the class as Plaintiffs injuries are not unique to them and other class members have been injured by the same conduct. Both Plaintiff Galvan and class member Mr. Garcia testified that the were required to do pre and post shift work (attend "school" and wash trays at home). Therefore, class representatives assert injuries similar to those of the class members and additional evidence suggest that other class members have been similarly injured. Therefore, as Judge Thurston agreed, Plaintiffs have made a *prima facie* showing that their claims are typical of those of the class.

> 3. <u>Plaintiffs Have Shown a Clear Evidentiary Basis in Support of Judge Thurston's Ruling that a *Prima Facie* Evidence of a Certifiable Class.</u>

Defendant's attempt to challenge the credibility of class member Javier Garcia in their plea that the Court reconsider Judge Thurston's order, stating that his deposition testimony contradicted his declaration regarding meal and rest break violations. However, Mr. Garcia clarified his testimony regarding meal and rest breaks in the errata sheet to his deposition to reflect that he was never given a *timely* 30 minute meal, and that when he earned piece rate he was not given rest breaks or compensated for rest breaks, nor did her receive meal breaks. Ex. 1 to Sutton Decl. (submitted herewith). Likewise, in reference to his deposition testimony regarding rest breaks, Mr. Garcia again clarified his testimony to state that when he worked hourly he did not receive a second 10 minute rest period in the afternoons.  Regardless of these corrections, Judge Thurston correctly noted in her order that although "[d]efendant asserts the deposition of Javier Garcia 'is not reliable because at deposition he contradicted his own declaration.' (Doc. 40 at 15-17). This, however, goes to the weight of the evidence, not to its admissibility." (Doc. 61 fn. 7).

Confronted with testimony damaging to their interest, Defendant also attempts to exclude Class Representative Soto's declaration on the ground that Soto's declaration does not state that it was made under the penalty of perjury, and instead references California state law. (Doc. 38-5). However, Judge Thurston overruled Defendant's objections and correctly found that Soto does attest that the declaration is "true and correct" and attests "under the laws of California." (Doc. 61 fn.6) Judge Thurston went on to note: "This is 'substantially' what is required by 28 U.S.C §1746.

MALLISON & MARTINEZ
Attorneys at Law
1939 Harrison Street, Suite 730
Oakland, California 94612
510.832-9999
510.832-1101

- 9 -

OPPOSITION TO DEFENDANT'S REQUEST FOR RECONSIDERATION – Case No. 1:09-cv-00701

Defendant relies on *Williams v. Veolia Transportation Services, Inc.*, 2008 WL 7389430 in an attempt to show that even had Judge Thurston not found that Plaintiffs had made a *prima facie* showing of their Rule 23 claims, the discovery sought is not likely to produce persuasive information substantiating the class action allegations. Specifically, Defendant argues that Plaintiffs rely on inference that if Class Representatives were required to work off the clock before and after their shifts and suffer meal and rest break violations that other class members would have also experienced similar wage and hour abuses. However, Defendant's reliance on *Williams* is misguided.

In *Williams*, Plaintiffs sought to compel further responses to a request for documents in a case revolving around meal periods, rest breaks and payment of proper overtime. Plaintiffs in Williams worked as drivers at Defendant's Lancaster facility and sought discovery regarding on defendant's non-exempt employees in other job classification or contracts must have suffered the same fate. Notably, plaintiffs produced no declarations, documents or other evidence in their motion. Therefore, the court ruled that Plaintiffs speculative inference that Defendant's other non-exempt, non-driver employees also suffered similar wage and hour violations, absent evidence, does not show that discovery is likely to produce substantiation of the class allegations as required by *Mantolete* and *Doninger*. (See *Doninger v. Pacific Northwest Bell, Inc.*, 564 F. 2d. 1304, 1313 (9th Cir. 1977). Interestingly, even though plaintiffs submitted no evidence in support of their motion, the court still order the parties to meet and confer regarding issues such as the production of document tracking meal periods, rest breaks, and overtime for drivers.

*Williams* is distinguishable from the facts here in a number of significant ways. First, contrary to the misrepresentations Defendant has made to the Court, Plaintiffs motion seeking production of time keeping and payroll records for agricultural workers during the class period is supported by evidence in the form of deposition testimony and declarations, which demonstrate that the records sought are likely to provide persuasive information substantiating the class action allegations. Plaintiffs have submitted evidence detailing the pre and post shift work they were required to perform without compensation. (*See* Doc. 38-3 & 4) Class member Mr. Garcia testified

MALLISON & MARTINEZ
Attorneys at Law
1939 Harrison Street, Suite 730
Oakland, California 94612
510.832-9999
510.832-1101

- 10 -

OPPOSITION TO DEFENDANT'S REQUEST FOR RECONSIDERATION – Case No. 1:09-cv-00701

in his declaration that he worked at Castlerock from 2000 to 2005 for Castlerock directly and contractors including Golden Grain and J & L Padilla & Sons and suffered similar wage and hour violations. (See Doc. 38-5). Second, Garcia and Plaintiffs specifically noted that the practices and policies did not change with new contractors and that Castlerock supervisors exercised control over the working conditions by providing instructions to workers on how to do their job and they were responsible for the hiring and firing of employees. (Doc. 38-3-5). Indeed, Mr. Garcia's foreman did not change from the time in approximately 2000 when he was hired by Castlerock through the time Golden Grain and J.L. Padilla provided services to Castlerock and issued checks to Garcia. Plaintiffs successfully made a *prima facie* showing that the requirements of Rule 23 are satisfied. However, even had they not, there *is* substantial evidence on the record to demonstrate that the discovery sought is likely to substantiate the class claims. Further, the policies and practices, timekeeping records and payroll records sought for the class period are essential for class certification purposes, and as Judge Thurston noted, Mr. Padilla testified at his deposition that the records were maintained in electronic format and failed to explain why production would pose any real burden at all.

