IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SILVESTRE SOTO and OLGA GALVAN, on behalf of themselves and all other similarly situated individuals,<br><br>                Plaintiffs,<br><br>   v.<br><br>CASTLEROCK FARMING AND TRANSPORT, INC., et al.,<br><br>                Defendants. | Case No.: 1:09-cv-00701 AWI JLT<br><br>ORDER DENYING MOTION FOR LEAVE TO AMEND PLAINTIFFS' COMPLAINT<br><br>(Doc. 54) |

Plaintiffs Silvestre Soto and Olga Galvan ("Plaintiffs") seek leave to file a First Amended Complaint to add Javier Garcia as a class representative and correct an erroneous date within the complaint.[1] (Docs. 54, 56-59). Defendant Castlerock Farming and Transport, Inc. ("Defendant") has opposed the motion. On August 8, 2011, the Court heard argument regarding this motion.

For the following reasons, Plaintiff's motion for leave to file the First Amended Complaint is **DENIED**.

///

///

---

[1] At the hearing, Plaintiffs' counsel reported that Ms. Galvan would be dismissing the lawsuit as it relates to her. Because the date correction related to only to Ms. Galvan, Plaintiffs' counsel agreed that this amendment was no longer sought.

1

## I. Background and Procedural History

On March 5, 2004, Arnaldo Lara, Mario Laveaga, Mirna Diaz, Paula Leon, and Raul Diaz, individually and acting for the interests of the general public, ("Lara Group") initiated an action in the Kern County Superior Court against Rogelio Casimiro, doing business as Golden Grain Farm Labor. (Doc. 41, Exh. A). The Lara Group added Castlerock Farming and Transport, Inc. as a defendant in that action in their second amended complaint on September 12, 2005. (Doc. 41, Exh. B). This action was removed to the Eastern District on December 21, 2005.

On November 9, 2005, Plaintiffs' counsel initiated an action against table grape growers based in Kern County, including Castlerock, D.M. Camp & Sons; Marko Zaninovich, Inc.; Sunview Vineyards of California; Guimarra Vineyards Corp.; El Ranch Farms; Stevco, Inc.; and FAL Inc. *See Doe v. D.M. Camp & Sons*, 1:05-cv-01417-AWI-SMS, 624 F.Supp.2d 1153 (E.D. Cal. 2008). When the action was brought, the plaintiffs were unnamed former and current employees of the defendants. *Id.* at 1156. The Court acknowledged the *Doe* matter was related to *Lara*, as well as several other cases imitated against grape growers. *Id.*

Defendants to the *Doe* action, including Castlerock, filed motions to dismiss the operative complaint, which were granted by the Court on March 31, 2008. Likewise, motions to sever the action were granted, and the Court required the plaintiffs to file amended pleadings against each defendant to effectuate the severance. On May 29, 2008, Silvestre Soto and Olga Galvan were named as plaintiffs in the Third Amended Complaint against Castlerock. (*Doe*, Doc. 175). On March 31, 2009, the Court ordered Plaintiffs to re-file their suit in a new case number, consistent with its earlier order severing the matter, within twenty days. (*Doe*, Doc. 239).

On April 20, 2009, Plaintiffs filed their complaint against Defendant Castlerock for the following: violation of the Agricultural Workers Protection Act, 29 U.S.C. § 1801, *et seq*; failure to pay wages; failure to pay reporting time wages; failure to provide rest and meal periods; failure to pay wages of terminated or resigned employees; knowing and intentional failure to comply with itemized employee wage statement provisions; penalties under Labor Code § 2699, *et seq*; breach of contract; and violation of unfair competition law. (Doc. 1). Plaintiffs brought the action "on behalf of Plaintiffs and members of the Plaintiff Class comprising all non-exempt agricultural, packing

shed, and storage cooler employees employed, or formerly employed, by each of the Defendants within the State of California." *Id.* at 4.

Plaintiffs filed a motion to amend the complaint on July 7, 2011 (Doc. 54), to which Defendants objected on July 25, 2011. (Doc. 64). Plaintiffs filed a reply on August 1, 2011. (Doc. 68). Defendant's sur-reply was filed August 2, 2011.[2] (Doc. 69).

