1  GLYNN & FINLEY, LLP
   CLEMENT L. GLYNN, Bar No. 57117
2  JAMES M. HANLON, JR., Bar No. 214096
   MORGAN K. LOPEZ, Bar No. 215513
3  One Walnut Creek Center
   100 Pringle Avenue, Suite 500
4  Walnut Creek, CA 94596
   Telephone: (925) 210-2800
5  Facsimile: (925) 945-1975

6  Attorneys for Defendant
   Castlerock Farming and Transport, Inc.
7

8              UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10                    FRESNO DIVISION

11

12  SILVESTRE SOTO and OLGA GALVAN,      )   Case No. 09-cv-00701-AWI-JLT
    on behalf of themselves and all others )
13  similarly situated,                   )   **DEFENDANT CASTLEROCK
                                          )   FARMING AND TRANSPORT INC.'S
                                          )   MEMORANDUM OF POINTS AND
14              Plaintiff,                )   AUTHORITIES IN SUPPORT OF
                                          )   MOTION FOR SUMMARY
15       vs.                              )   ADJUDICATION ON PLAINTIFF'S
                                          )   PAGA CLAIM**
16  CASTLEROCK FARMING AND                )
    TRANSPORT, INC., and DOES 1-20,       )   **Date:**       October 11, 2011
17                                        )   **Time:**       1:30 p.m.
                Defendant.                )   **Courtroom:**  2
18                                        )   **Before:**     Hon. Anthony W. Ishii
                                          )
19  _____)

20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

TABLE OF CONTENTS

Page(s)

I. INTRODUCTION ........................................................................................................... 1

II. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND .............................. 2

    A. September 17 through October 1, 2003: Mr. Soto Worked for
       Two Weeks on a Castlerock Ranch .................................................................... 2

    B. January 24, 2006: Plaintiff's Counsel Purport to Notify the LWDA of
       Claims Against Castlerock ................................................................................... 3

    C. March 6, 2006: Plaintiffs Add a PAGA Claim to the Present Lawsuit ............... 4

III. ARGUMENT ................................................................................................................... 5

    A. Plaintiff's PAGA Claim is Barred by the Statute of Limitations .......................... 5

       1. Plaintiff's PAGA Claim is Time Barred Because He Did Not Advise the
          LWDA of his Alleged Claims Within One Year of Their Accrual ................ 5

       2. Plaintiff's Arguments that his PAGA Claim is Not Time Barred are Meritless ............. 7

          a) PAGA Claims are Not Subject to the Limitations Period Prescribed
             for the Underlying Alleged Offense .................................................... 7

          b) The *Pineda* Decision Does Not Pertain to PAGA and Does Not
             Conflict with the Many Cases Holding that PAGA Has a One-Year Statute
             of Limitations ...................................................................................... 9

          c) Plaintiff's PAGA Claim Does Not "Relate Back" to a Prior State Court
             Lawsuit to which He Was Not a Party ................................................ 10

       3. Even Were the LWDA Notice Letter Timely, It Did Not Provide the
          Required Administrative Notice and Would Fail to Satisfy the Condition
          Precedent for a Civil PAGA Claim ............................................................. 12

IV. CONCLUSION .............................................................................................................. 13

Defendant Castlerock Farming and Transport, Inc. ("Castlerock") respectfully seeks summary adjudication of plaintiff Silvestre Soto's Seventh Claim for Relief, which arises under California's Private Attorneys General Act ("PAGA"), California Labor Code section 2698, *et seq.* Mr. Soto's PAGA claim is time barred because he failed to file the statutorily-required request for administrative investigation within one year of his alleged claims arising. That failure to pursue the required administrative action in a timely manner is fatal to the claim and cannot be avoided by a "relation back" argument. Further, the belated administrative request produced by Mr. Soto in discovery would not be adequate under PAGA, even had it been timely filed, because it fails to identify Mr. Soto as the worker making the request for administrative action and does not set forth the claimed wage-and-hour violations with specificity, as required by the statute. Mr. Soto's Seventh Claim for Relief under PAGA is squarely barred and due to be summarily adjudicated.

