IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SILVESTRE SOTO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CASTLEROCK FARMING AND TRANSPORT, INC., et al., <br><br> Defendants. | Case No.: 1:09-cv-00701 AWI JLT <br><br> ORDER DIRECTING THE PARTIES TO FILE SUPPLEMENTAL BRIEFING |

On July 8, 2011, the Court found Plaintiffs established a prima facie showing of class certification because Plaintiffs demonstrated commonality and typicality through the testimony of Silvestre Soto, Olga Galvan, class member Javier Garcia. (Doc. 61 at 8-10). Based upon this finding, the Court granted Plaintiffs' motion to compel document production. (*Id.* at 9). In addition, the Court and granted in part and denied in part non-party J.L. Padilla & Sons Labor Services, Inc.'s motion to quash, finding "the documents sought in the subpoena duces tecum are relevant to Plaintiffs' action against Castlerock because Plaintiffs have established common questions of law and fact to assert the class claims for which they seek discovery." (*Id.* at 15). On November 1, 2011, plaintiff Olga Galvan voluntarily dismissed the action leaving only Silvestre Soto as a named plaintiff. (Doc. 93).

As a general rule, "[a]s long as a district court has jurisdiction over the case, it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by

it to be sufficient." *City of Los Angeles v. Santa Monica BayKeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (citations omitted). This inherent power is consistent with the Federal Rules of Civil Procedure, which provide: "[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b).

Because the Court's finding that Plaintiffs stated a prima facie case for class certification was influenced by Ms. Galvan's status as a class representative and asserting "injuries similar to another class member" (Doc. 61 at 9), the Court finds it is appropriate to exercise its inherent power to reconsider the motions compelling document production and to quash the deposition subpoena. If Plaintiffs are unable to state a prima facie case for class certification, they have the burden of showing the discovery requested is likely to produce substantiation of the class allegations. *See Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985) (finding that when seeking discovery "to aid the determination of whether a class action is maintainable, the plaintiff bears the burden of advancing a prima facie showing that the class action requirements of Fed. R. Civ. P. 23 are satisfied *or* that discovery is likely to produce substantiation of the class allegations") (emphasis added).

Accordingly, **IT IS HEREBY ORDERED**:

1. The parties **SHALL** provide supplemental briefing, no longer than 15 pages (including exhibits) addressing:

    i.  The effect, if any, of Ms. Galvan's changed status from class representative to putative class member on the motion to compel document production (Docs. 25, 29, 38-39) and the motion to quash (Doc. 24);

    ii. Whether, if Plaintiff is no longer able to state a prima facie case for class certification as a result of Ms. Galvan's dismissal, Plaintiff has established that the requested discovery is likely to substantiate the class claims.

IT IS SO ORDERED.

Dated:   **December 14, 2011**              /s/ Jennifer L. Thurston
                                         UNITED STATES MAGISTRATE JUDGE