1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| SILVESTRE SOTO and OLGA GALVAN, on behalf of themselves and all others similarly situated, ) ) ) ) | CIV-F-09-0701 AWI JLT |
| Plaintiffs, ) ) | ORDER GRANTING SUMMARY ADJUDICATION |
| v. ) ) | |
| CASTLEROCK FARMING AND TRANSPORT INC., and DOES 1 to 20 inclusive, ) ) ) ) | |
| Defendant. ) ) | |

## I. History

    This case arises out of a complex procedural history.  Plaintiff seeks to represent a class

of farmworkers who have worked for Defendant Castlerock Farming and Transport, Inc.

("Castlerock") in the past.  The named plaintiffs were Silvestre Soto ("Soto") and Olga Galvan.[1]

Soto alleges that Castlerock failed to abide by a number of California regulations concerning

uncompensated "off the clock" work, forced purchasing of tools, meal and rest periods, time-

keeping documentation, and wage statements.  The origins of this case can arguably be traced

back to a suit filed on March 5, 2004, in Superior Court, County of Kern. The complaint in that

case did not have Soto as a named plaintiff, but was a class action against Castlerock's farm

---

    [1]Olga Galvan dismissed her claims and is no longer a party to this case. Doc. 93.

1

labor contractor concerning the same subject matter as this case. Doc. 84, Ex. C.  The present

complaint lists nine causes of action.  At issue in this motion is Soto's seventh cause of action

under California's Private Attorneys General Act ("PAGA").  Castlerock has moved for

summary adjudication of this claim, arguing that Soto failed to comply with the administrative

requirements of PAGA within the statute of limitation. Doc. 74.  Soto disputes Castlerock's

interpretation of the operative law. Doc. 88.  The matter was taken under submission without oral

argument.

## II. Legal Standards

Summary judgment is appropriate when it is demonstrated that there exists no genuine

issue as to any material fact, and that the moving party is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c); Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970); Fortyune v.

American Multi-Cinema, Inc., 364 F.3d 1075, 1080 (9th Cir. 2004).  The party seeking summary

judgment bears the initial burden of informing the court of the basis for its motion and of

identifying the portions of the declarations (if any), pleadings, and discovery that demonstrate an

absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986);

Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007).  A fact is "material" if it

might affect the outcome of the suit under the governing law. See Anderson v. Liberty Lobby,

Inc., 477 U.S. 242, 248-49 (1986); Thrifty Oil Co. v. Bank of America Nat'l Trust & Savings

Assn, 322 F.3d 1039, 1046 (9th Cir. 2002).  A dispute is "genuine" as to a material fact if there is

sufficient evidence for a reasonable jury to return a verdict for the non-moving party. Anderson

v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Long v. County of Los Angeles, 442 F.3d

1178, 1185 (9th Cir. 2006).

Where the moving party will have the burden of proof on an issue at trial, the movant

must affirmatively demonstrate that no reasonable trier of fact could find other than for the

movant. Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007).  Where the non-

moving party will have the burden of proof on an issue at trial, the movant may prevail by

presenting evidence that negates an essential element of the non-moving party's claim or by

merely pointing out that there is an absence of evidence to support an essential element of the non-moving party's claim. See James River Ins. Co. v. Schenk, P.C., 519 F.3d 917, 925 (9th Cir. 2008).  If a moving party fails to carry its burden of production, then "the non-moving party has no obligation to produce anything, even if the non-moving party would have the ultimate burden of persuasion." Nissan Fire & Marine Ins. Co. v. Fritz Companies, 210 F.3d 1099, 1102-03 (9th Cir. 2000).  If the moving party meets its initial burden, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually exists. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  The opposing party cannot "'rest upon the mere allegations or denials of [its] pleading' but must instead produce evidence that 'sets forth specific facts showing that there is a genuine issue for trial.'" Estate of Tucker v. Interscope Records, 515 F.3d 1019, 1030 (9th Cir. 2008).

