# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SILVESTRE SOTO,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CASTLEROCK FARMING AND TRANSPORT, INC, et al.,<br><br>　　　　Defendants. | Case No.: 1:09-cv-00701 - AWI - JLT<br><br>ORDER CLARIFYING THE COURT'S DISCOVERY ORDER DATED APRIL 30, 2012<br><br>(Doc. 129) |

On April 30, 2012, the Court issued an order granting in part Plaintiff's motion to compel the production of documents (Doc. 110). On March 25, 2013, the District Judge denied reconsideration of this order. (Doc. 127). Now before the Court is Defendant's request for clarification of the Court's discovery order. (Doc. 129).

Specifically, Defendant seeks "to confirm that Castlerock need not produce employment records and other documents for workers who did not perform grape harvesting." (Doc. 129 at 2). However, the Court did not limit discovery to the harvest period.  This was purposeful.  Notably, the complaint does not limit the "off-the-clock" work claims only to harvest workers. (Doc. 1 at 7, 8, 12, 14, 15, 21) Though the Court considered the "school" and tray washing evidence when it evaluated whether a prima facie showing for class certification had been made, it did not intend to communicate that *only* this evidence would support an "off-the-clock" claim nor did it intend to communicate whether the Court ultimately *will* find that a class can be certified.  Instead, the Court's limited and

superficial analysis was conducted merely to determine whether discovery of the issues raised in the complaint should be allowed.

Finding that it should be allowed, the Court ordered production of timekeeping and payroll records for January through November. Specifically, the Court ordered: Defendant **SHALL** produce a random sample of 50% of the timekeeping and payroll records from January, May and September for the odd-numbered years of the alleged class period and a random sample of 50% of the timekeeping and payroll records of March, July, and November for the even-numbered years of the alleged class period. . ." (Doc. 110 at 19). Thus, because the Court ordered production of records for periods of time which are outside of the harvest season, the order cannot be construed to limiting the document production only to those records related to the harvest season.

Accordingly, **IT IS HEREBY ORDERED**: Defendant **SHALL** produce timekeeping and payroll records for workers, <u>whether they performed grape harvesting</u>, in accordance with the Court's order dated April 30, 2012.

IT IS SO ORDERED.

Dated:   **April 1, 2013**                         **/s/ Jennifer L. Thurston**
                                              UNITED STATES MAGISTRATE JUDGE