UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SILVESTRE SOTO,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CASTLEROCK FARMING AND TRANSPORT, INC, et al.,<br><br>　　　　　　Defendants. | ) Case No.: 1:09-cv-00701 - AWI - JLT<br>)<br>) ORDER GRANTING DEFENDANT'S MOTION<br>) FOR ENTRY OF A PROTECTIVE ORDER<br>)<br>)<br>)<br>)<br>)<br>) |

　　　　Defendant Castlerock Farming and Transport, Inc. ("Castlerock") seeks the entry of a protective order "to protect from public disclosure certain confidential or private information of (a) Castlerock's current and former employees and (b) the current and former employees of farm labor contractors who have provided labor services to Castlerock." (Doc. 138 at 1-2). The parties have agreed to the entry of a protective order, but are unable to agree on certain terms of the order. (Doc. 193).

　　　　Castlerock asserts it proposed to enter a protective order identical to the order entered in *Rojas v. Marko Zaninovich, Inc.*, Case No. 1:09-cv-00705-AWI-JLT, in which the plaintiffs are similarly represented by the law firm of Mallison & Martinez. (Doc. 139 at 2). According to Castlerock, Plaintiff's counsel "refused to stipulate to entry of an identical protective order" and "[i]nstead . . . demanded that certain provisions governing the use of confidential information, the designation of confidential documents, and the scope of the order be edited or deleted." *Id.* Specifically, the parties cannot agree regarding the extent to which third parties' confidential or private information produced in

this action should be protected from public disclosure, whether putative class members should be prohibited from reviewing other employees' confidential information, and whether certain documents should be "presumptively confidential." *Id.* at 4-7.

### A.   Information Produced by Non-Parties

Castlerock proposes the terms of the protective order apply to documents produced by not only parties in the action, but also non-parties such as J.L. Padilla & Sons Labor Service, Inc. (Doc. 139 at 76, citing Doc. 138 at 13, ¶ 10). Plaintiff raises no objections to this provision in the Joint Statement. Accordingly, this proposed provision is **APPROVED**.

### B.   Presumptively confidential documents

Castlerock observes that it and third party J.L. Padilla & Sons Labor Service, Inc. "produced approximately 25,000 pages of documents, comprising, in large part, employee timekeeping and payroll records." (Doc. 139 at 2). According to Castlerock, "The vast majority of these . . . contain confidential information for members of the putative class." *Id.* at 6. Castlerock asserts treating certain documents as presumptively confidential would "obviate the burden of reviewing and then marking tens of thousands of pages of records." *Id.* Therefore, Castlerock seeks to have "[a]ll documents containing to the personal information of Defendant's employees, including, but not limited to, employees' Social Security Numbers, home addresses, home telephone numbers, birth dates, wages, pay roll and tax information" be presumed confidential. (Doc. 138 at 7-8, ¶5).

Plaintiff contends these documents should not be treated as presumptively confidential because "the inclusion of an a priori category defeats the purpose of Rule 26(c), which requires that Defendant, not Plaintiff, meets the burden of showing good cause." (Doc. 139 at 8). Plaintiff asserts that the designation as presumptively confidential could create "an undue burden" "to challenge each (that is potentially 25,000) designations individually in writing prior to challenging the designations with the court." *Id.* Plaintiff argues the Court should embrace the Northern District's approach of omitting any a priori categories and "permit defendant to mark the documents subject to motion practice if defendant has overmarked any such documents." *Id.*

Significantly, Plaintiff's counsel previously agreed to the precise designation proposed here. (*See Rojas,* Doc. 29 at 4-5). As a result, Plaintiff's argument against the documents being identified as

presumptively confidential appears disingenuous. Courts have long recognized a privacy interest in tax information and personal in such as home addresses, home telephone numbers, and social security numbers. *See, e.g., Stokwitz v. United States,* 831 F.2d 893, 897 (9th Cir. 1987) ("The confidentiality of tax information may also be preserved in civil proceedings through protective orders"); *Pershing Pac. West, LLC v. Marinemax, Inc.*, 2013 U.S. Dist. LEXIS 54001 at *9 (S.D. Cal. Apr. 16, 2013) (identifying documents entitled to confidential treatment as including "documents that contain personal information, including names, address, account numbers, social security numbers, dates of birth, or other identifying information or personal information . . ."). Consequently, as Plaintiff acknowledges, "none of these categories appear to be problematic." (Doc. 139 at 8). Accordingly, Castlerock's proposed identification of the categories of documents "presumed confidential" is **APPROVED**.

