# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SILVESTRE SOTO,<br><br>   Plaintiff,<br><br> v.<br><br>CASTLEROCK FARMING AND TRANSPORT INC., and DOES 1 to 20 inclusive,<br><br>   Defendant | CASE NO. 1:09-CV-0701 AWI JLT<br><br>ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED<br><br>ORDER VACATING AUGUST 27, 2014 HEARING DATE |

The pretrial conference in this case is set for Wednesday, August 27, 2014 and the trial is set for October 28, 2014. Doc. 133. Local Rules of the Eastern District of California require:

> (a) Time for Filing. As required by the pretrial (scheduling) order in the action, counsel shall file either separate pretrial statements or a joint pretrial statement as follows:
>
> (1) Separate Statements. Not less than fourteen (14) days before the date set by the Court for the holding of the final pretrial conference, counsel for the plaintiff shall serve and file a pretrial statement in the form prescribed herein. Not less than seven (7) days before the date set for the holding of the pretrial conference, counsel for all other parties shall serve on all parties and file pretrial statements that may adopt by reference any or all of the matters set forth in the plaintiff's pretrial statement.
>
> (2) Joint Statements. Not less than seven (7) days before the date set by the Court for the holding of the final pretrial conference, or such other time as the Court may order, counsel for all parties shall file a joint pretrial statement in the form prescribed herein or in such other form as the Court may prescribe.

Local Rule 281. Defendant filed a timely statement. Doc. 174. Plaintiff has not filed the required pretrial statement. There has been no contact from Plaintiff regarding the scheduled pretrial conference. Defendant notes that it has attempted to restart settlement talks, but has not received any response from Plaintiff. Doc. 174, at 5:2-3. The court is unsure if Plaintiff wishes to continue with this case.

At this juncture the court cannot proceed with this action because Plaintiff has failed to file his pretrial statement or otherwise contact the court. The court has no choice but to consider sanctions. A court may sanction or even dismiss an action with prejudice based on a party's failure to prosecute an action or failure to obey a court order. Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992). In determining whether to dismiss an action for lack of prosecution, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995). Plaintiff will be provided with the opportunity to explain his failure to comply with the local rules.

IT IS ORDERED that Plaintiff show cause in writing by 10:00 AM on Friday, August 29, 2014 why sanctions should not be imposed. The pretrial conference scheduled for Wednesday, August 27, 2014 is VACATED.

IT IS SO ORDERED.

Dated:   August 22, 2014

SENIOR DISTRICT JUDGE

2