"In determining whether to grant discovery the court must consider it need, the time required, and the probability of discovery resolving any factual issue necessary for the determination." Kamm v. California City Development Co., 509 F.2d 205, 210 (9th Cir. 1975).

    **B.**    **The Documents Plaintiffs Requested and that Magistrate Judge Thurston Ordered Produced Are Highly Relevant to the Class.**

Finally, Defendant claims that the class does not justify the ordered discovery. Specifically, Defendant claims that records requested and ordered to be produced have no bearing on the pre-shift and post-shift work that Judge Thurston noted in her order due to the fact unrecorded pre and post-shift work would presumably not be reflected it the timekeeping and payroll records sought. This assertion is plain wrong. The documents available for one of several FLCs show the purported start and stop of shifts. (Exs. 1-9 to Mallison Decl. ISO Reply, Doc. 51.) Without these start and stop times Plaintiffs would not be able to show whether all time was recorded, or whether, in

MALLISON & MARTINEZ
Attorneys at Law
1939 Harrison Street, Suite 730
Oakland, California  94612
510.832-9999
510.832-1101

- 11 -

OPPOSITION TO DEFENDANT'S REQUEST FOR RECONSIDERATION – Case No. 1:09-cv-00701

comparison to other evidence, there is in fact off-the-clock time. Further, these documents show whether meal periods were records, as well as the list of class members affected for numerosity and commonality purposes. Additionally, this claim presupposes that there is indeed not one scintilla of relevant information and requires Plaintiffs to take Defendant's word blindly. Plaintiffs have a duty to the class and refuse to take Defendant's word on this issue. These records document when Plaintiffs started work, when they finished, when they took their meal and rest breaks, and therefore, whether they clearly evidence pre-shift or post-shift work could not be more relevant Plaintiffs class allegations

Perhaps more important, and very misleading, is Defendant's assertion that the records requested and ordered produced are not relevant because Judge Thurston has substantively ruled on the class and subclass definition before the Plaintiffs have moved on class certification. Judge Thurston's order specifically states that she makes *no* (emphasis added) findings related to class certification factors but evaluates the certification factors a this time only for a determination of whether prima facie evidence has been shown. (Doc. 61, fn.5). Nowhere in the discovery order does Judge Thurston make any ruling on class or subclass definitions. Notably, in Plaintiffs' complaint, the class definition includes: "All person who are employed or have been employed or jointly employed by CASTLEROCK in the State of California who, within four (4) years of the filing of the Complaint in this case, have worked as non-exempt hourly and/or piece rate employees." (Doc. 1 at ¶22). Plaintiffs specifically allege meal and rest break violation in the Complaint (Doc. 1 at ¶14(f-g)) and in their moving papers seeking production of documents (Doc. 46 at 7.

As Ninth Circuit ruled in *Kamm v. California City Development Company*, "[t]he propriety of a class action cannot be determined in some cases without discovery, as for example, where discovery is necessary to determine the existence of a class or a set of subclasses. To deny discovery in such case would be an abuse of discretion." *Kamm v. California City Development Company*, 509 F.2d 205, 209-210 (9th Cir. 1975). In a subsequent case, the Ninth Circuit further articulate the need to allow discovery bearing on the question of class certification: "Since often

- 12 -

OPPOSITION TO DEFENDANT'S REQUEST FOR RECONSIDERATION – Case No. 1:09-cv-00701

MALLISON & MARTINEZ
Attorneys at Law
1939 Harrison Street, Suite 730
Oakland, California 94612
510.832-9999
510.832-1101

the pleadings alone will not resolve the question of class certification, the better and more advisable practice for a District Court to follow is to afford the litigants an opportunity to present evidence as to whether a class action is maintainable." *Vinole v. Countrywide Home Loans, Inc.*, 571 F. 3d 935, 942 (9th Cir. 2009). Here, the existence of violations such as unpaid premiums for unlawful meal periods and unlawful rest periods during pure piece rate shifts can only be demonstrated by the records requested. This evidence, in conjunction with the fact that there has been no substantive ruling on the class or subclasses, is relevant and, as Judge Thurston has ordered, must be produced.

### III.   CONCLUSION

For the foregoing reasons, Plaintiffs request that the Court DENY Defendant's Motion for Reconsideration.

Dated: July 27, 2011                    MALLISON & MARTINEZ


By:   /s/ Joseph D. Sutton
      Stan S. Mallison
      Hector R. Martinez
      Marco A. Palau
      Jessica Juarez
      Joseph D. Sutton
      Attorneys for Plaintiffs

MALLISON & MARTINEZ
Attorneys at Law
1939 Harrison Street, Suite 730
Oakland, California 94612
510.832-9999
510.832-1101

- 13 -
OPPOSITION TO DEFENDANT'S REQUEST FOR RECONSIDERATION – Case No. 1:09-cv-00701