## II. Legal Standards for Leave to Amend

Under Fed.R.Civ.P. 15(a), a party may amend a pleading once as a matter of course within 21 days of service, or if the pleading is one to which a response is required, 21 days after service of the responsive pleading. "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed.R.Civ.P. 15(a)(2). Here, Defendant filed an answer on June 26, 2009. (Doc. 11). Therefore, Plaintiffs require either consent of Defendant or leave of the Court to file amended pleadings.

Granting or denying leave to amend a complaint is in the discretion of the Court, *Swanson v. United States Forest Service*, 87 F.3d 339, 343 (9th Cir. 1996), though leave should be "freely given when justice so requires." Fed.R.Civ.P. 15(a)(2). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). After a defendant files a responsive pleading, leave to amend should not be granted where "amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Madeja v. Olympic Packers*, 310 F.3d 628, 636 (9th Cir. 2002), citing *Yakima Indian Nation v. Wash. Dep't of Revenue*, 176 F.3d 1241, 1246 (9th Cir. 1999).

There is no abuse of discretion "in denying a motion to amend where the movant presents no new facts but only new theories and provides no satisfactory explanation for his failure to fully develop his contentions originally." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995); *see also Allen v. City of Beverly Hills*, 911 F.2d 367, 374 (9th Cir. 1990).

---

[2] Defendant has filed a sur-reply without seeking or obtaining the Court's permission to file this document. Because the Court did not grant permission for this filing, the Court refuses to consider the contents of this document. In future, Defendant SHALL obtain permission from the Court to file such a document and SHALL NOT file sur-replies unless the Court grants permission to do so or Defendant will be subject to sanctions.

3

### III.  Discussion and Analysis

As an initial matter, Plaintiffs seek leave to amend pursuant to Rule 15(a)(2).  (Doc. 54 at 2). However, Defendant asserts Plaintiffs' motion is governed by Fed.R.Civ.P. 16(b)(4), which requires a showing of good cause for amendment, rather than Rule 15.  (Doc. 64 at 1).

The Ninth Circuit has explained that the good cause standard of Rule 16(b) applies to a motion for leave to amend a complaint when the scheduling order sets a deadline for amendment. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000), citing *Johnson v. Mammoth Recreations*, 975 F.2d 604, 607-09 (9th Cir. 1992).  When the scheduling order does not set a deadline for amendment, Rule 16's good cause standard does not apply. *See, e.g., Santa Clara Valley Water Dist. v. Olin Corp.*, 2009 U.S. Dist. LEXIS 23816, at *12 (N.D. Cal. March 13, 2009) ("Because the court's case scheduling orders imposed no deadline for amending the pleadings, [the party] is *not* required to show good cause for its desire to amend").  Likely due to the reports of the parties that no amendments were anticipated and the extensive amendments made thus far, in this case, the scheduling order did not set a deadline for pleading amendments; the Court noted "No amendments are proposed at this time." (Doc. 18 at 4).  Therefore, because a specific deadline was not set in the scheduling order, the standards of Rule 15 govern Plaintiffs' motion, and the good cause required by Rule 16 is inapplicable.

Under Rule 15(a), there are several factors a court may consider in deciding whether to grant leave to amend a complaint:  (1) whether the plaintiff has previously amended his compliant, (2) undue delay, (3) bad faith, (4) futility of amendment, and (5) prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Loehr v. Ventura County Cmty. Coll. Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984).  These factors are not of equal weight; prejudice to the opposing party has long been held to be the most crucial factor in determining whether to grant leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight"); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990); *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973).

///

A.   Prior amendments

The Court's discretion to deny an amendment is "particularly broad" where a plaintiff has previously amended his complaint. *Allen*, 911 F.2d at 373; *Fidelity Fin. Corp. v. Fed. Home Loan Bank*, 79 F.3d 1432, 1438 (9th Cir. 1986). Notably, the pleadings in this action have been amended several times since its commencement in federal court.

The initial complaint, filed on November 9, 2005, in the *Doe* action asserted claims against D.M. Camp & Sons; Mark Zaninovich, Inc; Sunview Vineyards of California, Inc.; and Giumarra Vineyards. (*Doe*, Doc. 2). On December 6, 2005, Castlerock was named as a defendant in the First Amended Complaint. (*Doe*, Doc. 9). On March 13, 2006, the Corrected Second Amended Complaint added claims for failure to pay reporting time wages, failure to pay overtime compensation, and for violations of the Private Attorneys General Act under Cal. Lab. Code §§ 2698. (*Doe*, Doc. 65 at 1, 38). Following the Court's order granting the defendants' motions to sever the action, Plaintiffs filed a Third Amended Complaint against Castlerock on May 29, 2009, which named Silvestre Soto and Olga Galvan as the class representatives and dropped causes of action for conversion and failure to pay overtime compensation. (*Doe*, Doc. 175 at 1). On April 20, 2009, Plaintiffs re-filed pleadings as the original complaint in the case now pending before the Court. (Doc. 1). Therefore, Plaintiffs have filed five pleadings since the initiation of the case in 2005, either by stipulation or pursuant to the Court's order, and the numerous amendments to the pleadings weigh against leave to amend.