## I.   INTRODUCTION

PAGA was enacted by the California legislature to enable workers to pursue statutory penalties for violations of California wage-and-hour laws and regulations that are not pursued by the state agency with enforcement authority, the California Labor and Workforce Development Agency ("LWDA"). The workers' enforcement authority supplements the LWDA's enforcement authority, and the agency remains primary. Prior to bringing a PAGA claim, the worker must advise the LWDA of the claim in writing so that the LWDA has the first opportunity to investigate the claim and pursue an enforcement action. If the LWDA chooses not to proceed, then, and only then, the worker may bring a civil lawsuit under PAGA.

At least nine courts are unanimous in ruling that to assert a claim under PAGA, an aggrieved employee must notify the LWDA within one year of the date his claims arise. In this case, it is undisputed that Mr. Soto last worked on a ranch owned by Castlerock on October 1, 2003. It is further undisputed that the first notice the LWDA received requesting that it take action against Castlerock for purported Labor Code violations was dated January 24, 2006, more than 27 months after Mr. Soto ceased working on Castlerock's ranch. Plaintiff's delay in providing notice to the LWDA is fatal to his PAGA claim.

Mr. Soto will argue that his PAGA claim is not time barred because (i) his PAGA claims is subject to a three-year statute of limitations, the limitations period applicable to the alleged underlying violation; and (ii) his PAGA claim "relates back" to a state court action filed by plaintiff's counsel in March 2004. Each of these arguments has been made by numerous plaintiffs before, and each has been rejected by every court to consider it. First, every court to consider the issue has ruled that a one-year statute of limitations applies to a PAGA claim, regardless of the statute of limitations applicable to the underlying wage-and-hour claim. Second, every court to consider the issue has ruled that if a plaintiff does not file an LWDA claim within one year, then his claim cannot be rendered timely by "relation back" to a previously-filed lawsuit. Courts make this ruling because filing an LWDA claim is a condition precedent to pursuing a PAGA claim by a civil lawsuit, and that condition precedent can only be fulfilled by filing an LWDA claim within one year of the alleged violation, even if other civil litigation was previously pending.[1]

Under sound and well-settled precedent, Castlerock is entitled to summary adjudication of Mr. Soto's Seventh Claim of Relief, arising under PAGA.

## II.     RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

### A.     September 17 through October 1, 2003: Mr. Soto Worked for Two Weeks on a Castlerock Ranch

Mr. Soto worked for two weeks in September and October 2003 picking grapes at a vineyard operated by Castlerock. SUF ¶ 1[2] citing Declaration of Morgan K. Lopez ("Lopez Decl.") ¶ 2, Ex. A (Soto Dep. Trans.) at 26:7-27:4. Mr. Soto's last day of work was October 1,

---

[1] Other statutes permitting private enforcement of statutory rights also require the prospective plaintiff to (i) provide notice of claims to an administrative agency and (ii) receive confirmation from the agency that it will not pursue the claim before the individual is entitled to assert claims in litigation. *See, e.g.*, 42 U.S.C. § 2000e-5(e)(1) (person seeking relief under Title VII must first file charge with EEOC within 180 days of alleged unlawful employment practice); Cal. Gov't Code § 12960 (person aggrieved by unlawful employment discrimination must file a written charge with California Department of Fair Employment and Hoising within one year of the alleged unlawful practice).

[2] "SUF" refers to Castlerock's "Statement of Undisputed Facts," filed concurrently herewith.

CASTLEROCK'S MEMO OF PandA ISO MOT. SUMM. ADJ. Case No. 09-cv-00701-AWI-JLT

1  2003. *Id.* He received his final paycheck for his work on Castlerock's ranch approximately one
2  week after he completed his employment.[3] *Id.* at 132:14-16.