The evidence of the opposing party is to be believed, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Stegall v. Citadel Broad, Inc., 350 F.3d 1061, 1065 (9th Cir. 2003).  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Juell v. Forest Pharms., Inc., 456 F.Supp.2d 1141, 1149 (E.D. Cal. 2006); UMG Recordings, Inc. v. Sinnott, 300 F.Supp.2d 993, 997 (E.D. Cal. 2004).  "A genuine issue of material fact does not spring into being simply because a litigant claims that one exists or promises to produce admissible evidence at trial." Del Carmen Guadalupe v. Agosto, 299 F.3d 15, 23 (1st Cir. 2002); see Galen v. County of Los Angeles, 477 F.3d 652, 658 (9th Cir. 2007); Bryant v. Adventist Health System/West, 289 F.3d 1162, 1167 (9th Cir. 2002).  Further, a "motion for summary judgment may not be defeated ...by evidence that is 'merely colorable' or 'is not significantly probative.'" Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986); Hardage v. CBS Broad. Inc., 427 F.3d 1177, 1183 (9th Cir. 2006).  Additionally, the court has the discretion in appropriate circumstances to consider materials that are not properly brought to its attention, but the court is not required to examine the entire file for evidence establishing a genuine issue of material fact where the evidence is not set forth in the opposing papers with

1  adequate references. See <u>Southern Cal. Gas Co. v. City of Santa Ana</u>, 336 F.3d 885, 889 (9th Cir.

2  2003). If the non-moving party fails to produce evidence sufficient to create a genuine issue of

3  material fact, the moving party is entitled to summary judgment. See <u>Nissan Fire & Marine Ins.</u>

4  <u>Co. v. Fritz Companies</u>, 210 F.3d 1099, 1103 (9th Cir. 2000).

6  ### III. Statements of Material Facts

7  **A. Defendant's Facts**

8  1. Plaintiff Silvestre Soto worked on a ranch owned by Castlerock on only one occasion, a two-

9  week span beginning September 17, 2003 and ending October 1, 2003.

11 2. The only document identified by Plaintiff as providing notice of Mr. Soto's claim for relief

12 under California's Private Attorney General Act is dated January 24, 2006, more than two years

13 after Mr. Soto completed his employment at Castlerock's ranch.

15 **B. Plaintiffs' Facts**

16 3. On January 24, 2006, Plaintiff sent a letter, via certified mail, return receipt requested, to the

17 LWDA and Castlerock Farming and Transport, Inc.

19 4. The original complaint in this action was filed in Kern County Superior court on March 5,

20 2004.

22 5. The original complaint names a farm labor contractor and Does 1-30 as defendants, and was

23 brought on behalf of all others similarly situated and in the interest of the general public pursuant

24 to California's Unfair Competition Law, Bus. & Prof. Code §§17200 et seq.

26 6. The following claims were asserted against the farm labor contractor and Does 1-30 as

27 defendants in the original complaint: (1) Failure to Pay Wages Earned; (2) Failure to Provide

28 Tools and Equipment; (3) Failure to Pay Minimum Wages: (4) Failure to Provide Meal & Rest

**4**

1  Periods; (5) Failure to Pay All Wages Due on Discharge; (6) Failure to provide Required

2  Itemized Wage Statements; (7) Failure to Provide a Safe Workplace Environment; (8) Unlawful

3  Business Practices and (9) Enforcement of Penalties.

4

5  7. On or about June 15, 2004, the First Amended Complaint was filed in Kern County Superior

6  Court, Case No. S-1500 CV 252445 SPC.

7

8  8. On or about September 12, 2005, the Second Amended Complaint was amended by

9  substituting in several growers, including Castlerock Farming and Transport, Inc., who had

10  previously been named as Does.

11

12  9. The SAC added the PAGA cause of action against Castlerock based on the facts, injuries and

13  conduct described in the original complaint.

14

15  10. The claims against Castlerock were also asserted in related actions in this Court.

16

17  11. The case was re-filed in the Eastern District, Fresno Division, on November 9, 2005.