### C. Viewing of Protected Material by Class Members

Castlerock asserts putative class members should be restricted from viewing other employees' personal confidential information, and that class members be required to execute a "Class Member Confidentiality Acknowledgement" prior to being presented information the individual would not otherwise be legally entitled to review. (Doc. 139 at 4-5). Accordingly, the proposed order provides:

> Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:
> …
> (h) A Class Member, but only to the limited extent that his or her individual personal information is the subject of the Protected Material (i.e., the Class Member may view his or her own time-keeping and/or compensation data, but may not view any other Class Member's data and, to the extent the Protected Material contains information regarding additional persons, the information regarding the additional persons must be redacted before providing the Protected Material to the Class Member). In the event that the Protected Material consists of information that the Class Member would not otherwise be legally entitled to view pursuant to the California Labor Code and/or the applicable Industrial Welfare Commission Wage Order, then prior to receiving the Protected Material, the Class Member must have signed the "Class Member Confidentiality Agreement".

(Doc. 138 at 11-12). Castlerock asserts these proposed restrictions are "appropriate in light of the privacy concerns." (Doc. 139 at 5).

On the other hand, Plaintiff contends the restrictions are "unclear" and "Class Members should not be prohibited from looking at documents necessary for them to provide testimony or aid to the

litigation." (Doc. 139 at 12) (emphasis omitted). Plaintiff argues "it is essentially (sic) that Class Members be able to review the timekeeping (not payroll) records of their crews and other crews to refresh their recollection and prepare them to provide testimony by declaration and deposition about the practices of the employer concerning other employees." *Id.* Therefore, Plaintiff contends the putative class members should not be restricted from viewing timekeeping records regarding other individuals.

Plaintiff has offered no reasonable explanation as to why class members should need to review records other than those to refresh their recollection of what happened to them personally. Likewise, Plaintiff does not explain why class members should be permitted to review documents regarding other individuals or crews or how, once reviewed, they could possibly provide testimony as to the content of these documents which concern only other workers. Accordingly, Plaintiff's objections to the proposed provision are **OVERRULED**, and the provision limiting class members' viewing documents confidential documents is **APPROVED**.

### D.     Destruction of the Documents produced

Under the proposed terms of the protective order,

> Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2)affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.

(Doc. 138 at 16). Plaintiff contends the documents produced in this action "should be permitted to be used in the related Castlerock litigation." (Doc. 139 at 8). Accordingly, Plaintiff argues the documents should not be destroyed after resolution of this action, but destruction or return of the documents should be delayed pending resolution of the "related litigation covering the same class relating to wage and hour issues." *Id.* at 12.

On April 10, 2012, Maria Moreno, Abraham Ortiz, Javier Garcia, Florencia Gutierrez, Israel Lopez, Esther Lopez, and Francisco Lopez filed a complaint against Castlerock, J&L Padilla & Sons

Labor Service, Inc. and Melba Nunez Contract, thereby initiating *Gonzalez v. Castlerock Farming & Transport, Inc.*, Case No. 1:12-cv-00556-AWI-JLT.[1]  The Court stayed *Moreno* pending resolution of the class action motion in this matter.  (*Moreno*, Doc. 29).   However, the plaintiffs in *Moreno* are represented by attorneys with the Mexican American Legal Defense and Education Fund, not the law firms of Mallison & Martinez and Milberg Weiss, LLP.  As a result, Plaintiff fails to explain why his attorneys should be permitted to retain confidential documents despite that they have no connection to *Moreno*.  On the other hand, destruction or return of the documents best serves the purpose of a protective order.

Plaintiff's request for delay of destruction of the documents is **DENIED**, and Defendant's proposed provision requiring return or production of the documents within 60 days after resolution of this action is **APPROVED**.

**ORDER**

Based upon the foregoing, the Court **ORDERS**:

1. The terms of the proposed protective order proposed by Castlerock are **APPROVED**;
2. No later than **July 18, 2013,** pursuant to Local Rule 137(b), Castlerock **SHALL** lodge a copy of the proposed protective order which comports with the Court's order here, to JLTOrders@caed.uscourts.gov.

IT IS SO ORDERED.

Dated:   **July 12, 2013**                                   **/s/ Jennifer L. Thurston**
                                                             UNITED STATES MAGISTRATE JUDGE

---

[1] **Error! Main Document Only.** The Court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.  Fed. R. Evid. 201(b); *United States v. Bernal-Obeso*, 989 F.2d 331, 333 (9th Cir. 1993).  The record of court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records.  *Mullis v. United States Bank. Ct.*, 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); *Valerio v. Boise Cascade Corp.*, 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), *aff'd*, 645 F.2d 699 (9th Cir. 1981); *see also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989); *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th. Cir. 1980).  Therefore,  judicial notice is taken of the Court's docket and documents filed in *Moreno v. Castlerock Farming & Transport, Inc.*, Case No. 12-cv-00556-AWI-JLT.