B.   Undue delay

By itself, undue delay is insufficient to prevent the Court from granting leave to amend pleadings. *Howey*, 482 F.2d at 1191; *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1986). However, in combination with other factors, delay provides support for an order denying the amendment. *See Hurn v. Ret. Fund Trust of Plumbing*, 648 F.2d 1252, 1254 (9th Cir. 1981) (finding a delay of two years, "while not alone enough to support denial, is nevertheless relevant"). Evaluating undue delay, the Court considers "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson*, 902 F.2d at 1388; *see also Eminence Capital*, 316 F.3d at 1052. In addition, the Court should examine whether

"permitting an amendment would . . . produce an undue delay in the litigation." *Id.* at 1387.

Plaintiffs note the deadlines for class discovery, expert disclosure, expert discovery, and class certification have been stayed pending the resolution of the parties' discovery motions (Doc. 56 at 8, citing Docket #28). Therefore, Plaintiffs assert "the proposed amendment will not require an extension of existing deadlines nor cause delay." *Id.* at 8-9.

On the other hand, Defendant argues Plaintiffs "have long delayed in undertaking to name a putative class representative who could perhaps represent a broader class of persons than plaintiffs Soto and Galvan." (Doc. 64 at 16). According to Defendant, "Castlerock denied that plaintiffs were typical or adequate class representatives more than two years ago in its Answer." *Id.* Therefore, Defendant argues Plaintiffs have known of this argument "for two years, yet they steadfastly chose to ignore it." *Id.* In fact, in response to the Court's explicit inquiry whether Plaintiffs had propounded discovery to flesh out Defendant's claim that the named plaintiffs' could not represent the class, it was made clear that Plaintiffs did not do so but instead propounded only a request for production. Thus was not done until January 2010 and the parties agreed that Defendant's response would not be provided until October 2010. Then, when Defendant reiterated its contention that the named plaintiffs could not represent the class, Plaintiffs still failed to seek discovery as to the factual support for this claim. *Id.* at 10.

Thus, though Plaintiffs may not have known the facts and theories raised by Defendant at the time the complaint naming Soto and Galvan was filed in state court, Plaintiffs have known Defendant argued against their ability to act as class representatives for two years.[3] Importantly, this is not a situation where Mr. Garcia only recently became known to Plaintiffs' counsel. Instead, counsel admitted at the hearing that they have represented him since 2006 related to this litigation. Counsel admit further that they met with Mr. Garcia at that time for the purpose of identifying the claims that he could make. Thus, the decision *not* to name him as a plaintiff in this case was a

---

[3] Moreover, the Court is hard-pressed to understand how Plaintiffs did not know the claims they, themselves, could support. Their personal experience makes of the facts upon which the complaint, purportedly, is based. Thus, these facts are uniquely within their own, personal knowledge whether Defendant *ever* alerted them to its belief in Plaintiffs' inadequacy.

purposeful, strategic decision.[4]

The Ninth Circuit held that "an eight month delay between the time of obtaining a relevant fact and seeking a leave to amend is unreasonable." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 952 (9th Cir. 2006), citing *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 799 (9th Cir. 1991). Therefore, Plaintiffs' two-year delay in addressing Defendant's assertion that the named Plaintiffs were not proper class representatives is a factor against amendment to allow naming of another class representative.