       **B.**    **January 24, 2006: Plaintiff's Counsel Purport to Notify the LWDA of Claims Against Castlerock**

Plaintiff's Complaint acknowledges that the LWDA must be notified before a PAGA claim may be filed. Mr. Soto alleges that "[t]he pre-lawsuit notice requirements set forth in Labor Code § 2699.3 have been satisfied by written notice by certified mail to Defendants [*sic*] and to the Labor and Workforce Development Agency of the Labor Code and IWC Wage Order violations averred therein." Docket No. 1 at ¶ 88. But the Complaint fails to state <u>when</u> that notice was given. *See id.*

The LWDA letter alleged in the Complaint should have been produced to Castlerock with Mr. Soto's initial disclosures under Federal Rule of Civil Procedure 26(a)(1)(A)(ii), but it was not. On February 4, 2011, counsel for Castlerock reminded plaintiff of his production obligation and requested that plaintiff's counsel provide a copy of the LWDA letter. Lopez Decl. ¶ 3, Ex. C. Because a search of Castlerock's records did not yield copies of any LWDA notice letters, Castlerock's counsel also requested receipts showing that the referenced LWDA notice was sent to the LWDA and Castlerock by certified mail. *Id.* On February 18, 2011 – after two more requests by Castlerock – Mr. Soto's counsel finally produced a copy of a January 24, 2006, letter addressed to LWDA Agency Secretary Victoria Bradshaw, from attorney Christian L. Raisner. Lopez Decl. ¶ 3, Ex. B. The letter requested that the LWDA take action against Castlerock under California Labor Code section 2699.3(a)(1) for certain alleged violations of the Labor Code. *See id.* The letter was sent on behalf of an unnamed "aggrieved employee" purportedly represented by Mr. Raisner's law firm. *Id.* The letter asserted

---

[3] Mr. Soto was not employed directly by Castlerock. Instead, he worked for Golden Grain Farm Labor Inc. ("Golden Grain"), a farm labor contractor that had contracted with Castlerock to provide harvesting services. Mr. Soto contends that Castlerock jointly employed him, with Golden Grain. Castlerock disputes that conclusion, but the issue need not be decided on this motion. This motion <u>assumes</u> that Mr. Soto is right, and that Castlerock jointly employed him. Castlerock, of course, does not concede the joint employment issue. The point here is that Mr. Soto's PAGA claim fails <u>even if</u> he were right on the question of joint employment.

- 3 -

1 generally that the anonymous employee – and other similarly situated employees – had not received payment "for all work required and permitted to be performed, and for all rest and meal periods." *Id.* The letter then identified a litany of California Labor Code provisions on which liability "may be based." *Id.* Mr. Soto's counsel never produced receipts showing that the letter had been sent to Castlerock or the LWDA by certified mail. Lopez Decl. ¶ 3.

Plaintiff's counsel also produced a copy of a February 22, 2006 response from the LWDA, in which the agency declined to investigate the allegations against Castlerock enumerated in the January 24, 2006 letter. Lopez Decl. ¶ 4, Ex. D.

### C.   March 6, 2006: Plaintiffs Add a PAGA Claim to the Present Lawsuit

On November 9, 2005, Mr. Soto's counsel filed a putative class action against Castlerock and other Central Valley table-grape growers, broadly asserting that the defendants failed to pay proper wages by forcing employees to work off the clock and to purchase tools out of pocket, and failing to pay minimum required wages, to provide required meal and rest periods, to provide accurate itemized wage statements, and to maintain time records. *See Doe v. D.M. Camp & Sons*, 624 F.Supp.2d 1153, 1155-56 (E.D. Cal. 2008). The original complaint was a Doe complaint, which did not name any lead plaintiffs.

On March 6, 2006, Mr. Soto's counsel filed a Corrected Second Amended Complaint. Case No. 1:05-cv-01414-AWI-SMS (Docket No. 65). The Second Amended Complaint added a PAGA claim, among other amendments. *See id.* ¶¶ 107-115. Specifically, the complaint alleged that "[t]o the extent that any violation alleged herein does not carry penalties under Labor Code § 2699(a), Plaintiffs seek civil penalties pursuant to Labor Code § 2699(f) for Plaintiffs and each class member for each pay period in which he or she was aggrieved, in the amounts established by Labor Code § 2699(f)." *Id.* ¶ 111.