18

19  12. The First Amended Complaint was filed on December 6, 2005. Plaintiffs added El Rancho

20  Farms, Stevco, Inc., Fal Inc. (dba Lucich Farms), and Castlerock Farming and Transport, Inc. as

21  Defendants. In addition, Plaintiff Silvestre Soto was incorporated in the complaint as a Doe

22  Plaintiff.

23

24  13. Plaintiffs filed their Second Amended Complaint on March 10, 2006.

25

26  14. On March 13, 2006, Plaintiffs filed their Corrected Second Amended Complaint.

27

28  15. Plaintiffs' Third Amended Complaint was filed on May 29, 2008. At this time, Silvestre Soto

1   and Olga Galvan were named as Plaintiffs.

2

3   16. Silvestre Soto and Olga Galvan then filed their complaint in the Eastern District, Fresno

4   Division on April 20, 2009 which Defendants answered on June 26, 2009.

5

6   17. Defendant does not dispute in its motion that Silvestre Soto is an "aggrieved employee"

7   pursuant Cal. Lab. Code § 2699.

8

9   18. Plaintiff gave written notice, by certified mail, to employer Castlerock and the Labor and

10  Workforce Development Agency (LWDA) specifying the Labor Code provision violated,

11  including the facts and theories to support the alleged violations in conformance with Cal. Lab.

12  Code § 2699.3(a)(1).

13

14  19. On February 22, 2006, LWDA provided notice to Castlerock and Plaintiff's counsel of not

15  intending to investigate the alleged violations.

16

17  20. As a Private Attorney General, Plaintiff is allowed to seek civil penalties not only for

18  violations that he personally suffered but also for violations of "other current or former

19  employees." Cal. Lab. Code § 2699(a).

20

21                                  **IV. Discussion**

22  **A. Operation of PAGA**

23          The relevant facts are largely undisputed between the parties.  Instead, the parties disagree

24  about the operation of the statute of limitations in the PAGA context.  PAGA provides for a

25  private cause of action for violations of California Labor Code: "Notwithstanding any other

26  provision of law, any provision of this code that provides for a civil penalty to be assessed and

27  collected by the Labor and Workforce Development Agency or any of its departments, divisions,

28  commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative,

6

1  be recovered through a civil action brought by an aggrieved employee on behalf of himself or

2  herself and other current or former employees pursuant to the procedures specified in Section

3  2699.3." Cal. Lab. Code §2699(a).  Soto alleges "Most of the predicate act violations which

4  serve as the basis for this [PAGA] claim (rest and meal period violations, reporting time

5  violations, minimum wage and unpaid 'off-the-clock') relate to the non-payment of wages or

6  violations of the IWC Wage Orders that were posted at the worksite." Doc.1, Complaint at

7  22:25-23:1.  In the Complaint, Soto cites to a number of Labor Code provisions.

8         To proceed under PAGA, an employee must first file a complaint with the Labor and

9  Workforce Development Agency ("LWDA"): "A civil action by an aggrieved employee pursuant

10  to subdivision (a) or (f) of Section 2699 alleging a violation of any provision listed in Section

11  2699.5 shall commence only after the following requirements have been met....The aggrieved

12  employee or representative shall give written notice by certified mail to the Labor and Workforce

13  Development Agency and the employer of the specific provisions of this code alleged to have

14  been violated, including the facts and theories to support the alleged violation." Cal. Labor Code

15  §2699.3(a).  The complaining employee may only file suit after the LWDA gives notice that it

16  has decided not to investigate or cite the employer for the alleges violations (or if the LWDA

17  does not act within certain time deadlines). Cal. Labor Code §2699.3(a)(2)(B).  Relevant to this

18  case, Sections 201, 202, 203, 204, 205.5, 221, 226, 226.7, 512, 1174, 1194, 1197, 1199, 2802 of

19  the Labor Code are all listed under Section 2699.5.[2]  These administrative procedures must be