### C. Bad faith

Defendant asserts that the motion is brought because Plaintiffs "are worried they might lose a class certification motion, completely or partially, because the current plaintiffs are not proper class representatives." (Doc. 64 at 2). On the other hand, Plaintiffs allege they seek to amend the complaint to "address Defendant Castlerock's concern that current class representatives Soto and Galvan cannot represent the entire class." (Doc. 56 at 2). "Although Plaintiffs adamantly dispute Castlerock's assertions," Plaintiffs assert "adding Garcia as a class representative would resolve this issue and would avoid needless disputes and costly motion practice." *Id.* Therefore, Plaintiffs' motion to amend the complaint does not demonstrate they acted in bad faith, in fact, they admit that amendment, in their view is unnecessary. *Id.*

### D. Futility of amendment

"Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin*, 59 F.3d at 845; *see also Miller v. Rykoff-Sexton*, 845 F.2d 209, 214 (9th Cir. 1988) ("A motion for leave to amend may be denied if it appears to be futile or legally insufficient"). Frequently, futility means "it was not factually possible for [the] plaintiff to amend the complaint so as to satisfy the standing requirement." *Allen*, 911 F.2d at 373. Similarly, a motion for leave to amend is futile if it can be defeated on a motion for summary judgment. *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 766 (9th Cir. 1986). In addition, futility may be found where added

---

[4] In fact, Plaintiffs' counsel reported at the hearing that it had experienced situations in other cases where too many plaintiffs were named and indicated that the decision related to the number of plaintiffs to name and who would be a named plaintiff is a considered determination made by counsel.

claims are duplicative of existing claims or patently frivolous, or both.  *See Bonin*, 59 F.3d at 846.

Plaintiffs asserts the amendment is not futile because the amendment "would add no new causes of action and would simply be based on the Labor Code violations alleged in the Complaint, since PAGA penalties are additional remedies that are available for the underlying violations of the Labor Code that have been asserted in this case all along." (Doc. 56 at 7).  Plaintiffs contend: "Given that Garcia has satisfied the PAGA's administrative requirements giving him a substantive right under California law to assert a PAGA claim . . . the proposed amendment is not futile." *Id.* Also, Plaintiffs' argue "Garcia may assert a PAGA cause of action as a matter of right." (Doc. 56 at 6) (emphasis omitted).

Notably, the statute Plaintiffs cite states "*a plaintiff* may as a matter of right amend an existing complaint" to add a cause of action arising under PAGA.  Cal. Lab. Code § 2699.3(a)(2)(C). However, Mr. Garcia is not a named plaintiff in the action, and the complaint already contains a PAGA cause of action asserted "on behalf of [Plaintiffs] and other current or former employees affected by the labor law violations alleged in [the] complaint." (Doc. 1 at 23).  Therefore, Plaintiff's argument that Mr. Garcia may assert a PAGA cause of action *as a matter of right* is unpersuasive.  Further, Mr. Garcia is a putative class member, and as such the underlying claims to the PAGA action have already been asserted on his behalf.

### E.  Prejudice to the opposing party

The most critical factor in determining whether to grant leave to amend is prejudice to the opposing party. *Eminence Capital*, 316 F.3d at 1052 ("Prejudice is the touchstone of the inquiry under rule 15(a)") (internal quotes omitted).  The burden of showing prejudice is on the party opposing an amendment to the complaint. *DCD Programs*, 833 F.2d at 187; *Beeck v. Aquaslide 'N' Dive Corp.*, 562 F.2d 537, 540 (9th Cir. 1977).  Prejudice must be substantial to justify denial of leave to amend. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). There is a presumption under Rule 15(a) in favor of granting leave to amend where prejudice is not shown. *Eminence Capital*, 316 F.3d at 1052.

Plaintiffs assert Defendant would not be prejudiced by amendment because "Castlerock was given ample notice of the allegations by means of the original and amended complaints, as well as

letters to the [Labor and Workforce Development Agency]." (Doc. 56 at 8). Plaintiffs contend:

> The underlying wage and hour allegations—i.e., failure to pay wages for pre and post-shift work, failure to provide proper meal and rest periods, failure to provide additional wages for improper or missed rest and meal periods, failure to reimburse employees for tools, failure to provide accurate itemized wage statements, etc.—do not differ from the original Complaint to the Proposed FAC.

*Id.* Therefore, Plaintiffs conclude Defendant "had sufficient notice to prepare a defense." *Id.* at 8.