The PAGA claim was identically re-pled when plaintiffs filed a Third Amended Complaint on May 29, 2008 (Case No. 1:05-cv-014140AWI-SMS (Docket No. 175)) and when plaintiffs initiated the lawsuit under the present case number by filing their fifth Complaint on April 20, 2009 (Docket No. 1).

///

## III.   ARGUMENT

### A.   Plaintiff's PAGA Claim is Barred by the Statute of Limitations

If the LWDA chooses not to take action after being notified of a claim, PAGA allows a worker to pursue statutory penalties against an employer on behalf of himself and similarly situated workers. Cal. Labor Code § 2699(a). As an incentive, the worker is allowed to keep 25% of any statutory penalties recovered, the remainder go to the State. *Id.* at § 2699(i).

Under California law, actions for a statutory penalty or forfeiture, including actions asserting PAGA claims, are subject to a one-year statute of limitations. Cal. Civ. Code § 340(a). PAGA requires that an aggrieved employee seeking to assert PAGA claims by a civil lawsuit must first provide the LWDA with notice of his claims, including the facts and theories underlying the alleged violations, as a condition precedent to bringing a civil PAGA claim. Cal. Labor Code § 2699.3. It is undisputed that Mr. Soto last worked at a Castlerock ranch on October 1, 2003. SUF ¶ 1 citing Lopez Decl. Ex. A at 26:7-27:4. It also is undisputed that the LWDA was not provided notice of any alleged violations by Castlerock until January 24, 2006, at the earliest. SUF ¶ 2 citing Lopez Decl. Ex. B. That notice letter was not sent until 27 months after Mr. Soto worked at a Castlerock ranch, so his PAGA claim is time-barred and due to be summarily adjudicated.

#### 1.   Plaintiff's PAGA Claim is Time Barred Because He Did Not Advise the LWDA of his Alleged Claims Within One Year of Their Accrual

California Labor Code section 2699(a) provides that "any provision of this code that provides for a *civil penalty* to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3." Cal. Labor Code § 2699(a) (emphasis added). PAGA itself does not specify a statute of limitations. *See generally* Cal. Labor Code § 2698 *et seq.* California Code of Civil Procedure section 340(a), however, prescribes a one-year statute of limitations to "an action upon a statute for a penalty or forfeiture,

- 5 -

if the action is given to an individual or to an individual and the state, except if the statute imposing it prescribes a different limitation." Cal. Code Civ. Proc. § 340(a).

Every court to consider the issue has held that a PAGA claim is subject to a one-year statute of limitation. *See Yadira v. Fernandez*, 2011 WL 2434043, at \*5 (N.D. Cal. June 14, 2011) (one-year statute of limitations period applies to PAGA claims); *Santiago v. Amdocs, Inc.*, 2011 WL 1303395, at \*5 (N.D. Cal. Apr. 2, 2011) (same); *Zator v. Sprint/United Mgmt. Co.*, 2011 WL 1157527, at \*2 (S.D. Cal. Mar. 29, 2011) (same); *Martinez v. Antique & Salvage Liquidators, Inc.*, 2011 WL 500029, at \*7 (N.D. Cal. Feb. 8, 2011) (same); *Jayme v. Checksmart Fin., LLC*, 2010 WL 2900333, at \*2 (E.D. Cal. July 22, 2010) (Garland, J.) (same); *Harris v. Vector Mkt. Corp.*, 2010 WL 56179, at \*3 (N.D. Cal. Jan. 5, 2010) (same); *Baas v. Dollar Tree Stores,* 2009 WL 1765759, at \*5 (N.D. Cal. June 18, 2009) (same); *Thomas v. Home Depot USA Inc.*, 527 F. Supp. 2d 1003, 1008 (N.D. Cal. 2007) (same); *Moreno v. Autozone, Inc.*, 2007 WL 1650942, at \*2 (N.D. Cal. June 5, 2007) (same); *see also Amaral v. Cintas Corp. No. 2*, 163 Cal.App.4th 1157, 1199 (2008) (noting that "the trial court determined that PAGA penalties are subject to a one-year statute of limitations").