20  exhausted before the civil suit may proceed. See Caliber Bodyworks, Inc. v. Superior Court, 134

21  Cal. App. 4th 365, 382 (Cal. App. 2d Dist. 2005) ("plaintiffs were required to comply with

22  section 2699.3, subdivision (a)'s administrative procedures before pursuing causes of action for

23  civil penalties based on violations of Labor Code provisions specified in section 2699.5. Their

24  failure to plead compliance as to the causes of action seeking only civil penalties is fatal to those

25

26         [2]Soto also makes reference to Sections 214, 216, and 218 which refer to criminal
   prosecution; Section 218.6 which discusses the award of interest; and Section 1194.2 which
27  discusses the award of liquidated damages.  They are not provision listed under Section 2699.5,
28  but do not appear to allow an independent basis for suit under PAGA.

1 claims").

2

3 **B. Statute of Limitations**

4       PAGA does not have its own statute of limitations.  California's catch all limitations

5 period is one year for "a penalty or forfeiture, if the action is given to an individual, or to an

6 individual and the state, except if the statute imposing it prescribes a different limitation." Cal.

7 Civil Code §340(a).  "An action upon a liability created by statute, other than a penalty or

8 forfeiture" is subject to a three year limitations period. Cal. Code Civ. Proc. 338(a).  Courts have

9 generally found that the one year limitations period of Cal. Code Civ. Proc §340(a) applies to

10 PAGA. See Jayme v. Checksmart Financial, LLC, 2010 WL 2900333, *2 (E.D. Cal. July 22,

11 2010); Yadira v. Fernandez, 2011 WL 2434043, *5 (N.D. Cal. June 14, 2011); Butterworth v.

12 Am. Eagle Outfitters, 2011 U.S. Dist. LEXIS 119192, *12 (E.D. Cal. Oct. 13, 2011).

13       The first dispute between the parties concerns the applicable statute of limitations for Cal.

14 Labor Code §256.  "Plaintiffs agree with Defendants that the statute of limitations period for

15 most penalty provisions under California law is one year....the one-year statute of limitations

16 does not apply to Labor Code §256 as a result of the California Supreme Court decision in

17 Pineda v. Bank of America." Doc. 88, Opposition, 12:11-14.  For PAGA claims based on Cal.

18 Labor Code §256, Soto argues that the three year limitations period of Cal. Code Civ. Proc.

19 §338(a) applies.  Cal. Labor Code §203 states

20       (a) If an employer willfully fails to pay, without abatement or reduction, in accordance
with Sections 201, 201.3, 201.5, 202, and 205.5, any wages of an employee who is
21 discharged or who quits, the wages of the employee shall continue as a penalty from the
due date thereof at the same rate until paid or until an action therefor is commenced; but
22 the wages shall not continue for more than 30 days....

23       (b) Suit may be filed for these penalties at any time before the expiration of the statute of
limitations on an action for the wages from which the penalties arise.
24

25 Cal. Labor Code §203 directly allows for suit by individuals against their former employers

26

27

28

without resort to PAGA.[3] <u>Ruiz v. Paladin Group, Inc.</u>, 2003 U.S. Dist. LEXIS 27872, *7 (C.D. Cal. Sept. 29, 2003).  Unpaid wages are subject to the three year limitations period of Cal. Code Civ. Proc. 338(a) as it is considered a liability created by statute as opposed to a civil penalty. The California Supreme Court case Soto referenced determined that the limitations period applies to the penalties as well as unpaid wages since "section 203(b) contains a single, three-year limitations period governing all actions for section 203 penalties irrespective of whether an employee's claim for penalties is accompanied by a claim for unpaid final wages." <u>Pineda v. Bank of America</u>, 50 Cal. 4th 1389, 1398 (Cal. 2010).