However, it is established that Defendant has been preparing its defense based upon the specific identities of Silvestre Soto and Olga Galvan. (Doc. 56 at 2, 4, 5-6; Doc. 64 at 4) Throughout discovery, Defendants have maintained that the named Plaintiffs were not adequate or typical of the class they would seek to certify. On this basis, Defendant argues amendment would be prejudicial because "[i]f Mr. Garcia were added as a plaintiff, Castlerock would need to conduct new and/or additional discovery. . . 'to ascertain whether the proposed plaintiff is subject to unique defenses.'" (Doc. 64 at 13), quoting *Osakan v. Apple Am. Group*, 2010 U.S. Dist. LEXIS 53830, at *13-14 (N.D. Cal. May 5, 2010). Specifically, Defendant argues:

> [T]he parties have completed class-certification discovery (save for the discrete disputes raised in discovery cross-motions), and the parties are on the brink of class-certification brink of class-certification briefing. Adding a new putative class representative would undo that work by requiring the Court to re-open class-certification discovery and push[] off a class-certification hearing in a case that is already approaching six years old.

*Id.* at 17. According to Defendant, additional time would be needed "to allow Castlerock to serve interrogatories, requests for admission, and requests for production on Mr. Garcia, and to allow Castlerock to depose Mr. Garcia." Further, Defendant argues adding Mr. Garcia as a named plaintiff "would inject new issues into this case . . ." (Doc. 64 at 13). As an example, Defendant noted Plaintiffs seek to state a claim against Defendant "based on a theory that persons working on a piece-rate basis must be paid an hourly wage during morning and afternoon rest breaks." *Id.* at 14.

As noted, Defendant would need to ascertain whether Mr. Garcia was subject to unique defenses, which goes to the typicality requirement of Rule 23. *See Hanon v. Dataproducts Corp.*, 967 F.2d 497, 508 (9th Cir. 1992). Although Defendant deposed Mr. Garcia previously, the deposition was limited to the contents of his declaration. The need to conduct additional discovery is prejudicial, especially given that class discovery remains open only for resolution of the parties' cross-motions. *See, e.g., Rainy Lake One Stop v. Marigold Foods*, 195 F.3d 430, 438 (8th Cir. 1999)

(finding granting a motion to add class representatives would require further class discovery and delay, which was "precisely the sort of prejudice that justifies denial of a motion to amend under Rule 15(a)"); *In re Flash Memory Antitrust Litig.*, 2010 U.S. Dist. LEXIS 59491 (N.D. Cal. June 9, 2010) (finding undue prejudice where, years into a case, adding new class representatives "would require Defendants to conduct new and/or additional discovery that would not otherwise have been required had Plaintiffs joined the appropriate representatives in the first instance").

Consequently, allowing the naming of a new class representative would unduly prejudice Defendant, because Defendant has been preparing arguments and defenses based upon the identity of the class representatives who have been named since 2009.

## IV. Conclusion and Order

The parties have engaged in extensive and contested discovery in this action. Adding a new class representative would result in re-litigation of some of the same discovery issues, raise new discovery disputes, and cause further expenditure of scare judicial resources. Adding Mr. Garcia as a class representative at this late juncture would cause undue prejudice to Defendant, who has already defended in this action for more than five years.

Though Plaintiffs assert prejudice would not result with changes in the scheduling order, a scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded without peril." *Johnson*, 975 F.2d at 610. If a scheduling order could be so easily set aside, considerations of prejudice would hardly be serious concerns in evaluating a motion to amend. Using Plaintiff's rationale, the Court would simply extend all deadlines to allow a party to discover new causes of action brought in the most dilatory fashion. However, the Court will not do so.

Plaintiffs have known the causes of action since at least the filing of the first complaint in 2005, and named Silvestre Soto and Olga Galvan as the class representatives in 2009. Plaintiffs were obligated to know at that time whether they adequately represented the claims they brought in that complaint.[5] Fed. R. Civ. P. 11(b)(3)("By presenting to the court a pleading . . . --whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to

---

[5] For example, it was within Plaintiffs personal knowledge w whether they worked on a piece-rate basis, an hourly basis or both during the time they worked on Defendant's land.

the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: . . . (3) the factual contentions have evidentiary support . . .")

    Defendant has conducted discovery based upon the identity of these class representatives and the claims that they may can support.  To add in Mr. Garcia would require Defendant to examine his potential claims, conduct further discovery, identify any unique defenses, and prepare new arguments and defenses.  The suggested modification of the scheduling order following the resolution of the currently pending motion would not alleviate this undue prejudice.

    Accordingly, Plaintiffs' motion to amend the complaint is **DENIED**.

IT IS SO ORDERED.

Dated:   **August 8, 2011**              /s/ Jennifer L. Thurston
                                                      UNITED STATES MAGISTRATE JUDGE