To satisfy PAGA's one-year statute of limitations, an aggrieved employee must provide notice of his claim to the LWDA within one year of the date of the alleged violation. *Santiago*, 2011 WL 1303395 at \*5 ("As a prerequisite to filing a PAGA claim, an employee must make an administrative complaint with the [LWDA] within one year of the alleged violation.") (citing *Thomas*, 527 F. Supp. 2d at 1007; *Moreno*, 2007 WL 1650942 at \*4 ("The passage of approximately 20 months between the accrual of [plaintiff's PAGA] Claim and her first pursuit of administrative remedies is fatal to the claim under the one-year limitations period.") The pertinent subsections of PAGA read as follows:

> (a) A civil action by an aggrieved employee pursuant to subdivision (a) or (f) of Section 2699 alleging a violation of any provision listed in Section 2699.5 shall commence only after the following requirements have been met:
>
> (1) The aggrieved employee or representative shall give written notice by certified mail to the Labor and Workforce Development Agency and the employer of the specific provisions of this code alleged to have been

>violated, including the facts and theories to support the alleged violation....

Cal. Labor Code § 2699.3.

It is undisputed that Mr. Soto worked on a Castlerock ranch for just two weeks in September and October 2003, as part of a Golden Grain picking crew. SUF ¶ 1 (citing Lopez Decl. Ex. A at 26:7-27:4). Mr. Soto produced a copy of a notice letter to the LWDA dated January 24, 2006. Lopez Decl. ¶ 3, Ex. B. The LWDA was, thus, given notice of the alleged claims more than two years after Mr. Soto concluded his work at Castlerock's ranch (SUF ¶ 2, citing Lopez Decl. ¶ 3, Ex. B) and his PAGA claim is time barred.

### 2. Plaintiff's Arguments that his PAGA Claim is Not Time Barred are Meritless

In prior motion practice, Mr. Soto has raised three arguments why the Court should not find that his PAGA claim is time barred. First, he argues that a PAGA claim is subject to the same statute of limitations as the alleged statutory violation underlying the PAGA claim. Second, he contends that the California Supreme Court's decision in *Pineda v. Bank of America*, 241 P.3d 870 (Cal. 2010) is in conflict with the many federal decisions on point and rules that PAGA claims are subject to a three-year statute of limitations. Third, he asserts that his PAGA claim "relates back" to a state court complaint filed in 2004. Each of these arguments is contrary to precedent and fatally flawed. None of the arguments saves Mr. Soto's PAGA claim.

#### a) PAGA Claims are Not Subject to the Limitations Period Prescribed for the Underlying Alleged Offense

In prior briefing, plaintiff has erroneously argued that the statute of limitations for PAGA claims is "at least three years." *See, e.g.*, Opposition to Motion to Quash at 15:3 (Docket No. 43). Ignoring the mountain of case law to the contrary, plaintiff argues that because waiting-time penalties under California Labor Code section 203 are subject to a three-year statute of limitations, a PAGA claim for statutory penalties to enforce section 203 also should be subject to the same three-year statute of limitations. *See id.* Courts have repeatedly rejected this very argument.

In *Thomas v. Home Depot* the court specifically held that the statute of limitations for the underlying alleged statutory violation does *not* govern the limitations period under PAGA. 527 F. Supp. 2d at 1008. The court recognized that "a PAGA claim is, by definition, a claim for civil penalties," and not a substantive component of the law. *Id.* Therefore the one-year statute of limitations for penalties found at California Code of Civil Procedure section 340 applies to PAGA claims. *Id.*; *see also Yadira*, 2011 WL 2434043, at *5 (rejecting argument that three-year statute of limitations for underlying claim applied to PAGA claim); *Moreno*, 2007 WL 1650942, at *4 (finding, when presented with identical argument, that plaintiff "offers no authority [ ] that would permit this Court to disregard the express language of California Code of Civil Procedure § 340(a) and apply a different limitations period."). These cases were soundly decided.