Part of Soto's PAGA claim involves Cal. Labor Code §256 which states, "The Labor Commissioner shall impose a civil penalty in an amount not exceeding 30 days pay as waiting time under the terms of Section 203."  While the LWDA does have a three year statute of limitations for claims alleging a violation of Cal. Labor Code §256, the same is not true for individuals bringing suit under PAGA for that same violation.  "Despite the three-year statute of limitations that applies to some of the Labor Code violations listed in §2699.5, a PAGA claim is, by definition, a claim for civil penalties" and subject to a one year statute of limitations. <u>Thomas v. Home Depot USA Inc.</u>, 527 F. Supp. 2d 1003, 1008 (N.D. Cal. Sept. 27, 2007); see also <u>Martinez v. Antique & Salvage Liquidators, Inc.</u>, 2011 WL 500029, *8 (N.D. Cal. Feb. 8, 2011); <u>Moreno v. Autozone, Inc.</u>, 2007 WL 1650942, *4 (N.D. Cal. June 5, 2007) (under PAGA, "the longer statutes of limitations for the underlying cause of actions" do not apply).  The PAGA claim based on Cal. Labor Code §256 has a one year limitations period.

**C. Timeliness of LWDA Notice**

The second dispute concerns whether Soto filed a complaint with the LWDA in a timely

---

[3]As a practical matter, Soto has included a separate Cal. Labor Code §203 claim which is not the subject of this summary adjudication motion.  Cal. Labor Code §203 sets out the means by which individuals can sue for failure to be paid in a timely manner.  Cal. Labor Code §256 borrows from Cal. Labor Code §203 to allow the LWDA to sue for the exact same failure.  Soto now seeks to use PAGA to borrow from Cal. Labor Code §256, completely duplicating Cal. Labor Code §203.

1   manner.  Soto worked for Castlerock for a two week period in late September 2003.  On his

2   behalf, Plaintiffs' attorneys sent a notice to LWDA on January 24, 2006. Doc. 76, Ex. B.  The

3   LWDA wrote back on February 22, 2006, informing him that no investigation was being

4   undertaken. Doc. 76, Ex. D.  These facts are not disputed by the parties.  Soto argues that "the

5   pre-lawsuit notice requirements set forth in Labor Code §2699.3 have been satisfied by written

6   notice by certified mail to Defendants and to the [LWDA] of the Labor Code and IWC Wage

7   Order violations averred herein. The [LWDA] notified Plaintiffs that it would not investigate

8   these violations." Doc. 1, Complaint, at 22:16-19.  Castlerock argues that the notice to the

9   LWDA was untimely and that the PAGA claim is barred by the statute of limitations.  Courts

10  have interpreted the interplay of the statute of limitations with the administrative exhaustion

11  requirements of Section 2699.3 to require that a plaintiff file notice with the LWDA within the

12  applicable statute of limitations, namely one year. See Santiago v. Amdocs, Inc., 2011 WL

13  1303395, *5 (N.D. Cal. Apr. 2, 2011) ("plaintiffs' PAGA claim is time-barred because the

14  complaint alleges that plaintiffs Santiago and Schussel last worked for defendant in December

15  2008 and April 2009 respectively and that they filed their administrative complaint with LWDA

16  on or about August 25, 2010"); Moreno v. Autozone, Inc., 2007 WL 1650942, *4 (N.D. Cal.

17  June 5, 2007) ("The passage of approximately 20 months between the accrual of her Ninth Claim

18  and her first pursuit of administrative remedies is fatal to the claim under the one-year limitations

19  period").  Soto did not file a complaint with the LWDA within a year of his employment with

20  Castlerock.

21          Soto also argues that the notice filed with the LWDA can be related back to a complaint

22  that was filed in state court within the limitations period. See Doc. 88, Opposition, 10:13-11-22.