First, public policy supports prescribing a shorter statute of limitations to claims seeking recovery of civil penalties, because, by definition, penalties provide a windfall to private plaintiffs. *See, e.g., Miller v. Mun. Court of City of Los Angeles*, 142 P.2d 297, 308 (Cal. 1943) ("a 'penalty' includes any law compelling a defendant to pay a plaintiff other than what is necessary to compensate him for a legal damage done him by the former."). PAGA's legislative history confirms that the impetus for allowing private plaintiffs to assert claims previously belonging solely to the LWDA was to supplement the LWDA's limited resources, rather than to increase private plaintiffs' recovery options or maximize their recovery. *See Caliber Bodyworks, Inc. v. Superior Court*, 134 Cal.App.4th 365, 374-75 (2005) (citing PAGA legislative history observing that "'[g]enerally, civil penalties are recoverable only by prosecutors, not by private litigants, and the monies are paid directly to the government. . . . [A]llowing private recovery of civil penalties as opposed to statutory damages would allow the penalty to be dedicated in part to public use (to the General Fund and the LWDA) instead of being awarded entirely to a private plaintiff.'").

Second, the statute of limitations of the underlying labor claim is fundamentally irrelevant to a PAGA claim, given that nothing in PAGA "limit[s] an employee's right to pursue or recover other remedies available under state or federal law, either separately or concurrently with an action taken under this part" (Cal. Civ. Code § 2699(g)(1)), a right that Mr. Soto has

availed himself of by asserting separate causes of action that seek to enforce Labor Code statutes directly, rather than through PAGA.

Third, requiring an aggrieved employee to notify the LWDA within one year of his claims arising ensures that the LWDA will not exhaust its limited resources investigating stale claims.

The Court should join the long line of authority rejecting plaintiff's argument that the statute of limitations for a PAGA claim is governed by the statute of limitations applicable to the underlying claim. To the contrary, the one-year limitations period for statutory penalties set forth at California Code of Civil Procedure section 340(a) applies.

### b) The *Pineda* Decision Does Not Pertain to PAGA and Does Not Conflict with the Many Cases Holding that PAGA Has a One-Year Statute of Limitations

When confronted previously with facts demonstrating that his PAGA claim is timed barred, plaintiff also argued that the California Supreme Court recently decided that the statute of limitations for his PAGA claim is three years, citing *Pineda v. Bank of America*, 241 P.3d 870 (Cal. 2010). *See* Reply In Support of Motion to Compel Discovery at 11-13 (Docket No. 46). Plaintiff cited no specific pages of the *Pineda* decision, and for good reason – the *Pineda* case had nothing to do with PAGA.

*Pineda* was a putative class action against Bank of America for failure to pay on time the final wages of employees who quit or were terminated. *Id.* at 873. The plaintiff in *Pineda* did <u>not</u> bring a claim under PAGA; instead, the plaintiff's claims arose under California Labor Code section 203 (penalties for not paying wages due at separation) and under California's Unfair Competition Law (California Business & Professions Code section 17200, *et seq.*).[4] *Id.*

Prior to class certification, the bank moved for judgment on the pleadings, arguing that the Labor Code section 203 claim was time barred. *Id.* The California Supreme Court ruled that claims for late payment of wages due at separation under California Labor Code section 203 are subject to a three-year statute of limitation because the California legislature *expressly* set that

---

[4] Mr. Soto has pled these same claims as his Fifth and Ninth Claims of Relief. *See* Docket No. 1 at 18-19, 24-26.

- 9 -

1  limitations period in the statute (thus opting out of the default one-year limitations period for
2  statutory penalties set forth in California Code of Civil Procedure section 340). *Id.* at 878. The
3  ruling did <u>not</u> pertain to PAGA, which is a different statute entirely. Unlike California Labor
4  Code section 203, PAGA does <u>not</u> include a legislative opt-out of the default one-year limitations
5  period for statutory penalties. *Compare* Cal. Labor Code § 2699(a) *with* Cal. Labor Code § 203.