23  As previously stated, the case might be at least partially traced back to a suit filed in Kern County

24  Superior Court on March 5, 2004.  The courts have found that the LWDA notice must be filed

25  within one year of the violation; the notice will not relate back to a complaint filed within the one

26  year limitations period.  In analyzing this very issue, a California Appellate Court found "A

27  subsequent pleading which sets out the subsequent performance of a statutory condition

28  precedent to suit cannot relate back to the time of the filing of the original complaint and thereby

1  toll the running of the period of limitation, since the rule of relation back does not operate to

2  assign the performance of a condition precedent to a date prior to its actual occurrence." Moreno

3  v. Autozone, Inc., 2007 WL 1650942, *4 (N.D. Cal. June 5, 2007), quoting Wilson v. People By

4  and Through Dept. of Public Works, 271 Cal. App. 2d 665, 669 (Cal. App. 2nd Dist. 1969).

5  Northern District courts have cited to Moreno and concurred with its conclusion that the filing of

6  a notice with the LWDA can not be related back to a previously filed complaint. See Baas v.

7  Dollar Tree Stores, Inc., 2009 WL 1765759, *5 (N.D. Cal. June 18, 2009) ("Because Plaintiffs

8  did not even serve the required notice until after the statute of limitations had passed, their

9  proposed PAGA claim does not relate back"); Harris v. Vector Marketing Corp., 2010 WL

10  56179, *3 (N.D. Cal. Jan. 5, 2010) ("Ms. Harris did plead a PAGA claim based on §§450 and

11  2802 prior to July 2009[, the end of the one year limit]. However, she never sent a notice to the

12  LWDA based on those alleged violations or any other Labor Code violation until September

13  2009. Therefore, all of her PAGA claims do appear to be time barred").

14      Soto cites to a case which permitted PAGA claims to relate back to the initial filing

15  which predated the passage of PAGA itself but which does not discuss the relation back of the

16  administrative exhaustion requirements. See Amaral v. Cintas Corp. No. 2, 163 Cal. App. 4th

17  1157 (Cal. App. 1st Dist. 2008).  However, in that case, the initial suit was filed June 2003,

18  PAGA came into effect January 2004, and Plaintiffs amended their complaint to include PAGA

19  claims in September 2004. Amaral v. Cintas Corp. No. 2, 163 Cal. App. 4th 1157, 1195 (Cal.

20  App. 1st Dist. 2008).  So, the complaint was amended within one year of the effective date of

21  PAGA and plaintiffs in that case presumably filed a notice with the LWDA before amending the

22  complaint.  Amaral must be considered a special case and distinguished due to the fact that it

23  spanned the inception of PAGA itself.  Soto's filing of a notice with the LWDA after the

24  expiration of the one year statute of limitation does not relate back to the earlier filed complaint.

25

26  **D. Right of Amendment**

27      As an alternate theory, Soto relies on Cal. Labor Code §2699.3(a)(2)(C) which states

28  "Notwithstanding any other provision of law, a plaintiff may as a matter of right amend an

existing complaint to add a cause of action arising under this part at any time within 60 days of the time periods specified in this part." Soto stated "nothing in the statute suggests that the PAGA notice must be given within any limitation period." Doc. 88, Opposition, 11:17-19. That argument has been rejected: "Nor does the PAGA provision providing an automatic procedural right to amend an existing complaint in state court within 60 days of exhausting administrative remedies alter the operation of the statute of limitations." Moreno v. Autozone, Inc., 2007 WL 1650942, *2 n.2 (N.D. Cal. June 5, 2007). Soto's interpretation of Section 2699.3(a)(2)(C) would render PAGA's statute of limitations a nullity. Instead, Section 2699.3(a)(2)(C) should be read in conjunction with Section 2699.3(d) which states "The periods specified in this section are not counted as part of the time limited for the commencement of the civil action to recover penalties under this part." The Northern District has interpreted Section 2699.3(a)(2)(C) to, in essence, toll the statute of limitations an additional 60 days after the completion of administrative exhaustion. See Martinez v. Antique & Salvage Liquidators, Inc., 2011 WL 500029, *9 (N.D. Cal. Feb. 8, 2011). That conclusion is sound. Thus, that provision does not help Soto in this case.