6  *Pineda* concerned a different statutory penalty, wherein the legislature expressly
7  set a three-year statute of limitations. The case had nothing to do with PAGA, and the numerous
8  cases holding that California's one-year, default statute of limitations for penalties (California
9  Code of Civil Procedure section 340) governs PAGA claims remain good law.[5]

                c)      **Plaintiff's PAGA Claim Does Not "Relate Back" to a Prior State Court Lawsuit to which He Was Not a Party**

12  Plaintiff also has argued that his PAGA claim is not time barred because it relates
13  back to a state court complaint filed in 2004. *See* Docket No. 46 at 8-11. This argument is
14  likewise contrary to settled law. Courts have uniformly held that where, as here, a plaintiff fails
15  to provide the required notice to the LWDA within one year of his claim arising, his PAGA
16  claims are untimely – whether or not the claims could conceivably relate back to an earlier
17  pleading.

18  Courts have found the "relation back" argument inapposite under circumstances
19  such as these because a plaintiff who does not provide timely notice to the LWDA has failed to
20  satisfy a statutory condition precedent. For example, in *Moreno* the court held that "[t]he
21  passage of approximately 20 months between the accrual of [plaintiff's PAGA] Claim and her
22  first pursuit of administrative remedies is fatal to the claim under the one-year limitations period.
23  [Plaintiff] cannot take advantage of a relation-back doctrine to cure the untimeliness of her claim,
24  as the PAGA notice is a condition precedent to filing suit." 2007 WL 1650942, at *2; *accord*
25  *Harris*, 2010 WL 56179, at *3 (reaching identical conclusion because, among other reasons, "the

---

[5] Indeed, four of the cases cited by Castlerock holding that PAGA claims are subject to a one-year statute of limitations – *Yadira, Santiago, Zator, Martinez* – were decided <u>after</u> *Pineda*. *See* Section III.A.1 *supra*. Each of these courts did not misread *Pineda*.

function of the procedural condition precedent to suit-timely notice to the LWDA may be undermined were the relation back doctrine applied and the statutory requisites ignored."); *see also Temple v. Guardsmark, LLC*, 2011 WL 723611, at *8 (N.D. Cal. Feb. 22, 2011) (explaining that "[a] subsequent pleading which sets out the subsequent performance of a condition precedent to suit cannot relate the time of performance of the condition back to the time of the filing of the original complaint and thereby toll the running of the period of limitation, since the rule of relation back does not operate to assign the performance of a condition precedent to a date prior to its actual occurrence.") (citations omitted). Courts reach the same conclusion where the plaintiff purports to represent a class of similarly situated workers. *See Baas*, 2009 WL 1765759, at *5 ("Because Plaintiffs did not even serve the required notice until after the statute of limitations had passed, their proposed PAGA claim does not relate back").

Plaintiff has argued that *Amaral v. Cintas Corp. No. 2*, 163 Cal.App.4th 1157 (2008), supports an argument that his PAGA claim relates back. Plaintiff is wrong. Multiple courts have soundly distinguished *Amaral* as limited to its peculiar procedural posture (the *Amaral* case was already pending when PAGA went into effect) and soundly rejected plaintiff's relation-back argument:

> The problem for [plaintiff] is that *Amaral* . . . dealt with a unique circumstance – *i.e.*, when there was a pending case at the time that PAGA was first enacted. The court dealt with relation back in that specific circumstance, which is not applicable here. More importantly, the issue in *Amaral* was whether relation back to an original or earlier complaint was permissible. The court applied traditional pleading rules within a single judicial proceeding. Here, in contrast, the issue is whether an administrative notice – a condition precedent to the lawsuit – can relate back to the complaint. As noted above, such a relation back would implicate policy considerations not involved in *Amaral*.

*Harris*, 2010 WL 56179, at *5 (further noting: "Indeed, nowhere in *Amaral* is the PAGA notice requirement discussed at all."); *see also Baas*, 2009 WL 1765759, at *5 (observing that *Amaral* "did not address whether the notice requirement fulfilled after the statute of limitations had expired could relate back" and finding plaintiff's claim time barred). Because Mr. Soto's administrative claim to the LWDA was not filed within one year, his PAGA claim is time barred.