**E. Substitution of Potential Plaintiffs**

Soto's PAGA claims are time barred because he did not file a timely notice with the LWDA. Plaintiffs request, in the alternative, that they be given permission to add Javier Garcia as a named plaintiff as he worked for Castlerock within the year before notice was sent to the LWDA. Doc. 88, Opposition, at 14:7-24. Castlerock argues that would be futile as the LWDA notice relied upon was legally insufficient. Doc. 74, Brief, 12:15-13:3. Cal. Labor Code §2699.3(a)(1) states "The aggrieved employee or representative shall give written notice by certified mail to the Labor and Workforce Development Agency and the employer of the specific provisions of this code alleged to have been violated, including the facts and theories to support the alleged violation." The notice sent to the LWDA on January 24, 2006 stated in relevant part, "These employees are or have been employed by Castlerock Farming and Transport, Inc. in the company's grape growing operations. Payment has not been made for all work actually required

1   and permitted to be performed, and for all rest and meal periods.  The employer has violated

2   various provisions of the Labor Code.  Liability may be based on [long list of specific California

3   Labor Code sections]." Doc. 76, Exhibit B.  The Ninth Circuit has examined the issue of what

4   constitutes adequate Section 2699.3(a)(1) notice, and in one case found that

5       none of the materials Archila submitted to KFC or the LWDA contain 'facts and theories'
        to support his allegations. The demand letter merely lists several California Labor Code
6       provisions Archila alleges KFC violated and requests that KFC conduct an investigation.
        Citing an inapposite case about EEOC complaints, Archila insists the contents of his
7       letter are adequate because we must construe it 'with utmost liberality.' See <u>B.K.B. v.
        Maui Police Dep't</u>, 276 F.3d 1091, 1100 (9th Cir. 2002). Even if we were to read the
8       cover and demand letters 'with utmost liberality,' because neither letter contains any
        factual allegations whatsoever, they cannot constitute adequate notice for purposes of
9       PAGA.

10

11  <u>Archila v. KFC U.S. Properties, Inc.</u>, 420 Fed. Appx. 667, 669 (9th Cir. 2011).  While the

12  opinion did not quote from Archila's letter to the LWDA, that letter can be found as Docket Item

13  54-2, Exhibit 1 in <u>Kenny Archila v. KFC U.S. Properties, Inc.</u> (Central District of California

14  2:09-cv-0107-R-FMO), publically available through the Central District's CM-ECF system.  The

15  court takes judicial notice of that document.  The letter the Ninth Circuit found insufficient stated

16  in relevant part regarding meal and rest periods, "This office represents Kenny Archila who

17  currently works for KFC....We are investigating a potential class action on behalf of current and

18  former employees, who worked for KFC for premium pay requirements related to KFC's practice

19  of denying rest periods and lunch periods to these workers in violation of IWC Wage Order 10

20  and [long list of specific California Labor Code sections]."  Plaintiffs' letter is similar to

21  Archila's letter in level of detail about the "facts and theories" of alleged violations.  The opinion

22  in <u>Archila</u> suggests that the Ninth Circuit requires an exceedingly detailed level of specificity for

23  Section 2699.3(a)(1) to be satisfied; the court notes that in both the present case and the Central

24  District case, the LWDA issued formal notice that it had decided not to investigate the alleged

25  violations which seemingly satisfied the Cal. Labor Code §2699.3(a)(2)(B) requirements. See

26  Doc. 76, Ex. D, (20 of 20); (Central District of California 2:09-cv-0107-R-FMO, Doc. 51, Part 2,

27  Ex. 4, (29 of 40).  As Plaintiffs can not show that Javier Garcia has fulfilled the PAGA

28  requirements for filing suit based on the evidence provided, the court is not inclined to allow him

Document 14 of 14

to be substituted in as a named plaintiff at this time.

### V. Order

Castlerock's motion for summary adjudication is GRANTED with respect to Soto's Private Attorney General's Act claim.

IT IS SO ORDERED.

Dated: _____April 13, 2012_____

CHIEF UNITED STATES DISTRICT JUDGE