- 11 -

CASTLEROCK'S MEMO OF PandA ISO MOT. SUMM. ADJ. Case No. 09-cv-00701-AWI-JLT

The fact that a prior lawsuit was pending before Mr. Soto provided notice to the LWDA is simply irrelevant.[6]

### 3. Even Were the LWDA Notice Letter Timely, It Did Not Provide the Required Administrative Notice and Would Fail to Satisfy the Condition Precedent for a Civil PAGA Claim

Even were the 2006 LWDA letter timely, Mr. Soto still would fail to satisfy the statutory condition precedent for a PAGA claim for at least two reasons. First, the letter was sent by counsel and does not identify Mr. Soto as the allegedly aggrieved employee. SUF ¶ 2 citing Lopez Decl. Ex. B. PAGA does not allow a worker to file the LWDA notice anonymously. The reasons for the rule are common sense – if the worker is not identified, then the LWDA cannot meaningfully investigate the claimed violation and it also is impossible, in retrospect, to ascertain when a particular worker filed an LWDA notice. Also, before asserting a PAGA claim, an aggrieved employee must provide his employer 33 days to cure the alleged violation. Cal. Labor Code § 2699.3(c)(2)(A). It is axiomatic that an LWDA notice that fails to identify the aggrieved employee impinges upon the employer's statutory right to cure the alleged violation.

Second, the letter fails to provide the "facts and theories" to support the violations allegedly committed by Castlerock, as explicitly required by California Labor Code section 2699.3(a)(1). *See Archila v. KFC U.S. Props., Inc*, 2011 WL 703478, at *2 (9th Cir. Mar. 1, 2011) (unpublished) (affirming dismissal of PAGA claim because LWDA notice letter contained no factual assertions). Rather, the letter merely asserts that "payment has not been made for all work actually required and permitted to be performed, and for all rest and meal periods." Lopez Decl. Ex. B. The letter at issue here is more deficient than the letter rejected by the Ninth Circuit in *Archila*, because in addition to failing to identify the factual bases and legal theories supporting the purported violations by Castlerock, it does not even identify the alleged aggrieved employee. Accordingly, plaintiff has <u>never</u> provided the administrative notice required by California Labor Code section 2699.3(a)(1), and <u>never</u> performed the statutory condition

---

[6] Plaintiff's PAGA claim also could not "relate back" to the prior state court lawsuit because he was not a party to that lawsuit. The Court need not take up this issue, however, because the late LWDA administrative request forecloses Mr. Soto's PAGA claim.

precedent to bringing a PAGA claim.[7] Even were the PAGA claim not time barred (as it is), Mr. Soto's Seventh Claim of Relief still would have to be summarily adjudicated because he has not complied with the statutory condition precedent to bringing a PAGA claim.

## IV. CONCLUSION

Nine federal district courts – including the Eastern District – have held that a claim under PAGA is subject to a one-year statute of limitations. This Court should follow the voluminous, well-reasoned precedent and find that plaintiff's PAGA claim is time-barred because he failed to provide notice to the LWDA within a year of his alleged claims arising.

Were Mr. Soto's PAGA claim not time barred, summary adjudication still would be due because the LWDA notice letter sent in January 2006 did not identify Mr. Soto as the worker making the claims and did not include specific factual and legal bases for the claims, as specifically required by the PAGA statute.

Dated: August 24, 2011

Respectfully submitted,
GLYNN & FINLEY, LLP
CLEMENT L. GLYNN
JAMES M. HANLON, JR.
MORGAN K. LOPEZ
One Walnut Creek Center
100 Pringle Avenue, Suite 500
Walnut Creek, CA 94596

By _____
Attorneys for Defendant
Castlerock Farming and Transport, Inc.

---

[7] Plaintiff's LWDA letter also is deficient because there is no evidence that a copy of the letter was sent to Castlerock by certified mail, as required by California Labor Code section 2699.3(a)(1). *See* Lopez Decl. ¶ 3.

- 13 -